**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Omnis Pleasants, LLC,[1] | Case No. 26-11169 (KBO) |
| Debtor. | **Re: Docket No. 42** |

**DECLARATION OF CHARLES GASSENHEIMER IN SUPPORT OF OBJECTION AND RESERVATION OF RIGHTS OF OMNIS FUEL TECHNOLOGIES, LLC AND QUANTUM PLEASANTS, LLC TO THE DEBTOR'S FIRST DAY MOTIONS**

I, Charles Gassenheimer, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true and correct to the best of my knowledge, information, and belief:

1.      I am the President of Omnis Fuel Technologies, LLC ("**Omnis Energy**"). Omnis Energy owns approximately 43% of Quantum Pleasants, LLC ("**QP**" and together with Omnis Energy, the "**Objecting Parties**") and 100% of QP's Class A (voting) interests. I have served as the President of Omnis Energy since July 2025 replacing Rich Hulme upon his retirement. Prior to holding that role, I was the President of Omnis Bailey and Omnis Regenerative Energy from 2013 through 2024.  As described herein, on July 20, 2026, I was appointed interim Director of Omnis Pleasants.

2.      I submit this declaration (this "**Declaration**") in support of the *Objection and Reservation of Rights of Omnis Fuel Technologies, LLC and Quantum Pleasants, LLC to the Debtor's First Day Motions* [Docket No. 42] (the "**Objection**") filed contemporaneously herewith in the above-captioned cases.

---

[1]    The last four digits of the Debtor's tax identification number are 2673. The location of the Debtor's principal place of business and the Debtor's service address is One Power Station Boulevard, Belmont, West Virginia, 26134.

3.       Except as otherwise indicated, all facts set forth in this Declaration are based on my personal knowledge and review of the relevant documents. If called upon to testify, I would testify competently to the facts set forth in this Declaration.

**A.       The Forbearance Agreement and Appointment of Independent Manager**

4.       The Debtor is a Delaware limited liability company that owns and operates the Pleasants Power Station, a coal-fired power plant located in Pleasants County, West Virginia. One hundred percent of the Debtor's membership interests are owned by QP. Omnis Energy owns approximately 43% of QP's membership interests and 100% of QP's Class A (voting) interests.

5.       On or about February 6, 2026, the parties entered into an Amended and Restated Forbearance Agreement (the "**Forbearance Agreement**").  Attached hereto as **Exhibit 1** is a true and correct copy of the Forbearance Agreement.

6.       Pursuant to the Forbearance Agreement, Gilbert Nathan was appointed as Independent Manager and sole Director of the Debtor, and David Hindman of AlixPartners was appointed as CEO through AP Services, LLC.

7.       The Forbearance Agreement grants the Independent Manager broad approval rights over certain actions, including the sale or disposal of assets, related party transactions, and the filing of bankruptcy proceedings. Critically, the Independent Manager could be removed *only* with the joint written consent of Omnis Energy and the Debtor's lenders TRAG LLC ("**TRAG**") and RG Energy LLC ("**RGE**" and together with TRAG, "**TRAG/RGE**") until Omnis Energy tenders Payment in Full.

8.       "Payment in Full" is an express carve-out contained in the Forbearance Agreement designed to preserve the Objecting Parties' right to refinance and repay the TRAG/RGE debt. Section 11(b) of the Forbearance Agreement provides that "nothing herein will limit or restrict the

[Objecting Parties] from procuring funds resulting in a Payment in Full of all Obligations (which payment shall terminate this Agreement and the Loan Agreements)." Forbearance Agreement, § 11(b). Section 11(d) of the Forbearance Agreement further excludes from the Independent Manager's approval rights any "transactions that will result in the Payment in Full of all Obligations under the Loan Agreements." *Id.*, § 11(d).

9.      It is my understanding and belief that, upon Payment in Full of all Obligations, the Forbearance Agreement and underlying loan agreements terminate automatically by their own terms, all liens are released, and the governance restrictions—including the Independent Manager structure—cease.

10.      Beginning in approximately April 2026 and continuing into June 2026, counsel to Omnis Energy repeatedly requested a payoff letter from TRAG/RGE stating the definitive amount required to fully pay the outstanding debt. TRAG/RGE refused to provide a definitive payoff amount.

11.      It was not until July 15, 2026, when TRAG/RGE circulated a proposed corporate restructuring term sheet identifying $75,640,000 as the aggregate outstanding obligation amount, that the Objecting Parties received, for the first time, any definitive number from which to calculate a payoff amount. The Objecting Parties acted immediately.

12.      Within one day of receiving that figure, on July 16, 2026, Dynamic Finance Corporation ("**DFC**") delivered a check in the amount of $75,640,000 to counsel for TRAG/RGE as Payment in Full of all obligations under the loan documents. The Objecting Parties expressly agreed to pay any additional amount properly documented as due and owing.

13.      The present DFC financing is a loan to Omnis Energy. It does not sell or transfer the Pleasants Power Plant, the Debtor's assets, QP's membership interest in the Debtor, or any

present governance right in the Debtor or QP, and it does not convert the tender into a present sale of the Pleasants Power Plant.

14.     It is my understanding and belief that Nathan refused to approve the transaction, improperly characterizing it as a "related-party transaction" requiring his consent— notwithstanding the express language of Section 11(b) and 11(d) of the Forbearance Agreement preserving the Objecting Parties' right to Payment in Full without the Independent Manager's approval. TRAG/RGE refused to accept the check.

15.     On July 20, 2026, QP—as the Debtor's sole and 100% equity owner—removed Nathan as Independent Manager and sole Director of the Debtor and I was appointed as interim Director of Omnis Pleasants.

16.     Because Payment in Full of the TRAG/RGE debt terminated the Forbearance Agreement according to the express terms therein, TRAG/RGE's consent was not required prior to Nathan's removal.

17.     On behalf of the Objecting Parties, I immediately directed Nathan to turn over all property, records, and access related to Omnis Pleasants.

18.     On July 21, 2026—the day after QP removed Nathan—TRAG/RGE filed counterclaims and their own motion for a temporary restraining order in the West Virginia action, seeking to maintain Nathan as the Independent Manager and prevent the Objecting Parties from exercising governance control. On July 24, 2026, the West Virginia Court denied TRAG/RGE's TRO motion, thus maintaining the status quo of the Payment in Full, Nathan's removal, and other governance changes that had occurred and were occurring.

19.     The Debtor's chapter 11 case was filed the very next business day.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.


Dated: July 29, 2026                    */s/ Charles Gassenheimer*
                                        Charles Gassenheimer
                                        President