# **EXHIBIT 7**

E-FILED | 7/8/2026 9:42 AM
CC-37-2026-C-14
Pleasants County Circuit Clerk
Millie Farnsworth

**AMENDMENT
TO THE
FIRST AMENDED AND RESTATED LIMITED LIABILITY COMPANY OPERATING AGREEMENT
OF
QUANTUM PLEASANTS, LLC**

This Amendment to the First Amended and Restated Limited Liability Company Operating Agreement of Quantum Pleasants, LLC (this "**Amendment**") is made as of February 12, 2026 (the "**Amendment Effective Date**"), by and among Quantum Pleasants, LLC ("the "**Company**") and the undersigned members of the Company (the "**Members**"). Capitalized terms used but not defined in this Amendment shall have the meanings set forth in that certain First Amended and Restated Limited Liability Company Operating Agreement of the Company, dated July 14, 2023 (the "**Operating Agreement**").

WHEREAS, pursuant to Section 9.6 of the Operating Agreement, the Operating Agreement may be amended with the Super Majority Consent of the Members;

WHEREAS, the undersigned Members, representing at least seventy-five percent (75%) of the outstanding Voting Interests, constitute the Super Majority Consent; and

WHEREAS, the Members desire to amend the Operating Agreement as set forth in this Amendment.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto hereby agree as follows:

1. Amendments. The Operating Agreement is hereby amended as follows:

a. The Recitals are hereby amended by adding the following new Recitals F, G and H immediately after Recital E:

"F. On February 6, 2026, the Company entered into that certain Amended and Restated Forbearance Agreement (the "Forbearance Agreement"), by and among TRAG LLC ("TRAG"), RG Energy LLC ("RGE" and together with TRAG, the "Lenders"), the Company, Omnis Pleasants, LLC, a wholly-owned Subsidiary of the Company ("OP"), Omnis Global Technologies, LLC and the Initial Member.

G. As a result of the Forbearance Agreement, the Company amended the Amended and Restated Operating Agreement of OP by entering into an Amendment to the Amended and Restated Operating Agreement of OP dated as of February 12, 2026 (as amended, the "OP Operating Agreement").

H. As a result of the Forbearance Agreement, the Members desire to amend this Agreement as set forth in the Amendment to the First Amended and Restated Limited Liability Company Operating Agreement of the Company dated as of February 12, 2026 (the "Amendment")."

b. Section 6.2(a) is hereby amended and restated in its entirety with the following:

"(a) Subject to the provisions of this Agreement, the Board shall consist of the following two (2) individuals (each, a "Board Member"): (i) one (1) individual appointed

with the Consent of the Class A Members (the "Omnis Director"), who shall initially be Simon Hodson; and (ii) an independent manager elected by joint written consent of the Initial Member and the Lenders (the "Independent Manager"), who shall initially be Gilbert Nathan. The Omnis Director shall be elected, removed and replaced at any time and from time to time with the Consent of the Class A Members. The Independent Manager shall be elected, removed and replaced at any time and from time to time with the joint written consent of the Initial Member and the Lenders.

c. Section 6.2(c) is hereby amended and restated in its entirety with the following:

"(c) Subject to the provisions of this Agreement, the Omnis Director shall serve as a member of the Board at the pleasure of the Class A Members. The Independent Manager shall act in good faith to ensure that all material decisions, actions, and approvals are made as a fiduciary of the Company and consistent with applicable law."

d. Section 6.4 is hereby amended and restated in its entirety with the following:

"6.4 Quorum; Voting Requirement; Adjournment.

(a) Only the Omnis Director shall be required at all meetings of the Board to constitute a quorum of the Board for the transaction of business; provided however, both the Omnis Director and the Independent Manager shall be required at meetings of the Board to constitute quorum of the Board for the transaction of any action listed in Section 6.4(b).

