# EXHIBIT 17

Lowenstein Sandler

**Christopher A. Ward**
Office Managing Partner,
Wilmington

1000 N. West St., Suite 1200
Wilmington, Delaware 19801

T: (302) 498-9602
M: (302) 507-3910
E: cward@lowenstein.com

August 3, 2026

**Via Overnight Delivery and Email**
Kristine Manoukian
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York 10020

Craig Martin
DLA Piper LLP (US)
1201 North Market Street
Suite 2100
Wilmington, Delaware 19801

McDermott Will & Schulte LLP
One Vanderbilt Avenue
New York, New York 10017
Attn: Office Managing Partner

**Re: Demand for Payoff Statement**

Dear Counsel,

We represent Omnis Fuel Technologies, LLC ("**Omnis Energy**") and Quantum Pleasants, LLC ("**QP**") (collectively, our "**Clients**") in connection with the disputes arising under the Amended and Restated Forbearance Agreement dated February 6, 2026 (the "**Forbearance Agreement**"), by and among the Clients, TRAG LLC ("**TRAG**"), and RG Energy LLC ("**RGE**," and together with TRAG, the "**Lenders**"), including in the litigation pending in the Circuit Court of Pleasants County, West Virginia (Case No. CC-37-2026-C-14) and the chapter 11 case of *In re Omnis Pleasants, LLC* currently pending in the United States Bankruptcy Court for the District of Delaware (Case No. 26-11169 (KBO)).

We understand that your firms serve as counsel of record for the Lenders in connection with the Forbearance Agreement and the related proceedings. ***This letter constitutes a formal demand for the payoff information necessary to tender Payment in Full pursuant to the Forbearance Agreement.***

**<u>The Prior Payment in Full</u>**

For several months, our Clients had been requesting a payoff statement for the purpose of tendering Payment in Full of the outstanding TRAG/RGE indebtedness (the "**Indebtedness**") pursuant to the Forbearance Agreement. Our Clients initiated the Pleasants County litigation for that very purpose. On July 14, 2026, our Clients received a draft term sheet proposing to restructure, among other things, the Indebtedness. That term sheet reflected that the outstanding Indebtedness totaled $75,640,000, an amount significantly in excess of the figure indicated by our own calculations. Nonetheless, our Clients requested wiring instructions so as to tender Payment in Full. You declined to provide those wiring instructions.

With no other way of making payment, on or about July 16, 2026, Dynamic Finance Corporation ("**DFC**") caused a corporate check (Check Number 010702) dated July 15, 2026, in the amount of $75,640,000, drawn on DFC's account at Cathay Bank, payable to TRAG LLC (but noted to be for the benefit of both Lenders), to be delivered to McDermott Will & Schulte's New Yor office as a tender of Payment in Full, as defined in the Forbearance Agreement. We understand that the check was delivered specifically to Kristine Manoukian while she was a partner at McDermott Will & Schulte and in her capacity as counsel to the Lenders. Our Clients expressly agreed — both at the time of tender and in subsequent correspondence — to pay any additional amount properly documented as due and owing under the Loan Agreements or to otherwise correct any alleged deficiencies with the tender of Payment in Full.

It is now approximately 19 days since the check was delivered. The Lenders have neither negotiated (cashed or deposited) the check nor returned it to DFC, our Clients, or their counsel. Pursuant to a discussion with Ms. Manoukian on July 29, 2026, the check remains in the possession of McDermott Will & Schulte LLC, notwithstanding that she has recently moved to DLA Piper to continue her representation of the Lenders.

Considering your clients' refusal to present the check, and the uncertainty created by Ms. Manoukian's abrupt departure from McDermott Will & Schulte, our Clients are understandably uncomfortable with the current situation given the size of the check. As such, we insist that the Lenders confirm to me by Tuesday, August 4, 2026, that either (i) they accept the check as Payment in Full, (ii) they accept the check as partial Payment in Full and concurrently provide the remaining amount needed to achieve this figure and a detailed calculation thereof, or (iii) they refuse to accept payment and will promptly return the check to DFC by courier. Having the check sit with a law firm that may no longer represent TRAG is unacceptable. Please note that in calculating any additional amount due, no interest should accrue beyond July 16, 2026 when the check was delivered and legal fees should not be included if unrelated to the "enforcement" of the Lenders' rights under the applicable loan agreements.

