**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| Omnis Pleasants, LLC, | ) | Case No. 26-11169 (KBO) |
| Debtor.[1] | ) | **Hearing Date:** **September 3, 2026 at 1:00 p.m. (ET)** |
| | ) | **Objection Deadline:** **August 27, 2026 at 5:00 p.m. (ET)** |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) ESTABLISHING BAR DATES AND RELATED PROCEDURES FOR FILING PROOFS OF CLAIM, INCLUDING FOR CLAIMS ARISING UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE, (II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, AND (III) GRANTING RELATED RELIEF**

Omnis Pleasants, LLC, d/b/a Pleasants Power Station, as debtor in possession (the "**Debtor**") in the above-captioned chapter 11 case, respectfully states the following in support of this motion (this "**Motion**") for the relief set forth herein.[2]

---

[1] The last four digits of the Debtor's tax identification number are 2673. The location of the Debtor's principal place of business and the Debtor's service address is One Power Station Boulevard, Belmont, West Virginia 26134.

[2] Capitalized terms used but not otherwise defined in this Motion shall have the meanings given to them in the *Declaration of David Hindman, as Chief Executive Officer of the Omnis Pleasants, LLC, d/b/a Pleasants Power Station, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 10] (the "**First Day Declaration**").

## RELIEF REQUESTED

1. By this Motion, the Debtor seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Bar Date Order**"), (i) establishing 5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days after service of the Bar Date Notice (as defined below) as the deadline for all persons[3] and entities (excluding governmental units as defined in section 101(27) of the Bankruptcy Code (as defined below) and any person or entity that is exempt from filing a proof of claim as set forth in this Motion or the Bar Date Order) holding a claim against the Debtor to file a proof of claim in the Chapter 11 Case (as defined below), including any claims pursuant to section 503(b)(9) of the Bankruptcy Code (the "**General Bar Date**"); (ii) solely as to governmental units, establishing January 22, 2027, at 5:00 p.m. (prevailing Eastern Time) as the deadline for each governmental unit holding a claim against the Debtor to file a proof of claim (the "**Governmental Bar Date**"); (iii) establishing the deadline by which any entity asserting a claim arising from the Debtor's rejection of an executory contract or unexpired lease must file proofs of claim (other than any person or entity that is exempt from filing a proof of claim as set forth in this Motion or the Bar Date Order) against the Debtor (the "**Rejection Damages Bar Date**"); (iv) establishing the deadline by which any entity asserting a claim arising from the Debtor's amendment of the Debtor's Schedules (as defined below) must file proofs of claim (other than any person or entity that is exempt from filing a proof of claim as set forth in this Motion or the Bar Date Order) against the Debtor (the "**Amended Schedules Bar Date**," and, collectively

---

[3] Except as otherwise defined herein, all terms specifically defined in the Bankruptcy Code shall have those meanings *ascribed* to them by the Bankruptcy Code. In particular, as used herein: (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

with the General Bar Date, Governmental Bar Date, and Rejection Damages Bar Date, the "**Bar Date**" or "**Bar Dates**," as applicable); (v) approving the proposed form and manner of bar date notice, substantially in the form attached to the Bar Date Order as Exhibit 1 (the "**Bar Date Notice**"); (vi) approving the proposed proof of claim form, substantially in the form attached to the Bar Date Order as Exhibit 2 (the "**Proof of Claim Form**"); and (vii) approving the proposed form and manner of publication notice, substantially in the form attached to the Bar Date Order as Exhibit 3 (the "**Publication Notice**").

**JURISDICTION AND VENUE**

2. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012 (the "**Standing Order**").

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtor consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory bases for the relief requested herein are sections 105(a), 501, 502, 503 and 1111(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), rules 2002(a)(7), (f), (l), 3002, 3003(c), and 5005(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rules 1009-2, 2002-1, and 3001-1.

