**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Omnis Pleasants, LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 26-11169 (KBO) |

**NOTICE OF INTENT TO SERVE SUBPOENA**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, as incorporated through Rule 9016 of the Federal Rules of Bankruptcy Procedure, Omnis Fuel Technologies, LLC d/b/a Omnis Energy ("Omnis Energy") and Quantum Pleasants, LLC ("Quantum"), by and through their undersigned counsel, intend to serve the subpoena attached hereto as **Exhibit 1** upon RG Energy LLC (the "Subpoena Recipient") seeking production of the documents described in Exhibit A thereto in connection with the *Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing Postpetition Use of Prepetition Collateral, Including Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief*. Omnis Energy and Quantum are serving the Subpoena Recipient with a subpoena in an abundance of caution and do not concede the Subpoena Recipient is not a party to this bankruptcy case. To the contrary, Omnis Energy and Quantum expressly reserve the right to argue at any proceeding in this case that the Subpoena Recipient is a party.

---

1 The last four digits of the Debtor's tax identification number are 2673. The location of the Debtor's principal place of business and the Debtor's service address is One Power Station Boulevard, Belmont, West Virginia, 26134.

Dated: August 21, 2026

**LOWENSTEIN SANDLER LLP**

/s/ Michael A. Kaplan

Michael A. Kaplan (admitted *pro hac vice*)
Christopher A. Ward (No. 3877)
Shanti M. Katona (No. 5352)

1251 Avenue of the Americas, 17th Floor
New York, NY 10020

- and -

1000 N West Street, Suite 1200
Wilmington, DE 19801

Telephone: (973) 597-2500
mkaplan@lowenstein.com
cward@lowenstein.com
skatona@lowenstein.com

*Counsel to Omnis Fuel Technologies, LLC d/b/a Omnis Energy and Quantum Pleasants, LLC*

**EXHIBIT 1**

# UNITED STATES BANKRUPTCY COURT

District of Delaware

In re Omnis Pleasants, LLC
Debtor

(*Complete if issued in an adversary proceeding*)

Case No. 26-11169 (KBO)

Chapter 11

_______________
Plaintiff
v.
_______________
Defendant

Adv. Proc. No. ________

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: RG Energy LLC
(*Name of person to whom the subpoena is directed*)

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| Lowenstein Sandler LLP<br>1251 Avenue of the Americas, 17th Floor, New York, NY 10020<br>Documents to be produced electronically. | August 28, 2026 at 12:00 p.m. (ET) |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/21/2026

CLERK OF COURT

OR

_______________ /s/ Michael A. Kaplan
*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing (*name of party*) Quantum Pleasants, LLC and Omnis Fuel Technologies, LLC d/b/a Omnis Energy, who issues or requests this subpoena, are:

Michael A. Kaplan, 1251 Avenue of the Americas, New York, NY 10020, mkaplan@lowenstein.com, (973) 597-2302

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ____________________________________
____________________________________________________________________________________________________
__________________________________ on (*date*) ___________________ ; or

☐ I returned the subpoena unexecuted because: ____________________________________________________________
____________________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

________________________________________________
*Server's signature*

________________________________________________
*Printed name and title*

________________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

**DEFINITIONS**

1. "Adequate Protection Package" shall have the meaning set forth in paragraph 6 of the Interim Cash Collateral Order.

2. "Alleged Lenders" refers to TRAG and RGE.

3. "Assignment of Leases" refers to the Assignment of Leases, Subleases and Rents dated June 17, 2026 between and among the Debtor, as grantor, and the Alleged Lenders, as grantees, and all amendments, attachments, exhibits, supplements, and related documents thereto.

4. "Bankruptcy Code" means title 11 of the United States Code.

5. "Bankruptcy Court" refers to the United States Bankruptcy Court for the District of Delaware.

6. "Budget" means the 13 Week Cash Forecast attached to the Interim Cash Collateral Order as Exhibit 1.

