**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Omnis Pleasants, LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 26-11169 (KBO) |

**NOTICE OF INTENT TO SERVE SUBPOENA**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, as incorporated through Rule 9016 of the Federal Rules of Bankruptcy Procedure, Omnis Fuel Technologies, LLC d/b/a Omnis Energy ("Omnis Energy") and Quantum Pleasants, LLC ("Quantum"), by and through their undersigned counsel, intend to serve the subpoena attached hereto as **Exhibit 1** upon RG Energy LLC (the "Subpoena Recipient") seeking a deposition on the topics described in Exhibit A thereto in connection with the *Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing Postpetition Use of Prepetition Collateral, Including Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief*. Omnis Energy and Quantum are serving the Subpoena Recipient with a subpoena in an abundance of caution and do not concede the Subpoena Recipient is not a party to this bankruptcy case. To the contrary, Omnis Energy and Quantum expressly reserve the right to argue at any proceeding in this case that the Subpoena Recipient is a party.

[1] The last four digits of the Debtor's tax identification number are 2673. The location of the Debtor's principal place of business and the Debtor's service address is One Power Station Boulevard, Belmont, West Virginia, 26134.

Dated: August 21, 2026

**LOWENSTEIN SANDLER LLP**

/s/ Michael A. Kaplan

Michael A. Kaplan (admitted *pro hac vice*)
Christopher A. Ward (No. 3877)
Shanti M. Katona (No. 5352)

1251 Avenue of the Americas, 17th Floor
New York, NY 10020

- and -

1000 N West Street, Suite 1200
Wilmington, DE 19801

Telephone: (973) 597-2500
mkaplan@lowenstein.com
cward@lowenstein.com
skatona@lowenstein.com

*Counsel to Omnis Fuel Technologies, LLC d/b/a Omnis Energy and Quantum Pleasants, LLC*

**EXHIBIT 1**

# UNITED STATES BANKRUPTCY COURT

District of Delaware

In re Omnis Pleasants, LLC
Debtor

(*Complete if issued in an adversary proceeding*)

Plaintiff
v.

Defendant

Case No. 26-11169 (KBO)

Chapter 11

Adv. Proc. No. ________________

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: RG ENERGY LLC
(*Name of person to whom the subpoena is directed*)

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: See attached Exhibit A.

| PLACE | DATE AND TIME |
| --- | --- |
| Prevail Trial Consultants<br>800 N. King Street, Suite 201, Wilmington, DE 19801<br>or such other mutually agreeable location | September 2, 2026 at 12 p.m. (ET) |

The deposition will be recorded by this method:
Stenographically and videographically

☐ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/21/2026

CLERK OF COURT

OR

________________________
*Signature of Clerk or Deputy Clerk*

/s/ Michael A. Kaplan
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing (*name of party*) Quantum Pleasants, LLC and Omnis Fuel Technologies, LLC d/b/a Omnis Energy, who issues or requests this subpoena, are:
Michael A. Kaplan, 1251 Avenue of the Americas, New York, NY 10020, mkaplan@lowenstein.com, (973) 597-2302

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ____________________________________
____________________________________________________________________________________________
__________________________________ on (*date*) ___________________ ; or

☐ I returned the subpoena unexecuted because: ____________________________________________________________
____________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

________________________________________________
*Server's signature*

________________________________________________
*Printed name and title*

________________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

**DEFINITIONS**

1. "Adequate Protection Package" shall have the meaning set forth in paragraph 6 of the Interim Cash Collateral Order.

2. "Alleged Lenders" refers to TRAG and RGE.

3. "Assignment of Leases" refers to the Assignment of Leases, Subleases and Rents dated June 17, 2026 between and among the Debtor, as grantor, and the Alleged Lenders, as grantees, and all amendments, attachments, exhibits, supplements, and related documents thereto.

4. "Bankruptcy Code" means title 11 of the United States Code.

5. "Bankruptcy Court" refers to the United States Bankruptcy Court for the District of Delaware.

6. "Budget" means the 13 Week Cash Forecast attached as Exhibit 1 to the Interim Cash Collateral Order.

