**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Omnis Pleasants, LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 26-11169 (KBO)<br><br>**Related to Docket No. 86** |

**INDUSTRIAL ACCESSORIES COMPANY'S LIMITED OBJECTION AND RESERVATION OF RIGHTS REGARDING DEBTOR'S MOTION TO SELL SUBSTANTIALLY ALL ASSETS**

Industrial Accessories Company ("IAC") hereby files this *Limited Objection and Reservation of Rights* (this "Limited Objection") to the above-captioned Debtor's motion seeking, *inter alia*, an order from this Court approving the sale of substantially all assets of the Debtor [ECF No. 86] (the "Sale Motion"). In support of this Limited Objection, IAC respectfully states as follows:

**Relevant Background**

1. Before Debtor Omnis Pleasants, LLC (the "Debtor") commenced the above-captioned bankruptcy proceeding, IAC and the Debtor executed IAC Contract No. E23173 (the "Contract") on or about October 20, 2023.

2. Pursuant to the terms of the Contract, IAC provided engineering, procurement and construction services to design, build, install and commission equipment and control systems for the Debtor's pilot hydrogen/graphite process (the "Project") at the 1,300-megawatt coal-fired power plant and related facilities on approximately 190 acres located at 1 Power Station Boulevard, Belmont, Pleasants County, West Virginia (the "Plant").

[1] The last four digits of the Debtor's federal tax identification number are 2673. The location of the Debtor's principal place of business and the Debtor's address is One Power Station Boulevard, West Virginia 26134.

3. During the course of the Project, the Debtor failed to pay IAC's outstanding invoices,[2] which led IAC to record a Notice of Materialman's Lien in the amount of $4,425,575.06 on March 27, 2026, with the Office of the Pleasants County Clerk at Instrument No. 653203, in Book 6 at Page 398 (the "Lien Notice").[3]

4. By virtue of the Lien Notice and W. Va. Code §§ 38-2-1 and 38-2-17, IAC holds a perfected lien on the Plant, which relates back to the date IAC's work under the Contract began.

5. On August 13, 2026, the Debtor filed the Sale Motion seeking, amongst other things, this Court's approval of a sale of substantially all of the Debtor's assets, including the Plant, free and clear of all liens, claims, rights, interests, and encumbrances. *See* ECF No. 86 at ¶¶ 2-3, 7.

**Limited Objection and Reservation of Rights**

6. Generally, IAC does not object to the Debtor's proposed bidding procedures or the Debtor's intent to sell substantially all of its assets, including the Plant.

7. However, it is not clear from the Sale Motion whether the Debtor intends for liens and interests related to the salable assets to attach to the sale proceeds with the same validity and to the same extent and priority as before the sale, including IAC's lien rights in the Plant.

8. Accordingly, to the extent that the Debtor intends to sell the Plant free and clear of IAC's lien, IAC objects to such a process (and ultimately any such sale) unless its lien attaches to the proceeds with the same extent and with the same validity and priority as IAC's lien on the Plant.

---

[2] To the extent that the Debtor has characterized the IAC invoices as "suspicious," or otherwise suggests that IAC's work or accounting mechanism with respect to the project were improper, IAC disputes such characterization and expressly reserves all rights.

[3] Copies of the Contract and Lien Notice are attached to IAC's Proof of Claim filed at Claim No. 3.

9. IAC further requests that any order approving the bidding and sale procedures (and any ultimate sale) expressly provide that IAC's lien will attach to any proceeds of the sale to the same extent and priority of IAC's lien on the Plant.

10. IAC further reserves all rights to bring additional objections to the proposed sale of the Plant or the Sale Motion generally.

WHEREFORE, for the foregoing reasons, IAC respectfully requests that (a) any order granting the Sale Motion provide that IAC's liens shall attach to the sale proceeds of the Plant to the same extent and with the same validity and priority as to the Plant; and (b) grant IAC such other and further relief as is appropriate.

Dated: August 27, 2026

BRYAN CAVE LEIGHTON PAISNER LLP

*/s/ Jarret P. Hitchings*
Jarret P. Hitchings (DE 5564)
301 S. College Street, Suite 2150
Charlotte, North Carolina 28202
Telephone: (704) 749-8999
Facsimile: (704) 749-8990
Email: jarret.hitchings@bclplaw.com

*Counsel to Industrial Accessories Company*

**CERTIFICATE OF SERVICE**

This is to certify that on the 27th day of August 2026, I caused the foregoing *Limited Objection and Reservation of Rights Regarding Debtor's Motion to Sell Substantially All Assets* to be electronically filed using the Court's CM/ECF filing system. The CM/ECF system generated an email notice of the filing, linked to this document, to those parties registered to receive electronic notices in this case.

I further certify that a true and correct copy of the same was served via email to proposed counsel for the Debtor as follows:

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Andrew L. Magaziner
Robert F. Poppiti, Jr.
S. Alexander Faris
James C. Diver
Email: amagaziner@ycst.com
rpoppiti@ycst.com
afaris@ycst.com
jdiver@ycst.co

**HERBERT SMITH FREEHILLS KRAMER (US) LLP**
Alexander Woolverton
Kyle J. Ortiz
Brian F. Shaughnessy
Andrew Pollack
Jared C. Borriello
E-mail: alexander.woolverton@hsfkramer.com
kyle.ortiz@hsfkramer.com
brian.shaughnessy@hsfkramer.com
andrew.pollack@hsfkramer.com
jared.borriello@hsfkramer.com

[*Remainder of page intentionally left blank.*]

Dated: August 27, 2026

BRYAN CAVE LEIGHTON PAISNER LLP

*/s/ Jarret P. Hitchings*
Jarret P. Hitchings (DE 5564)
301 S. College Street, Suite 2150
Charlotte, North Carolina 28202
Telephone: (704) 749-8999
Facsimile: (704) 749-8990
Email: jarret.hitchings@bclplaw.com

*Counsel to Industrial Accessories Company*