**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Omnis Pleasants, LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 26-11169 (KBO)<br><br>**Hearing Date: September 3, 2026 at 11:30 a.m. (ET)**<br>**Objection Deadline: August 27, 2026 at 4:00 p.m. (ET)**<br><br>**Re: Docket Nos. 77, 81, 85** |

**OMNIBUS RESERVATION OF RIGHTS OF OMNIS FUEL TECHNOLOGIES, LLC AND QUANTUM PLEASANTS, LLC REGARDING OCP MOTION AND CERTAIN RETENTION APPLICATIONS**

Omnis Fuel Technologies, LLC ("**OFT**") and Quantum Pleasants, LLC ("**Quantum**") (collectively, the "**Objecting Parties**"), by and through their undersigned counsel, hereby submit this reservation of rights (the "**Reservation of Rights**") regarding: (i) the *Debtor's Motion for Entry of an Order Authorizing the Debtor to Retain and Compensate Certain Professionals Utilized by the Debtor in the Ordinary Course of Business* [Docket No. 77] (the "**OCP Motion**"); (ii) the *Debtor's Application for Entry of an Order Authorizing the (I) Retention of AP Services, LLC, (II) Designation of David Hindman as Chief Executive Officer, Effective as of the Petition Date, and (III) Granting Related Relief* [Docket No. 81] (the "**APS Retention Application**"); and (iii) the *Debtor's Application for Entry of an Order Pursuant to Section 327(e) of the Bankruptcy Code (I) Authorizing the Retention and Employment of Sidley Austin LLP as Special Regulatory Counsel for the Debtor and Debtor in Possession Effective as of the Petition Date and (II) Granting Related Relief* [Docket No. 85] (the "**Sidley Retention Application**," and together with the APS Retention Application, the "**Retention Applications**") filed by Omnis Pleasants, LLC (the

[1] The last four digits of the Debtor's tax identification number are 2673. The location of the Debtor's principal place of business and the Debtor's service address is One Power Station Boulevard, Belmont, West Virginia, 26134.

"**Debtor**") in the above-captioned case (the "**Chapter 11 Case**"). In support of this Reservation of Rights, the Objecting Parties respectfully state as follows:

## BACKGROUND

### A. The Chapter 11 Case

1. On July 26, 2026 (the "**Petition Date**"), the Debtor commenced this Chapter 11 Case. No Committee has been appointed in this Chapter 11 Case. *See* Docket No. 66.

2. On August 14, 2026, the Objecting Parties filed the *Motion of Omnis Fuel Technologies, LLC d/b/a Omnis Energy and Quantum Pleasants, LLC for Entry of an Order (I) Dismissing the Debtor's Chapter 11 Case, or, (II) in the Alternative, Directing the Appointment of a Chapter 11 Trustee, and (III) Vacating the Interim Cash Collateral Order* [Docket No. 93] (the "**Dismissal Motion**")[2], together with the declaration of OFT's president in support of the Dismissal Motion [Docket No. 94], seeking, among other things, the dismissal of the Chapter 11 Case for cause as a bad-faith filing that lacked corporate authority or, in the alternative, the appointment of a chapter 11 trustee for the Debtor.

3. The Objecting Parties hereby incorporate by reference the factual background set forth in the Dismissal Motion as though set forth herein in full.

### B. The OCP Motion and Retention Applications

4. On August 13, 2026, the Debtor filed the OCP Motion and each of the Retention Applications.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the OCP Motion, Retention Application, and/or Dismissal Motion, as applicable.

5. By the OCP Motion, the Debtor seeks approval of certain procedures for the retention of Ordinary Course Professionals.[3]

6. By the Retention Applications, the Debtor seeks authority to, among other things, retain and employ AP Services, LLC and designate David Hindman as the Debtor's CEO, and retain and employ Sidley Austin LLP as special regulatory counsel for the Debtor.

## RESERVATION OF RIGHTS

7. The Objecting Parties believe that the OCP Motion and the Retention Applications are premature because they are premised upon the same corporate authority issues identified in the Dismissal Motion and that continue to hang over this Chapter 11 Case. That is, there is an ongoing bona fide dispute with respect to who has the requisite authority to act on behalf of the Debtor and to retain and employ professionals for the Debtor.

8. Accordingly, the Objecting Parties reserve and preserve all of their rights with respect to the OCP Motion, both of the Retention Applications, and/or any and all documents related thereto, including, without limitation, to file further and/or additional responses to the OCP Motion and/or any of the Retention Applications. The Objecting Parties further reserve and preserve all rights with respect to the retention of any and all Ordinary Course Professionals, including, without limitation, to object to or otherwise challenge the retention of any Ordinary Course Professionals.

[3] In the OPC Motion, the Debtor states that it expects that the Ordinary Course Professionals will include, among other professionals, Jackson Kelly PLLC ("**Jackson Kelly**"). *See* OCP Motion, Ex. B (OCP List). Upon information and belief, Jackson Kelly PLLC is litigation counsel to Gilbert Nathan in the West Virginia Litigation. The Objecting Parties expressly reserve and preserve all rights with respect to any proposed retention or employment by the Debtor of Jackson Kelly, or any other professional, as an Ordinary Course Professional or otherwise.

Dated: August 27, 2026
Wilmington, Delaware

**LOWENSTEIN SANDLER LLP**

Christopher A. Ward (No. 3877)
Shanti M. Katona (No. 5352)
1000 N West Street, Suite 1200
Wilmington, DE 19801
Telephone: (973) 597-2500
cward@lowenstein.com
skatona@lowenstein.com

*Counsel to Omnis Fuel Technologies, LLC and Quantum Pleasants LLC*