(b) Except as set forth in Section 6.1(c) or as otherwise provided herein, at any meeting of the Board at which a quorum is present, the vote of the Omnis Director shall constitute and for all purposes be deemed the act of the Board; provided however, each of the following actions shall require the prior written approval of the Independent Manager (in addition to the approval of the Omnis Director):

(1) the Company's exercise of voting rights in OP with respect to the matters set forth in Section 7(b) of the Forbearance Agreement and any matters intended to circumvent decisions of the Chief Executive Officer of OP (the "CEO of OP") or the terms of the Forbearance Agreement;

(2) sales or disposals of the Company assets outside the ordinary course of business (including its interests in OP and the Pleasants Power Plant) prior to the Payment in Full of the Obligations;

(3) related party transactions involving the Company and its Members or Affiliates;

(4) distributions to the Members (provided that the Independent Manager shall approve distributions to the Members in an amount at least equal to the Members' estimated tax liabilities (notwithstanding Section 4.3(c), such estimate shall be based on the maximum federal and West Virginia income tax rate for individuals residing in West Virginia) attributable to the net taxable profit generated by the Company for the year in question, including gain generated by the sale of the Pleasants Power Plant, as directed by the Independent Accounting Firm of OP); provided that, after Payment in Full of the Obligations, the Independent Manager's approval rights over member distributions

shall not restrict or delay any distributions so long as the Company maintains sufficient reserves to account for all liabilities and obligations, as determined in good faith by the Independent Accounting Firm of OP;

(5) the annual budget, business plan, and material deviations until Payment in Full of the Obligations;

(6) amendments to this Agreement, provided that, after Payment in Full of the Obligations, the Independent Manager's approval rights over amendments to this Agreement shall be limited solely to amendments that would alter or affect the rights, duties, or protections of the Independent Manager;

(7) filing any application or petition initiating (or consenting to the initiation of) any bankruptcy or insolvency proceeding under federal or state bankruptcy or insolvency laws until Payment in Full of the Obligations; and

(8) dissolution of OP prior to the Payment in Full of the Obligations.

(c) It being expressly understood that (i) in all other matters not described in Section 6.4(b), the Omnis Director (subject to Sections 5.3(a) and (b)) shall retain exclusive governance and operational authority of the Company; (ii) with respect to Board acting on behalf of the Company as the sole member of OP, the Independent Manager shall have no voting rights as a Board Member on any Board decision relating to the removal of the independent manager of OP (such individual is referred to as the Independent Manager in the OP Operating Agreement); and (iii) with respect to Board acting on behalf of the Company as the sole member of OP, the Independent Manager shall have no voting rights as a Board Member on any Board decision relating to actions set forth in Section 5 of the OP Operating Agreement."

2. Miscellaneous.

a. Entire Agreement. The Operating Agreement, as amended by this Amendment, together with the Certificate and all related exhibits and schedules, constitutes the sole and entire agreement of the parties hereto with respect to the subject matter contained herein and therein, and supersedes all prior and contemporaneous understandings, agreements, representations and warranties, both written and oral, with respect to such subject matter.

b. Ratification. This Amendment shall form a part of the Operating Agreement for all purposes, and each party thereto and hereto shall be bound hereby. From and after the execution of this Amendment by the parties hereto, each reference in the Operating Agreement to "this Agreement," "hereof," "hereunder," "herein," "hereby" or words of like import referring to the Operating Agreement shall mean and be a reference to the Operating Agreement as amended by this Amendment. Except as amended hereby, the terms and provisions of the Operating Agreement shall remain unchanged and in full force and effect. In the event of any conflict between the terms of the Operating Agreement and the terms of this Amendment, the terms of this Amendment shall govern and control.

c. Execution. In the event that any signature is delivered by electronic transmission or by email delivery of a "pdf" format data file, such signature shall create a valid and binding obligation of the party executing (or on whose behalf such signature is executed) with the same force and effect as if such facsimile or "pdf" signature page were an original thereof.

d. Incorporation by Reference. The provisions of Article IX of the Operating Agreement are hereby incorporated by reference herein *mutatis mutandis*.

[Signature page follows.]

IN WITNESS WHEREOF, the parties hereto have caused this Amendment to the First Amended and Restated Limited Liability Company Operating Agreement of the Company to be executed and delivered as of the Amendment Effective Date.

**COMPANY:**

**QUANTUM PLEASANTS, LLC**

Signed by:

By: Simon Hodson

52F88A74C72E45D...

Name: Simon Hodson
Title: Authorized Person

**MEMBERS REPRESENTING SUPER MAJORITY CONSENT:**

**OMNIS FUEL TECHNOLOGIES, LLC**

Signed by:

By: Simon Hodson

52F88A74C72E45D...

Name: Simon Hodson
Title: Authorized Person

Consented and Agreed by:

**BOARD:**

Signed by:

Simon Hodson

52F88A74C72E45D...

SIMON HODSON

**INDEPENDENT MANAGER:**

______________________________

GILBERT NATHAN