**Regardless of the approach elected, our Clients reiterate their repeated demands for a payoff statement of the Indebtedness, detailed calculations thereof, and wiring instructions if an additional payment is required.**

**Reservation of Rights**

Nothing in this letter shall be construed as a waiver or limitation of any claim, defense, right, privilege, remedy, or position of Omnis Energy, QP, or any of their affiliates, all of which are expressly reserved. Our Clients reserve the right to supplement or amend this demand and to seek all available legal and equitable relief without further notice.

This letter is sent without prejudice to our Clients' position that Payment in Full has already been appropriately tendered and that the Forbearance Agreement has terminated by its own terms. The demand for turnover is made as a protective measure and in an abundance of caution — not as a concession that any further action is required to perfect the tender already made.

We expect your prompt compliance with this demand.

Very truly yours,

Christopher A. Ward (Del. Bar No. 3877)

McDermott Will & Schulte

Douglas I. Koff
Attorney at Law
dkoff@mcdermottlaw.com
+1 212 756 2773

August 4, 2026

**VIA EMAIL & FEDEX**

Dynamic Finance Corporation
c/o Gregson Perry
1403 Thayer Avenue
Los Angeles, CA 90024

*Re: Check No. 010702*

Dear Gregson:

We represent TRAG LLC and RG Energy LLC ("Lenders") in litigation related to the Lenders' interests in the Omnis Energy entities. On or about July 16, 2026, you overnighted to Kristine Manoukian via FedEx Express a check for $75,640,000 ("Check") on behalf of Dynamic Finance Corporation ("DFC"). You enclosed in your overnight package a letter from "David Orenstein on behalf of Angela Chen Dynamic Finance Corporation," which stated that the Check "represent[s] Payment in Full of the indebtedness owed to TRAG and RGE" under the February 6, 2026 Amended and Restated Forbearance Agreement ("Forbearance Agreement").

We disagree with the characterization that the Check represents Payment in Full or otherwise complies with the Forbearance Agreement. As such, the Lenders have not deposited, and will not deposit, the Check.

On August 3, 2026, counsel for Omnis Fuel Technologies, LLC and Quantum Pleasants, LLC, Lowenstein Sandler LLP, wrote to Ms. Manoukian demanding, among other things, that the Lenders "either (i) [] accept the check as Payment in Full, (ii) [] accept the check as partial Payment in Full and concurrently provide the remaining amount needed to achieve this figure and a detailed calculation thereof, or (iii) [] refuse to accept payment and [] promptly return the check to DFC by courier." In response to that request and for avoidance of doubt, the Lenders are returning the check with this letter to you as a representative for DFC because the Check was improperly delivered for, among other reasons, those set forth below.

As explained in the Lenders' numerous prior correspondence with the Omnis Energy entities and filings in the action styled, *Omnis Global Technologies, LLC v. TRAG LLC*, CC-37-2026-C-14 (W. Va. Cir. Ct., Pleasants Cnty.) (the "West Virginia Action"), the Check and the transaction it contemplates violates the Forbearance Agreement by, among other things: (i) being a related-party transaction; and (ii) failing to provide the Lenders with an "indefeasible" payment in full in cash as required by the governing documents. These defects—and the Omnis Energy entities' wrongful insistence that the Check qualified as Payment in Full—compelled Lenders to assert Counterclaims and move for a Temporary Restraining Order ("TRO") in the West Virginia Action. Through that motion, the Lenders sought, among other things, an order directing that the Check (and any supplemental check or wire transfer) be deposited and held in escrow by the court, while the court adjudicates that dispute on an expedited schedule. The court ultimately denied Lenders' TRO *and* the Omnis Energy parties' own TRO, leaving the issues raised in the West Virginia Action for further adjudication.

Given the recent rulings in the West Virginia Action and the Lenders' position that the Check does not qualify as Payment in Full, we are returning the Check for avoidance of doubt and reserve all rights and remedies. Nothing herein shall be construed as a waiver of any such rights and remedies.

Sincerely,

*/s/ Douglas Koff*
Douglas I. Koff

cc: Kristine Manoukian (*via e-mail*)
Christopher A. Ward (*via e-mail*)