## BACKGROUND

6. On July 26, 2026 (the "**Petition Date**"), the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to operate its business and manage its financial affairs as a debtor in possession.

7. As of the date hereof, no request for the appointment of a trustee or examiner has been made, nor has any statutory committee been appointed or designated, in the Chapter 11 Case. A detailed description of the Debtor and its business operations, capital structure, and the events leading up to the commencement of the Chapter 11 Case are set forth in detail in the First Day Declaration, which is incorporated herein by reference.

## ESTABLISHMENT OF BAR DATES

8. Bankruptcy Rule 3003(c)(2) provides that any creditor or equity security holder who asserts a claim (as defined in section 101(5) of the Bankruptcy Code) against or interest in the Debtor that arose, or is deemed to have arisen, before the Petition Date and whose claim or interest is either (a) not listed on the Debtor's schedules of assets and liabilities (collectively, the "**Schedules**") or (b) is listed on the Schedules as disputed, contingent, or unliquidated, must file a proof of claim or interest. Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which proofs of claim or interest must be filed in a chapter 11 case.

9. General Bar Date. The Debtor requests that the Court establish **5:00 p.m. (prevailing Eastern Time)** on the date that is thirty (30) days after service of the Bar Date Notice as the General Bar Date. The General Bar Date would be the date by which all creditors (as defined in section 101(10) of the Bankruptcy Code) holding prepetition claims against the Debtor must file proofs of claim in the Chapter 11 Case so that Stretto, Inc., the Debtor's claims and noticing agent (the "**Claims and Noticing Agent**"), ***actually receives*** such proof of claim by the General Bar

Date, unless one of the exceptions set forth in the Bar Date Order is applicable. Subject to such exceptions, the General Bar Date would apply to all creditors holding claims against the Debtor that arose, or are deemed to have arisen, before the Petition Date, including, without limitation, secured claims, unsecured priority claims (including, without limitation, claims entitled to priority under sections 507(a)(3) through 507(a)(10) and 503(b)(9) of the Bankruptcy Code), and unsecured non-priority claims (the holder of any such claims, the "**Claimant**").

10. Governmental Bar Date. Section 502(b)(9) of the Bankruptcy Code provides that governmental units (as defined in section 101(27) of the Bankruptcy Code) shall have 180 days after the petition date, or such later time as the Bankruptcy Rules may provide, to file proofs of claim or interest. Accordingly, Debtor requests that the Court establish **January 22, 2027 at 5:00 p.m. (prevailing Eastern Time)** as the deadline for each governmental unit holding a claim against the Debtor to file a proof of claim in the Chapter 11 Case. The Governmental Bar Date would apply to all governmental units holding claims against the Debtor (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including, without limitation, governmental units with claims against the Debtor for unpaid taxes, whether such claims arise from prepetition tax years or periods, or prepetition transactions to which the Debtor was a party. All governmental units holding such claims against the Debtor would be required to file proofs of claim so that the Claims and Noticing Agent ***actually receives*** such proof of claim by the Governmental Bar Date.

11. Rejection Damages Bar Date. The Debtor further proposes that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease with the Debtor must file a proof of claim in the Chapter 11 Case (other than any person or entity that is exempt from filing a proof of claim as set forth in this Motion or the Bar Date Order) based on

such rejection by the later of (i) the General Bar Date and the Governmental Bar Date, as applicable, and (ii) 5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days after the later of (A) entry of the order of the Court approving the rejection of such executory contract or unexpired lease or (B) the effective date of the rejection of such executory contract or unexpired lease as provided for in the order of the Court approving such rejection (*i.e.*, the Rejection Damages Bar Date). All entities holding such claims against the Debtor would be required to file proofs of claim so that the Claims and Noticing Agent ***actually receives*** such proof of claim by the applicable Rejection Damages Bar Date.