7. "Cash Collateral Motion" refers to the *Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing Postpetition Use of Prepetition Collateral, Including Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* dated July 28, 2026, filed in the Chapter 11 Case at Docket No. 17.

8. "Chapter 11 Case" means the bankruptcy proceeding captioned *In re: Omnis Pleasants, LLC*, Case No. 26-11169 (KBO), commenced on the Petition Date in the Bankruptcy Court.

9. "Collateral" shall have the meaning set forth in paragraph 6(a) of the Interim Cash Collateral Order.

10. "Common Interest Agreement" means any agreement, whether formal or informal, written or oral, entered into by or among two or more parties who purport to share a common legal

interest in pending or anticipated litigation, an investigation, or other legal matter, pursuant to which the parties agree to share privileged or work-product protected information for the purpose of coordinating their legal strategy, defense, or other joint legal efforts, without waiving the protections afforded by the attorney-client privilege, the work-product doctrine, or any other applicable evidentiary privilege.

11. "Communication(s)" means the transmittal of information, in the form of thoughts, facts, ideas, inquiries, opinions, data, or otherwise, through any written, electronic or oral mode or means. The term is used here in the broadest sense, and Includes any and all conversations, meetings, discussions, telephone calls, conference calls, videocalls (Including Zoom, Microsoft Teams, Webex, and similar platforms), audio or video recordings (Including all audio or visual recordings of any telephone calls, conference calls, videocalls, virtual meetings, or other conferences, regardless of the format, platform, or storage location of such recordings), voicemail messages, recorded messages, sent, received, copying or forwarding e-mails, text messages, short messaging service (SMS), multimedia messaging service (MMS), instant messages through any instant message service (Including Slack, WhatsApp, Telegram, Signal, and similar platforms), direct messages through any applications, social media posts or messages (Including on Zoom Chat, Microsoft Teams Chat, Discord, Facebook, Instagram, Twitter, LinkedIn, TikTok, Snapchat, and similar platforms), internet blogs or other online postings, and other Documents and any other mode of verbal, written, or electronic information exchange, whether in person, by telephone, by video, over the internet, or otherwise, as well as all letters, correspondence, memoranda, telegrams, cables, faxes, and other Documents memorializing or constituting any information exchange, regardless of the medium, format, or platform used.

12. "Concern(s)" or "Concerning" means constituting, relating to, pertaining to, based upon, bearing upon, referring to, with reference to, arising in connection with, arising out of, regarding, by reason of, having to do with, or having any relation to, in the broadest sense.

13. "Debtor" refers to Omnis Pleasants, LLC and its current and former affiliates, corporate parents, subsidiaries, officers, directors, employees, representatives, attorneys, joint ventures, partners, and anyone acting on its behalf.

14. "Deed of Trust" refers to the Deed of Trust, Assignment of Rents, Security Agreement, and Fixture Filing dated June 17, 2026 between and among the Debtor, as grantor, George and Stollings, as trustees, and the Alleged Lenders, as beneficiaries, and all amendments, attachments, exhibits, supplements, and related documents thereto.

15. "Document(s)" is used in its broadest sense and Includes the original and all copies, prior drafts, and translations of all Communications and writings of every kind, whether sent or received, Including non-identical copies bearing notations or marks not found on the original, and Including e-mails, text messages, short messaging service (SMS), multimedia messaging service (MMS), any instant messages through any instant message service (Including Slack, WhatsApp, Discord, Telegram, Signal, and similar platforms), direct messages through any applications, letters, memoranda, reports, studies, notes, speeches, press releases, agendas, minutes, transcripts, summaries, self-sticking removable notes, telegrams, teletypes, telefax, cancelled checks, check stubs, invoices, receipts, medical records, ticket stubs, maps, pamphlets, tables, charts, graphs, schedules, plans, books, periodicals, booklets, circulars, bulletins, contact information (Including telephone numbers, addresses, and e-mail addresses), website content, internet blogs or other online postings, photographs, contracts, agreements, assignments, licenses, ledgers, books of account, diaries, calendars, appointment books, tabulations, analyses, statistical or information