7. "Cash Collateral Motion" refers to the *Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing Postpetition Use of Prepetition Collateral, Including Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Modifying the Automatic Stay, and (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* dated July 28, 2026, filed in the Chapter 11 Case at Docket No. 17.

8. "Chapter 11 Case" means the bankruptcy proceeding captioned *In re: Omnis Pleasants*, Case No. 26-11169 (KBO), commenced on the Petition Date in the Bankruptcy Court.

9. "Communication(s)" means the transmittal of information, in the form of thoughts, facts, ideas, inquiries, opinions, data, or otherwise, through any written, electronic or oral mode or means. The term is used here in the broadest sense, and Includes any and all conversations, meetings, discussions, telephone calls, conference calls, videocalls (Including Zoom, Microsoft Teams, Webex, and similar platforms), audio or video recordings (Including all audio or visual

recordings of any telephone calls, conference calls, videocalls, virtual meetings, or other conferences, regardless of the format, platform, or storage location of such recordings), voicemail messages, recorded messages, sent, received, copying or forwarding e-mails, text messages, short messaging service (SMS), multimedia messaging service (MMS), instant messages through any instant message service (Including Slack, WhatsApp, Telegram, Signal, and similar platforms), direct messages through any applications, social media posts or messages (Including on Zoom Chat, Microsoft Teams Chat, Discord, Facebook, Instagram, Twitter, LinkedIn, TikTok, Snapchat, and similar platforms), internet blogs or other online postings, and other Documents and any other mode of verbal, written, or electronic information exchange, whether in person, by telephone, by video, over the internet, or otherwise, as well as all letters, correspondences, memoranda, telegrams, cables, faxes, and other Documents memorializing or constituting any information exchange, regardless of the medium, format, or platform used.

10. "Concern(s)" or "Concerning" means constituting, relating to, pertaining to, based upon, bearing upon, referring to, with reference to, arising in connection with, arising out of, regarding, by reason of, having to do with, or having any relation to, in the broadest sense.

11. "Debtor" refers to Omnis Pleasants, LLC and its current and former affiliates, corporate parents, subsidiaries, officers, directors, employees, representatives, attorneys, joint ventures, partners, and anyone acting on its behalf.

12. "Deed of Trust" refers to the Deed of Trust, Assignment of Rents, Security Agreement, and Fixture Filing dated June 17, 2026 between and among the Debtor, as grantor, George and Stollings, as trustee, and TRAG and RGE, as beneficiaries, and all amendments, attachments, exhibits, supplements, and related documents thereto.

13. "February 2026 UCC Financing Statements" refers to UCC Financing Statement Nos. 2026 1125554 and 2026 1125562 filed by TRAG and RGE, respectively, with the Delaware Department of State on February 10, 2026.

14. "Forbearance Agreement" refers to the Amended and Restated Forbearance Agreement dated February 6, 2026 between and among TRAG, RGE, the Omnis Parent Parties, and the Debtor and all amendments, attachments, exhibits, supplements, and related documents thereto, Including the prior forbearance agreement dated October 22, 2025.

15. "George" refers to Kent J. George.

16. "HSF Kramer" refers to Herbert Smith Freehills Kramer (US) LLP and its current and former affiliates, corporate parents, subsidiaries, officers, directors, employees, representatives, attorneys, joint ventures, partners, counsels, associates, and anyone acting on its behalf.

17. "HSF Kramer Retention Application" refers to the *Debtor's Application for an Entry of an Order Authorizing the Retention and Employment of Herbert Smith Freehills Kramer (US) LLP as Attorneys for the Debtor and Debtor in Possession Effective as of the Petition Date* dated August 13, 2026, filed in the Chapter 11 Case at Docket No. 83.

18. "Include(s)" or "Including" means including without limitation.

19. "Interim Cash Collateral Order" refers to the *Interim Order (I) Authorizing Postpetition Use of Prepetition Collateral, Including Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief*, filed in the Chapter 11 Case at Docket No. 50.

20. "June 2026 UCC Financing Statement" refers to UCC Financing Statement No. 653930 filed by the Alleged Lenders with Pleasants County Clerk's Office on June 26, 2026.