12. Amended Schedules Bar Date. The Debtor further proposes that, if the Debtor amends its Schedules to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtor reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor, if it so chooses, shall be required to file a proof of claim or amend any previously filed proof of claim regarding the amended scheduled claim (other than any person or entity that is exempt from filing a proof of claim as set forth in this Motion or the Bar Date Order) on or before the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, or (b) 5:00 p.m. (prevailing Eastern Time) on the date that is twenty-one (21) days from the date that the Debtor provides written notice to the affected creditor that the Schedules have been amended.

**PROCEDURES FOR SUBMITTING PROOFS OF CLAIM**

13. Pursuant to the Bar Date Order, each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust, and governmental unit) that holds or seeks to assert a claim against the Debtor that arose, or is deemed to have arisen, before the Petition Date (including, without limitation, claims entitled to administrative priority status under section 503(b)(9) of the Bankruptcy Code) and is not exempt from filing a proof of claim as

set forth in this Motion or the Bar Date Order must file with the Claims and Noticing Agent, an original, written proof of such claim that substantially conforms to the Proof of Claim Form either by (a) mailing the original proof of claim by regular mail to Omnis Pleasants, LLC, Claims Processing c/o Stretto, Inc., 410 Exchange, Suite 100, Irvine, CA 92602, (b) delivering such original proof of claim by overnight mail, courier service, hand delivery, or in person to the address set forth in the preceding clause, or (c) completing the Electronic Proof of Claim Form (an "**Electronic Proof of Claim**") available online at https://cases.stretto.com/PleasantsPowerStation/.

14. The Debtor requests that the Bar Date Order provide that (i) proofs of claim sent by facsimile, telecopy, or electronic mail will **not** be accepted and (ii) proofs of claim are deemed timely filed only if such claims are **actually received** by the Claims and Noticing Agent on or before 5:00 p.m. (prevailing Eastern Time) on the applicable Bar Date. The Debtor proposes that properly filing an original, written proof of claim or an Electronic Proof of Claim that substantially conforms to the Proof of Claim Form be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code (which, despite their priority status, are prepetition claims); *provided, however*, that all other administrative claims under section 503(b) of the Bankruptcy Code must be made by separate requests for payment in accordance with section 503(a) of the Bankruptcy Code and the applicable Bankruptcy Rules and Local Rules, and will not be deemed proper if made by a proof of claim.

## I. Parties Exempted from the Bar Dates

15. Notwithstanding anything contained herein, the Debtor proposes that the following persons or entities whose claims would otherwise be subject to the Bar Dates need not file proofs of claim:

a. any holder of a claim against the Debtor for which a signed proof of claim has already been properly filed with the Clerk of the Court or the Claims and Noticing Agent in a form substantially similar to Official Bankruptcy Form No. 410;

b. any person or entity whose claim is listed on the Debtor's Schedules if (i) such claim is not scheduled as "disputed," "contingent," or "unliquidated" and (ii) the holder of such claim agrees with the amount, nature and priority of the claim as set forth in the Schedules;

c. any person or entity holding an administrative expense claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code);

d. any person or entity holding an administrative expense claim for postpetition fees and expenses incurred by any professional allowable under sections 330, 331, and 503(b) of the Bankruptcy Code;

e. any person or entity whose claim has been paid in full by the Debtor in accordance with the Bankruptcy Code or an order of the Court;

f. any person or entity holding a claim that has been allowed by an order of the Court entered on or before the applicable Bar Date;

g. the Office of the United States Trustee (the "**U.S. Trustee**");

h. any holder of a claim for any fees, expenses, or other obligations arising or payable under any interim and/or final order approving the Debtor's use of collateral, including cash collateral;

i. any holder of a claim for which specific deadlines have been fixed by an order of the Court entered on or before the applicable Bar Date;

j. any officer, director, or manager of the Debtor who served in such capacity as of the Petition Date who may have claims for indemnification, contribution, or reimbursement; and

k. TRAG LLC and RG Energy LLC (collectively, "**TRAG and RGE**"), including as holders of claims for payment of the Prepetition Secured Obligations, Adequate Protection Obligations (each as defined in the Cash

Collateral Order[4]), any other adequate protection, and any other claims arising under or in connection with the Prepetition Credit Documents (as defined in the Cash Collateral Order), any other agreement with the Debtor or the Cash Collateral Order, whose claims are deemed timely filed and valid proofs of claim (without the need for filing a proof of claim) against the Debtor in the Chapter 11 Case and any successor case.