accumulation, audits and associated workpapers, any kinds of records, film impressions, magnetic tape, tape records, sound or mechanical reproductions, recorded messages, audio or visual recordings (Including all audio or visual recordings of telephone calls, conference calls, videocalls, or in-person conferences), voicemail messages, transcripts or logs of any such recordings, all stored compilations of information of any kind which may be retrievable (Including the content of computer memory or information storage facilities, whether cloud-based or otherwise, SharePoint repositories, OneDrive repositories, Google Drive repositories, and computer programs, and any instructions or interpretive materials associated with them), Documents capable of being used with word-processing applications (such as Word or WordPerfect), spreadsheets (in Excel format or otherwise), presentations (in PowerPoint or any other format), electronic files or Documents or any electronically stored information of any kind (Including associated metadata, e-mail, and voicemail messages), and any other writings, papers, and tangible things of whatever description whatsoever Including any information contained in any computer, even if not printed out, copies of Documents which are not identical duplicates of the originals (e.g., because handwritten or "blind" notes appear thereon or attached thereto), Including prior drafts, whether or not the originals are in Your possession, custody, or control. In addition, "Document" encompasses those at any location, Including on office computers, home computers, laptop computers, iPads, BlackBerry devices, iPhones or other cell phones, on the internet (Including social media such as Facebook, Instagram, Twitter, LinkedIn, TikTok, Snapchat, Zoom Chat, Microsoft Teams Chat, and similar platforms) and any other portable devices or removable media, such as CD-ROMs, DVDs, flash drives, thumb drives, cell phones, back-up media, cloud storage and any other devices or media.

16. "February 2026 UCC Financing Statements" refers to UCC Financing Statement Nos. 2026 1125554 and 2026 1125562 filed by TRAG and RGE, respectively, with the Delaware Department of State on February 10, 2026.

17. "Forbearance Agreement" refers to the Amended and Restated Forbearance Agreement dated February 6, 2026 between and among TRAG, RGE, the Omnis Parent Parties, and the Debtor, and all amendments, attachments, exhibits, supplements, and related documents thereto, Including the prior forbearance agreement dated October 22, 2025.

18. "George" refers to Kent J. George.

19. "HSF Kramer" refers to Herbert Smith Freehills Kramer (US) LLP and its current and former affiliates, corporate parents, subsidiaries, officers, directors, employees, representatives, attorneys, joint ventures, partners, counsel, associates, and anyone acting on its behalf.

20. "Identify(ing)," "Identified," "Identity," and "Identification" mean:

a. When used in reference to an individual, his or her (i) full name, (ii) present or last known home address and telephone numbers, (iii) present or last known business address and telephone numbers, and (iv) present or last known occupation, employer and job title or description (indicating whether the information provided is "current" or "last known" in each instance);

b. When used in reference to an organization of any kind, (i) its full name, (ii) its form of organization, (iii) its date and state of incorporation (if applicable), (iv) the address of its principal place of business and its telephone numbers, (v) each state in which it is registered or authorized to do business and the date on which it was first so registered or authorized,

(vi) each state in which it was, but is no longer, registered or authorized to do business, the date on which it was first so registered or authorized, and the date on which it ceased to be so registered or authorized, (vii) the name and current or last known address of each person who currently serves as an officer or director (if applicable) together with the title held by each such person and the date from which such title has been held, (viii) whether it is currently active and, if not, the date on which and reason for which it ceased doing business, (ix) whether it is currently in good standing in each state in which it is incorporated or registered or authorized to do business, (x) the address and phone number of each other location at which it currently does business and the date on which it commenced doing business at that location, and (xi) the address and phone number of each location at which it did business in the past, but at which it currently does not operate, and the dates between which it did business at each such location;