21. "Omnis Energy" refers to Omnis Fuel Technologies, LLC d/b/a Omnis Energy and its current and former affiliates, corporate parents, subsidiaries, officers, directors, employees, representatives, attorneys, joint ventures, partners, and anyone acting on its behalf.

22. "Omnis Global" refers to Omnis Global Technologies, LLC and its current and former affiliates, corporate parents, subsidiaries, officers, directors, employees, representatives, attorneys, joint ventures, partners, and anyone acting on its behalf.

23. "Omnis Parent Parties" refers to Omnis Global, Omnis Energy, and Quantum.

24. "Petition Date" refers to July 26, 2026.

25. "Power Plant Collateral" shall have the meaning set forth in section 7(g) of the Forbearance Agreement.

26. "Quantum" refers to Quantum Pleasants, LLC and its current and former affiliates, corporate parents, subsidiaries, officers, directors, employees, representatives, attorneys, joint ventures, partners, and anyone acting on its behalf.

27. "Representation" means the actual or purported provision of services, advice, consultation, or representation, including legal advice, services, or representation, whether in the context of an attorney-client relationship or otherwise, including in the context of an actual or potential dispute, litigation, arbitration, or other legal proceeding.

28. "RGE" refers to RG Energy LLC and its current and former affiliates, corporate parents, subsidiaries, officers, directors, employees, representatives, attorneys, joint ventures, partners, and anyone acting on its behalf.

29. "Stipulations" shall have the meaning set forth in paragraph D of the Interim Cash Collateral Order.

30. "Stollings" refers to Lindsay M. Stollings.

31. "TRAG" refers to TRAG LLC and its current and former affiliates, corporate parents, subsidiaries, officers, directors, employees, representatives, attorneys, joint ventures, partners, and anyone acting on its behalf.

32. "You" or "Your" refers to RGE.

## INSTRUCTIONS

1. Pursuant to Rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure, You shall designate one or more officers, directors, managing agents, or other persons who are knowledgeable and consent to testify on Your behalf with respect to the following Topics for Examination (collectively, the "Topics" and each, a "Topic"). The person(s) so designated shall testify as to information known or reasonably available to You regarding the Topics. If no single witness can testify knowledgeably about all the Topics listed, You may designate more than one witness.

2. Each of the Definitions and Instructions applies to each Topic, notwithstanding that the Definitions or Instructions may be reiterated in whole or in part in conjunction with a particular Topic, or that a particular Topic may incorporate supplemental instructions or definitions.

3. The relevant time period for the Topics shall be January 1, 2023 to present.

**TOPICS FOR EXAMINATION**

1. The Forbearance Agreement, Including the negotiations and entry into the Forbearance Agreement and the negotiations and the grant of the security interest (Including the Power Plant Collateral).

2. Your Representation by HSF Kramer, Including in connection with the Forbearance Agreement.

3. The termination of HSF Kramer's Representation of You, Including any conflict waivers and write-offs or concessions on invoices or billing.

4. The February 2026 UCC Financing Statements.

5. The Deed of Trust, Including all negotiations Concerning the Debtor's entry into and recording of the Deed of Trust.

6. The Assignment of Leases, Including all negotiations Concerning the Debtor's entry into and recording of the Assignment of Leases.

7. The June 2026 UCC Financing Statement.

8. The Cash Collateral Motion, Including Your involvement in drafting the Cash Collateral Motion.

9. The Interim Cash Collateral Order, Including Your participation in the drafting and negotiation of the Interim Cash Collateral Order, Including the Budget.

10. The Stipulations, Including Your requests that the Debtor enter into the Stipulations and all related negotiations.

11. The Adequate Protection Package, Including Your adequate protection requests and all related negotiations.

12. Your assertion that You have a lien on the Debtor's cash.

13. The value of the Power Plant Collateral and the basis for Your belief that You are entitled to adequate protection, as contemplated by Section 361 of the Bankruptcy Code.

14. Any Communications with Debtor and/or HSF Kramer Concerning Your consent to the HSF Kramer Retention Application and Your waiver of conflicts.