16. The Debtor proposes that any person or entity holding an equity security (as defined in section 101(16) of the Bankruptcy Code and including, without limitation, common stock, preferred stock, warrants, or stock options) or other ownership interest in the Debtor (an "**Interest Holder**") not be required to file a proof of interest on or before the applicable Bar Date; *provided, however*, that an Interest Holder that wishes to assert claims against the Debtor that arise out of or relate to the ownership or purchase of an equity security or other ownership interest in the Debtor, including, but not limited to, a claim for damages or rescission based on the purchase or sale of such equity security or other ownership interest, must file a proof of claim on or before the applicable Bar Date. The Debtor reserves the right to seek relief at a later date establishing a deadline for Interest Holders to file proofs of interest.

## II. Requirements for Preparing and Filing Proofs of Claim

17. With respect to preparing and filing a proof of claim, the Debtor proposes that each proof of claim be required to be consistent with the following:

a. Contents. Each proof of claim must: (i) be legible; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m. (prevailing Eastern Time) on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) set forth with specificity the legal and factual basis for the alleged claim; (iv) conform substantially with the Proof of Claim Form provided by the Debtor or Official Form 410; and (v) be signed by the Claimant, or by an authorized agent or legal representative of

[4] "Cash Collateral Order" means the *Interim Order (I) Authorizing Postpetition Use of Prepetition Collateral, Including Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 50] and any related final order (each as may be amended, modified, supplemented or extended in accordance with the terms thereof). All references to "TRAG and RGE" shall include their professionals.

the Claimant on behalf of the Claimant, whether such signature is an electronic signature or is ink.

b. Section 503(b)(9) Claim. Any proof of claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also (i) set forth with specificity: (1) the date of shipment of the goods the Claimant contends the Debtor received in the twenty (20) days before the Petition Date; (2) the date, place, and method (including carrier name) of delivery of the goods the Claimant contends the Debtor received in the twenty (20) days before the Petition Date; (3) the value of the goods the Claimant contends the Debtor received in the twenty (20) days before the Petition Date; and (4) whether the Claimant timely made a demand to reclaim such goods under section 546(c) of the Bankruptcy Code; (ii) attach any documentation identifying the particular invoices for which a claim under section 503(b)(9) of the Bankruptcy Code is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtor under section 546(c) of the Bankruptcy Code (if applicable).

c. Original Signatures Required. Proofs of claim signed electronically by the Claimant or an authorized agent or legal representative of the Claimant may be deemed acceptable for purposes of claims administration. Copies of proofs of claim or proofs of claim sent by facsimile, telecopy, or electronic mail will not be accepted.

d. No Affiliates. Each proof of claim must **only** be filed against the Debtor. No proof of claim will be accepted that is filed against or that relates to claims against any affiliate or subsidiary of the Debtor.

e. Supporting Documentation. Each proof of claim must include supporting documentation to the extent required by the Bankruptcy Rules.

f. Timely Service. Each proof of claim must be filed, including supporting documentation, so as to be **actually received** by the Claims and Noticing Agent on or before the applicable Bar Date as follows: (i) electronically through the interface available at https://cases.stretto.com/PleasantsPowerStation/ or (ii) by U.S. Mail, overnight mail, or other hand delivery system, at the following address:

**Omnis Pleasants, LLC, Claims Processing**
**c/o Stretto, Inc.**
**410 Exchange, Suite 100**
**Irvine, CA 92602**

g. No Facsimile, Telecopy, or Email. Proofs of claim sent by facsimile, telecopy, or electronic mail will not be accepted.

h. Receipt of Service. Claimants submitting proofs of claim by non-electronic means who wish to receive acknowledgement that their proofs of claim were received by the Claims and Noticing Agent must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Claims and Noticing Agent) and (ii) a self-addressed, stamped envelope. Claimants submitting an Electronic Proof of Claim will receive confirmation through the electronic filing process.