c. When used in reference to a Document, (i) the type of Document, (ii) its date, (iii) the identity of its author(s) and its recipient(s), (iv) any title and/or serial or file number appearing on the Document, (v) the identity of its present custodian, (vi) its present location, and (vii) a brief description of its subject matter. If any such Document was, but is no longer, in Your possession or control or in existence, state whether it is missing, lost, has been destroyed, has been transferred to others or has been otherwise disposed of; and

d. When used in reference to an oral Communication, (i) the date, place or places, and parties to the oral Communication or some other means of identifying the oral Communication; (ii) the substance of the oral Communication; (iii) the medium through which the oral Communication was made (in person or by telephone or video conference); (iv) each person who participated in the oral Communication; (v) each person hearing the oral Communication; and (vi) whether any written note or memorandum documenting the oral Communication exists in the manner required to Identify a Document as defined above.

21. "Include(s)" or "Including" means including without limitation.

22. "Interim Cash Collateral Order" refers to the *Interim Order (I) Authorizing Postpetition Use of Prepetition Collateral, Including Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief*, filed in the Chapter 11 Case at Docket No. 50.

23. "June 2026 UCC Financing Statement" refers to UCC Financing Statement No. 653930 filed by the Alleged Lenders with the Pleasants County Clerk's Office on June 26, 2026.

24. "Omnis Energy" refers to Omnis Fuel Technologies, LLC d/b/a Omnis Energy and its current and former affiliates, corporate parents, subsidiaries, officers, directors, employees, representatives, attorneys, joint ventures, partners, and anyone acting on its behalf.

25. "Omnis Global" refers to Omnis Global Technologies, LLC and its current and former affiliates, corporate parents, subsidiaries, officers, directors, employees, representatives, attorneys, joint ventures, partners, and anyone acting on its behalf.

26. "Omnis Parent Parties" refers to Omnis Global, Omnis Energy, and Quantum.

27. "Petition Date" refers to July 26, 2026.

28. "Power Plant Collateral" shall have the meaning set forth in section 7(g) of the Forbearance Agreement.

29. "Quantum" refers to Quantum Pleasants, LLC and its current and former affiliates, corporate parents, subsidiaries, officers, directors, employees, representatives, attorneys, joint ventures, partners, and anyone acting on its behalf.

30. "Representation" or "Represented" means the actual or purported provision of services, advice, consultation, or representation, Including legal advice, services, or representation, whether in the context of an attorney-client relationship or otherwise, including in the context of an actual or potential dispute, litigation, arbitration, or other legal proceeding.

31. "RGE" refers to RG Energy LLC and its current and former affiliates, corporate parents, subsidiaries, officers, directors, employees, representatives, attorneys, joint ventures, partners, and anyone acting on its behalf.

32. "Stipulations" shall have the meaning set forth in paragraph D of the Interim Cash Collateral Order.

33. "Stollings" refers to Lindsay M. Stollings.

34. "TRAG" refers to TRAG LLC and its current and former affiliates, corporate parents, subsidiaries, officers, directors, employees, representatives, attorneys, joint ventures, partners, and anyone acting on its behalf.

35. "You" or "Your" refers to RGE.

## INSTRUCTIONS

1. Federal Rule of Civil Procedure ("FRCP") 45 is hereby incorporated by reference and applies to each of the following instructions. All responses shall comply with the requirements of the FRCP.

2. Unless otherwise stated in the Document Requests in this subpoena (collectively, the "Requests" and each, a "Request"), the relevant time period for the discovery being sought shall be January 2023 to the present. Documents prepared prior to, but which relate or refer to, the time period covered by these Requests are to be Identified and produced.

3. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

4. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests all responses that might otherwise be construed to be outside of their scope.

5. The use of the singular form of any word includes the plural and vice versa. The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense. The singular and masculine form of nouns and pronouns shall embrace, and be read and applied as including, the plural, feminine, or neuter, as circumstances may make appropriate.

6. The phrase "possession, custody, or control" shall be construed in the broadest possible manner and Includes not only those things in Your immediate possession, but also those things which are subject to Your control.

7. The Requests shall be deemed continuing in nature. In the event You become aware of or acquire additional information Concerning any of the following Requests, such additional information is to be promptly produced.

8. Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, Including in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, attorneys, consultants, contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, Including on personal computers, wireless devices, local area networks, application-based communications services (Including Zoom, Microsoft Teams, Facebook Messenger, Instant Bloomberg, WeChat, KakaoTalk, WhatsApp, Signal, Telegram, iMessage, Discord, etc.) and web-based file hosting services (Including Gmail, Yahoo, etc.). You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You or hardware owned and/or maintained by a third party that stores data on Your behalf.

9. Documents not otherwise responsive to the Requests should be produced: (a) if such Documents mention, discuss, refer to, explain, or Concerns one or more Documents that are called for by the Requests; (b) if such Documents are attached to, enclosed with, or accompanying Documents called for by the Requests; or (c) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

10. Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

11. If a Document responsive to any Request is not a communication between You and the Debtor, or is not otherwise in the Debtor's possession, custody, or control, You must produce such Document directly in response to this subpoena. Omnis Energy and Quantum expressly

reserve the right to seek production of any responsive Document directly from You in the event that the Debtor fails or refuses to produce such Document in the Chapter 11 Case.

12. If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, then in answer to such Request or part thereof, for each such Document, You must:

a. Identify the type, title, and subject matter of the Document;

b. State the place, date, and manner of preparation of the Document;

c. Identify all authors, addressees, and recipients of the Document, Including information about such persons to assess the privilege asserted; and

d. Identify the legal privilege(s) and the factual basis for the claim.

13. Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work-product doctrine. In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 12 above must be provided.

14. To the extent a Document sought herein was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it: (a) is missing or lost; (b) has been destroyed; (c) has been transferred to others; and/or (d) has been otherwise disposed of. In each instance, identify the Document, state the time period during which it was maintained, state the circumstances and date surrounding authorization for such disposition, Identify each person having knowledge of the circumstances of the disposition, and identify each person who had possession, custody, or control of the Document.

15. If any part of the following Requests cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and

stating whatever information or knowledge You have Concerning the portion to which You do not respond.

16. If You object to any of the Requests, state in writing with specificity the grounds of Your objections. Any ground not stated shall be waived. If You object to a particular portion of any Request, You shall respond to any other portions of such Request as to which there is no objection.

17. If any information requested is not in Your possession, but is known or believed to be in the possession of another person or entity, then Identify that person or entity and state the basis of Your belief or knowledge that the requested information is in such person's or entity's possession.

18. If there are no Documents responsive to a particular Request, please provide a written response so stating.

19. If You believe that any Request, definition, or instruction is ambiguous, in whole or in part, You nonetheless must respond and (a) set forth the matter deemed ambiguous and (b) describe the manner in which You construed the Request in order to frame Your response.

20. All Documents produced shall be provided in either native file or single-page 300 dpi-resolution group IV TIF (tiff) format, along with appropriately formatted industry-standard database load files and accompanied by true and correct copies or representations of unaltered attendant metadata. Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file as rendered by an industry-standard text extraction program in the case of electronic originals or by an industry-standard Optical Character Recognition (OCR) program in the case of scanned paper Documents.

21. Documents and other responsive data or materials created, stored, or displayed on electronic or electromagnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, Including all reasonably accessible metadata, custodian or Document source information, and searchable text so as to allow Omnis Energy and Quantum through a reasonable and modest effort to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

## DOCUMENT REQUESTS

1. All Documents and Communications Concerning the grant of any security interest in the Debtor's cash to the Alleged Lenders.

2. All Documents and Communications Concerning the perfection of any security interest in the Debtor's cash, Including all deposit account control agreements.

3. All deposit account control agreements entered into between and among the Debtor, the Alleged Lenders, and any financial institution or bank, Including all drafts, amendments, supplements, and related Documents thereto.

4. The Forbearance Agreement, Including all drafts of the Forbearance Agreement.

5. Documents sufficient to identify all attorneys and other professionals who Represented You in connection with the Forbearance Agreement, Including all formal or informal engagement letters, retention letters, termination of representation letters, or similar Documents or Communications.