**III. Consequences of Failure to File Proof of Claim by the Bar Dates**

18. The Debtor proposes that, pursuant to Bankruptcy Rule 3003(c)(2), any Claimant that is required to file, and is not exempt from filing, a proof of claim in the Chapter 11 Case pursuant to the Bankruptcy Code, the Bankruptcy Rules, or the Bar Date Order with respect to a particular claim against the Debtor, but that fails to do so properly and timely by the applicable Bar Date, will not be treated as a creditor in the Chapter 11 Case with respect to such claim for any purpose of voting or distribution and shall be prohibited from voting to accept or reject any chapter 11 plan filed in the Chapter 11 Case on account of such claim.

**PROCEDURES FOR PROVIDING NOTICE OF BAR DATES**

**I. Mailing of the Bar Date Notice**

19. To provide adequate notice to creditors pursuant to Bankruptcy Rule 2002(a)(7) and (f), the Debtor proposes to serve the Bar Date Notice, together with a copy of the Proof of Claim Form (the "**Bar Date Package**"), to be distributed by first-class United States mail, postage prepaid (or equivalent service), to the following entities:

(a) all known potential Claimants and their counsel (if known), including all persons and entities listed in the Schedules at the addresses set forth therein as potentially holding claims;

(b) all parties that have requested notice of the proceedings in the Chapter 11 Case pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

(c) all parties that have filed proofs of claim in the Chapter 11 Case as of the date of the Bar Date Order;

(d) all known holders of equity securities in the Debtor as of the date of the Bar Date Order;

(e) all known parties to executory contracts and unexpired leases with the Debtor as of the Petition Date, as identified in the Schedules;

(f) all known parties to litigation with the Debtor as of the date of the Bar Date Order;

(g) any applicable regulatory authorities;

(h) the Internal Revenue Service;

(i) all known taxing authorities for the jurisdictions in which the Debtor maintains or conducts business;

(j) the United States Attorney for the District of Delaware; and

(k) any other persons and entities listed on the Debtor's creditor matrix filed in the Chapter 11 Case.

20. The Debtor shall also post the Bar Date Package to the Claims and Noticing Agent's website, which is available at https://cases.stretto.com/pleasantspowerstation/.

21. The Debtor proposes to serve the Bar Date Package within three (3) business days after the date of entry of the Bar Date Order. The proposed Bar Date Notice provides creditors and parties in interest in the Chapter 11 Case with sufficient and appropriate information regarding who must file a proof of claim, the procedure for filing a proof of claim, and the consequences of failing to timely file a proof of claim in connection with the Chapter 11 Case. Accordingly, the Debtor requests that the Court approve the form and scope of the proposed Bar Date Notice.

## II. Supplemental Mailings

22. After the initial mailing of the Bar Date Package, the Debtor may, in its discretion, make supplemental mailings of notices, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest

(*e.g.*, banks and brokers with respect to equity holders) decline to pass along notices to these parties and instead return their names and addresses to the Debtor for direct mailing; and (c) additional potential claimants or parties in interest become known after the initial mailing of the Bar Date Package. The Debtor requests that the Court permit the Debtor to make supplemental mailings of the Bar Date Package in the situations described above and similar circumstances as soon as reasonably practicable after entry of the Bar Date Order, with any such mailings deemed timely and the Bar Date being applicable to the recipient creditors. To the extent that any notices are returned as "return to sender" without a forwarding address, the Debtor respectfully requests that they should not be required to mail additional notices to such creditors.