6. All Documents and Communications Concerning HSF Kramer's Representation of You in connection with the Forbearance Agreement, Including all formal or informal engagement letters, retention letters, termination of representation letters, or similar Documents or Communications.

7. All Documents and Communications Concerning HSF Kramer's Representation of You in connection with any other issue, matter, dispute, or litigation that in any way Concerns the Debtor or this Chapter 11 Case, Including all engagement letters, retainer agreements, or similar Documents.

8. All Documents and Communications Concerning the grant of any security interest in the Power Plant Collateral to the Alleged Lenders under the Forbearance Agreement, Including all negotiations between and among the Debtor, the Omnis Parent Parties, and the Alleged Lenders.

9. All Documents and Communications Concerning the perfection of any security interest in the Power Plant Collateral.

10. All Documents and Communications Concerning the filing of the February 2026 UCC Financing Statements.

11. All Communications between and among the Debtor and the Alleged Lenders from the filing of the February 2026 UCC Financing Statements to the filing of the Deed of Trust Concerning any request by the Alleged Lenders for additional benefits or protections from the Debtor.

12. All Communications between You and HSF Kramer between February 20, 2026 and the present.

13. The Deed of Trust, Including all drafts of the Deed of Trust.

14. The Assignment of Leases, Including all drafts of the Assignment of Leases.

15. All Documents and Communications Concerning the decision to execute the Deed of Trust, Including any request by the Alleged Lenders to enter into the Deed of Trust.

16. All Documents and Communications Concerning the Debtor's decision to execute the Assignment of Leases, Including any request by the Alleged Lenders that the Debtor execute the Assignment of Leases.

17. All Documents and Communications Concerning the negotiation of any security interest, whether granted or not granted, in the Deed of Trust.

18. All Communications between and among the Debtor and the Alleged Lenders Concerning the recording of the Deed of Trust with the Clerk of Pleasants County, West Virginia.

19. All Communications between and among the Debtor and the Alleged Lenders Concerning the recording of the Assignment of Leases with the Clerk of Pleasants County, West Virginia.

20. All Documents and Communications Concerning the June 2026 UCC Financing Statement, Including the reasons for its filing and any Communications between and among the Debtor and the Alleged Lenders relating thereto.

21. All Communications between and among the Debtor and the Alleged Lenders from the filing of the Deed of Trust to the filing of the Cash Collateral Motion Concerning any request by the Alleged Lenders for additional benefits or protections from the Debtor.

22. All Documents and Communications Concerning the Alleged Lenders' involvement in or negotiation of the Stipulations.

23. All Documents and Communications Concerning the Alleged Lenders' involvement in or negotiation of the granting of the Adequate Protection Package.

24. All Documents and Communications Concerning the Alleged Lenders' consent to the Debtor's use of the Collateral, Including any conditions imposed in connection with such consent.

25. All Documents and Communications Concerning the Alleged Lenders' involvement in the negotiation, preparation, or drafting of the Interim Cash Collateral Order, Including all negotiations and prior drafts of the Interim Cash Collateral Order.

26. All Documents and Communications Concerning the Cash Collateral Motion, Including all negotiations and prior drafts of the Cash Collateral Motion.

27. All Documents and Communications Concerning the value of the Power Plant Collateral, Including all appraisals, analyses, reports, or other similar Documents.

28. All internal Documents and Communications supporting Your belief that You are entitled to adequate protection, as contemplated by Section 361 of the Bankruptcy Code.

29. All Communications between and among the Alleged Lenders Concerning the Interim Cash Collateral Order, Including the Stipulations and the Adequate Protection Package.

30. Any Common Interest Agreement between and among the Alleged Lenders and the Debtor.

31. All Documents and Communications Concerning the Budget, Including all negotiations and prior drafts of the Budget.

32. All Documents and Communications Concerning the allocation of $10,939,000 for professional fees in the Budget.