**III. Publication Notice**

23. To ensure that all potential claimants receive adequate notice of the General Bar Date, in addition to providing the Bar Date Notice to all known holders of claims, the Debtor proposes to provide notice of the General Bar Date by publication. In accordance with Bankruptcy Rule 2002(l) and in satisfaction of the requirements of Bankruptcy Rule 2002(a)(7), the Debtor requests authority to publish the Publication Notice once in *The New York Times*, or another publication with similar national circulation, as determined by the Debtor in its sole discretion, as soon as practicable after entry of the Bar Date Order, but no later than twenty-one (21) days before the General Bar Date, and such other local newspapers or publications, if any, as the Debtor deems appropriate. In the Debtor's judgment, such publication is likely to reach the widest possible audience of creditors who may not otherwise have notice of the Chapter 11 Case.

## BASIS FOR RELIEF

### I. Ample Authority Exists to Approve the Bar Dates and the Proposed Procedures for Filing Proofs of Claim

24. Bankruptcy Rule 3003(c)(3) generally governs the filing of proofs of claim in a chapter 11 case and provides, in relevant part, that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Fed R. Bankr. P. 3003(c)(3). Although Bankruptcy Rule 2002(a)(7) generally provides that the clerk must give all parties in interest a minimum of twenty-one (21) days' notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), neither the Bankruptcy Code, the Bankruptcy Rules, nor the Local Rules specify a time by which proofs of claim must be filed in chapter 11 cases (other than section 502(b)(9) of the Bankruptcy Code relating to governmental units).

25. It is well-recognized that a claims bar date plays an essential role in the twin goals of bankruptcy—preserving a debtor's going-concern value and maximizing property available to satisfy creditors. *See Bank of Am. Nat'l Trust & Sav. Assoc. v. 203 N. LaSalle St. P'ship*, 526 U.S. 434, 453 (1999). A claims bar date allows the Debtor and parties in interest to expeditiously determine and evaluate the liabilities of the estate. The absence of such a deadline, in contrast, would prolong creditor uncertainty, increase the costs and expenses incurred by the Debtor in connection with the claims reconciliation process, and delay or even derail the claims process, thus undercutting one of the principal purposes of bankruptcy law—"secur[ing] within a limited period the prompt and effectual administration and settlement of the debtor's estate." *See Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995).

26. The Debtor's procedures, described herein, provide creditors with notice and opportunity and a clear process for filing any claims. The proposed procedures will provide comprehensive notice and clear instructions to creditors and other parties in interest. Through this

Motion, the Debtor seeks to establish claims bar dates so that it can efficiently determine and evaluate its liabilities and evaluate all potential exit options, including a chapter 11 plan, depending on the outcome of the sale process. The proposed procedures comply with the Bankruptcy Code and provide the Debtor with flexibility if it needs supplemental bar dates.

27. For the reasons set forth above, the Bar Dates, the Bar Date Order, the Bar Date Notice, and the Publication Notice proposed by the Debtor are fair, reasonable, and adequate. Accordingly, the proposed procedures should be approved.

**II. The Proposed Notice Procedures are Reasonable and Appropriate**

28. Bankruptcy Rule 2002(a)(7) requires the Debtor to provide claimants at least twenty-one (21) days' notice by mail of the Bar Dates pursuant to Bankruptcy Rule 3003(c). In addition, Bankruptcy Rule 2002(l) provides that the Court may order notice by publication if it finds that notice by mail is impractical or it is desirable to supplement other notice. Bankruptcy Rule 9008 also provides that the Court shall determine the form and manner of publication notice, the newspapers used, and the frequency of publication.

29. To determine the adequacy of notice to a creditor, case law distinguishes between "known" and "unknown" creditors. In general, "known" creditors are those whose identity is either known or is reasonably ascertainable by a debtor, while "unknown' creditors are those whose interests are conjectural or future or, although potentially discoverable upon investigation, do not come to the knowledge of a debtor in the ordinary course of business. *See Tulsa Prof'l Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950) (publication is acceptable where it is not "reasonably possible or practicable to give more adequate warning," whereas when names and addresses are available, notice must be mailed); *Chemetron*, 72 F.3d at 346 ("[k]nown creditors must be provided with

actual written notice of a debtor's bankruptcy filing and bar claims date. For unknown creditors, notification by publication will suffice.").

30. To give appropriate notice to creditors, the Debtor proposes to mail the Bar Date Notice to its known creditors and to rely on publication to give notice to its unknown creditors. The proposed procedure is consistent with applicable case law and practice in this district. The Debtor submits that the relief requested herein provides for clear notice of the General Bar Date in satisfaction of the requirements of the Bankruptcy Rules and consistent with the underlying policies of the Bankruptcy Code and applicable case law.

31. The Debtor submits that it is providing sufficient time for all parties in interest to assert their claims. Because the notice procedures described herein will provide notice to all known parties in interest by mail and notice to any unknown parties in interest by publication, the Debtor submits that the proposed notice procedures are reasonably calculated to provide notice to all parties that seek to assert a claim in the Chapter 11 Case. The proposed Bar Date Notice and Publication Notice are fair, reasonable, and adequate. The proposed procedures are appropriate and fair to all parties affected thereby in that they provide sufficient notice and give ample time to creditors within which to file any necessary proofs of claim.

32. Accordingly, for all the foregoing reasons, the Debtor respectfully submits that the proposed Bar Dates and the form and manner of providing notice thereof are appropriate in light of the circumstances, inure to the benefit of all parties in interest and should be approved.

## **RESERVATION OF RIGHTS**

33. Nothing contained herein is or should be construed as: (a) an admission as to the validity of any claim against the Debtor or the existence of any lien against the Debtor's property; (b) a waiver of the Debtor's rights to dispute any claim or lien on any grounds; (c) a promise to pay any claim; (d) an implication or admission that any particular claim would constitute an

allowed claim; (e) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code; or (f) a limitation on the Debtor's rights under section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to the Bar Date Order once entered. Nothing contained in the Bar Date Order will be deemed to increase, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

## NOTICE

34. Notice of the Motion will be given to the following parties or their respective counsel, as applicable: (i) the U.S. Trustee; (ii) the parties included on the Debtor's list of thirty (30) largest unsecured creditors; (iii) TRAG LLC and RG Energy LLC; and (iv) all parties requesting notice pursuant to Bankruptcy Rule 2002. Notice of this Motion and any order entered hereon will be served in accordance with Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtor submits that due and proper notice has been given under the circumstances and that no other or further notice is necessary.

[*Remainder of Page Intentionally Left Blank*]

**CONCLUSION**

WHEREFORE, the Debtor respectfully requests that the Court grant the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Date: August 20, 2026

*/s/ S. Alexander Faris*

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Andrew L. Magaziner (No. 5426)
Robert F. Poppiti, Jr. (No. 5052)
S. Alexander Faris (No. 6278)
James C. Diver (No. 7568)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Email: amagaziner@ycst.com
rpoppiti@ycst.com
afaris@ycst.com
jdiver@ycst.com

*– and –*

**HERBERT SMITH FREEHILLS KRAMER (US) LLP**
Alexander Woolverton*
Kyle J. Ortiz*
Brian F. Shaughnessy*
Andrew Pollack*
Melissa Mertz*
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
E-mail: alexander.woolverton@hsfkramer.com
kyle.ortiz@hsfkramer.com
brian.shaughnessy@hsfkramer.com
andrew.pollack@hsfkramer.com
melissa.mertz@hsfkramer.com

**Admitted Pro Hac Vice*

*Proposed Co-Counsel to the Debtor and Debtor in Possession*