# EXHIBIT A

## Revised Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| Omnis Pleasants, LLC[1] | ) | Case No. 26-11169 (KBO) |
| Debtor. | ) | |

**ORDER (I) PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE AUTHORIZING THE RETENTION AND EMPLOYMENT OF SIDLEY AUSTIN LLP AS SPECIAL REGULATORY COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION EFFECTIVE AS OF THE PETITION DATE AND (II) GRANTING RELATED RELIEF**

Upon the application (this "**Application**")[2] of the above-captioned debtor and debtor in possession (the "**Debtor**") for entry of an order (this "**Order**") authorizing the Debtor to retain and employ Sidley Austin LLP ("**Sidley**") as its special regulatory counsel effective as of July 26, 2026 (the "**Petition Date**"), pursuant to sections 327(e) and 330 of title 11 of the United States Code (the "**Bankruptcy Code**"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"); and the Court having reviewed the Application and the Irvin Declaration and the Hindman Declaration filed in support of the Application; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having authority to enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue

[1] The last four digits of the Debtor's tax identification number are 2673. The location of the Debtor's principal place of business and the Debtor's service address is One Power Station Boulevard, Belmont, West Virginia, 26134.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found based on the representations made in the Application and in the Irvin Declaration that Sidley does not represent or hold an interest adverse to the Debtor's estate on the matters on which Sidley seeks to be retained; and the Court having found that the relief requested in the Application is in the best interest of the Debtor's estate, its creditors, and other parties in interest; and the Court having found that the Debtor provided adequate and appropriate notice of the Application under the circumstances and that no other or further notice is required; and the Court having reviewed the Application and having heard statements in support of the Application at a hearing (if any) held before the Court (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Application is **GRANTED**, as set forth herein.

2. The Debtor is authorized to retain and employ Sidley as special regulatory counsel for the Special Counsel Matters, effective as of the Petition Date, pursuant to section 327(e) of the Bankruptcy Code in accordance with the terms and conditions set forth in the Application, except as provided by this Order.

3. Sidley is authorized to provide the Debtor and the Witness Parties with the professional services as described in the Application and the Engagement Letter. To the extent their interests diverge in the future, the Witness Parties shall obtain separate counsel to ensure that they are adequately represented under such circumstances.

4. Sidley shall be compensated for its services and reimbursed for any related expenses (including for its representation of the Witness Parties and/or for any fees and expenses of TRC) in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines and any other applicable orders or procedures of this Court.

5. Sidley shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's Chapter 11 Case in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. Sidley will also make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with the Application and the interim and final fee applications to be filed by Sidley in the Chapter 11 Case.

6. The relief granted herein shall be binding upon any chapter 11 trustee appointed in the Chapter 11 Case, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of the Chapter 11 Case to cases under chapter 7.

7. Notwithstanding anything to the contrary in the Application, the Engagement Letter, the Irvin Declaration, or the Hindman Declaration, the reimbursement provisions allowing the reimbursement of fees and expenses incurred in connection with participating in, preparing for, or responding to any action, claim, suit, or proceeding brought by or against any party that relates to the legal services provided under the Engagement Letter and fees for defending any objection to Sidley's fee applications under the Bankruptcy Code are not approved.

8. Notwithstanding anything contained in the Application, its exhibits, and/or any supporting filings, including the Engagement Letter, the Debtor's rights to object to interim and/or final allowance of Sidley's fees are fully reserved under the applicable bankruptcy law and the procedures set forth in any order of the Court permitting interim compensation and reimbursement of expenses of retained professionals in this Chapter 11 Case, and Sidley shall not seek reimbursement of any fees or costs incurred in defending any of Sidley's fee applications in the Chapter 11 Case.

9. To the extent Sidley uses the services of independent contractors (the "**Contractors**"), Sidley shall: (a) pass through the cost of such Contractors to the Debtor at the same rate that Sidley pays the Contractors; (b) seek reimbursement for actual costs incurred; (c) ensure that the Contractors are subject to the same conflict checks as required for Sidley; and (d) file with the Court such disclosures required by Bankruptcy Rule 2014; *provided*, *however*, that TRC is not a Contractor and the requirements under the foregoing clauses (c) and (d) shall not apply with respect to TRC. For the avoidance of doubt, Sidley may continue to pass through at cost and seek reimbursement from the Debtor's estate for expenses incurred by Sidley in connection with TRC for the Special Counsel Matters in accordance with the Engagement Letter.

10. To the extent the Debtor wishes to expand the scope of Sidley's services beyond the Special Counsel Services, the Debtor shall be required to seek further approval from this Court. The Debtor shall file notice of any proposed additional services (the "**Proposed Additional Services**") and any underlying engagement agreement with the Court and serve such notice on the U.S. Trustee, any statutory committee appointed in the Chapter 11 Case, and any party requesting notice in the Chapter 11 Case under Bankruptcy Rule 2002. If no such party files an objection within fourteen (14) days of the Debtor filing such notice, the Proposed Additional Services and

any underlying engagement agreement may be approved by the Court by further order without further notice or hearing.

11. Sidley shall provide ten (10) business days' notice to the Debtor, the U.S. Trustee, and any statutory committee appointed in the Chapter 11 Case before any increases in the rates set forth in the Application or the Engagement Letter are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

12. Sidley may first apply the remaining Retainer balance to any unpaid prepetition fees and expenses, with the remainder of the Retainer paid to Sidley and not expended for any such unpaid prepetition fees and expenses to be treated as an evergreen retainer to be held by Sidley as security for the payment of fees and expenses incurred under the Engagement Letter throughout the Chapter 11 Case until Sidley's fees and expenses are awarded by an order of the Court approving Sidley's fees and expenses during the Chapter 11 Case on a final basis.

13. The Debtor and Sidley are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

14. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

15. To the extent the Application, the Irvin Declaration, the Hindman Declaration, or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

16. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

17. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# EXHIBIT 1

## Engagement Letter

SIDLEY

SIDLEY AUSTIN LLP
1501 K STREET, N.W.
WASHINGTON, DC 20005
+1 202-736-8000
+1 202-736-8711 FAX

+1 202-736-8256
KIRVIN@SIDLEY.COM

February 17, 2026

**Privileged and Confidential**

Omnis Pleasants LLC
Pleasants Power Station
1 Power Station Blvd.
Belmont, WV 26134
United States

Attention: Gilbert Nathan,

Dear Gil:

**Introduction.** Sidley Austin LLP ("Sidley" or "we") appreciates the opportunity to serve as your counsel. This letter, including its Attachment entitled "Additional Terms and Conditions," explains the policies and procedures that apply to this engagement. If this letter is acceptable, please sign two copies in the space provided below, retain one copy and return the other to me.

**Client.** The client in the matter described below will be Omnis Pleasants LLC (the "Client" or "you"). Unless we otherwise agree in writing, the Client will not include your parent entity, any of its or your subsidiaries or affiliates, or any of your or their respective shareholders, directors, officers, or employees. Thus, our representation of you will not give rise to any conflict of interest if our representation of any other Sidley client is adverse to your parent entity, any of your subsidiaries or affiliates or any of your or their respective shareholders, directors, officers, or employees.

**Matter; Scope.** Our representation of you is limited to representing you on matter before the Federal Energy Regulatory Commission ("FERC") and in connection with power plant's obligations under FERC regulations. (the "Matter"). We would be pleased to consider expanding the scope of this Matter, or representing you in other matters; however, we must first confirm any such expansion or other representation in writing. If we take on additional matters, each will be governed by this letter unless otherwise agreed. You also agree that we will not be subject to any Outside Counsel Guidelines, Master Retainer Agreement, or other terms of representation issued by you, without our express written permission.

**Fees and Expenses.** Our fees for the Matter will be based on the hourly billing rate for each attorney and paralegal (and any other relevant timekeeper) devoting time to the Matter. Our billing rates for attorneys in our United States offices currently range from $910 per hour for new Associates to $2,870 per hour for Senior Partners and Senior Counsel. Our billing rates for

SIDLEY



Paralegals in those offices currently range from $510 per hour to $805 per hour. We are pleased to discount our hourly rates by 10%, contingent on the timely payment of our invoices. If payment is not received in accordance with the agreed upon terms, you agree to pay fees based on our hourly rates, without discount. These billing rates, which are not set by law but are negotiable between attorney and client, may be changed periodically.

We are committed to serving you with efficient and cost-effective support systems. We will include on our bills charges for services such as document reproduction, messenger and overnight courier service, computerized research, travel, document processing, search and filing fees, and internal litigation and practice support services. Fees and expenses of others (such as outside experts, consultants, other non-legal professionals, local counsel, and co-counsel) will generally be billed directly to you by those others. Our website, which can be accessed at https://www.sidley.com/en/-/media/uploads/costrecoveryandadministrativeexpensepolicy.pdf, includes detailed information about our expense recovery policies and procedures, which are an integral part of this letter. These policies and procedures take into account, among other things, a number of special arrangements we have with some of our vendors and service providers.

We want our clients to be satisfied with the quality and reasonableness of our services. Our usual practice is to bill monthly, and payment is due within 30 days following your receipt of our invoice. Subject to applicable rules of professional conduct, we may suspend work on a matter or resign from a representation if satisfactory arrangements are not made for the payment of amounts outstanding in excess of 60 days and we do not receive satisfactory assurance of the payment of amounts that will become due in the future.

All payments by you hereunder shall be made without set-off or counterclaim, and free and clear of, and without any deduction or withholding for or on account of, any present or future taxes, levies, imports, duties, fees, assessments, or other charges of whatever nature imposed by any taxing authority. If you are required by applicable law to withhold or deduct any tax in respect of any payment to us, and such withholding or deduction is not reduced, exempted or eliminated, you must increase the amount payable so that, after such withholding or deduction, we receive and retain an amount equal to the fees and expenses that would have been payable in the absence of such deduction or withholding.

**Conflicts.** This letter does not create an exclusive relationship; you are free to retain other counsel of your choosing for any matter. Correspondingly, we have numerous clients that rely on us for general representation, including clients that may be indebted to, or are creditors of you or one or more of your affiliates. Sidley has represented, and may be currently representing, one or more of these clients in connection with many aspects of their businesses. As a result, without advance conflicts waivers from Sidley clients, conflicts of interest could arise that could deprive either you or other Sidley clients of the right to select Sidley as counsel.

In light of the foregoing, other current or future clients, including, but not limited to, those identified in the preceding paragraph (collectively, the “Other Clients”), may ask us to represent them in matters such as litigation, business transactions, investigations, regulatory,

SIDLEY



insolvency, restructuring, or other matters that are or may be adverse to you and may negatively impact your interests. If we are not representing you in such a matter, and the matter in which you and an Other Client have adverse interests is not substantially related to our current or past representation of you, you agree that we may represent such Other Client, you waive any conflict of interest arising from such representation, and you agree that you will not seek to disqualify or otherwise prevent us from representing such Other Client. On the other hand, you may ask Sidley to represent you in a matter adverse to an Other Client in which we are not representing the Other Client. In such circumstances, you agree that we may represent you adverse to the Other Client and waive any conflict of interest arising from our not substantially related representation of the Other Client, and you agree that you will not seek to disqualify or otherwise prevent us from representing such Other Client. **You acknowledge that you have had an opportunity to consult with other counsel (in-house or otherwise) and to raise any questions you may have with us before agreeing to this waiver.**

You acknowledge and agree that in connection with a transaction involving an auction, sale process, or investment round in which Sidley is representing you as a prospective bidder, buyer, investor, or financing source, Sidley may also represent other prospective bidders, buyers, investors, or their respective financing sources; provided Sidley will maintain the confidentiality of all information provided to us by you or your representatives (or by the other prospective bidders, buyers, investors, or financing sources), and Sidley will not convey, disclose or use any such information in connection with our representation of any party involved in such transaction or you, as the case may be.

Because we have many lawyers and Other Clients, one or more of our lawyers may have business, financial, professional or personal relationships with or responsibility (other than an attorney-client relationship) to a party or witness in the matter. We are not aware of any such relationship that might present a material limitation on our work, though we have not inquired of each lawyer in the firm beyond those whom we expect to work on the matter. In the event we learn a firm lawyer has a relationship with a party or witness in the matter that might present a material limitation, we either will promptly screen that lawyer from the matter or request your informed consent for that lawyer to work on the matter.

**Term of Engagement.** We trust that our relationship with you will be mutually satisfactory. However, either you or Sidley may terminate our representation at any time for any reason, subject on our part to applicable rules of professional conduct. If we terminate the representation before it is concluded, we will take reasonably practicable steps to protect the Client's interests. If a court's permission is required for withdrawal from the representation, we will promptly apply for such permission, and you agree to cooperate in such application – including, where appropriate, by engaging successor counsel in the matter.

Unless previously terminated, our engagement in the Matter and representation of the Client in the Matter will terminate without further notice upon the earliest of: (i) our completion of the Matter; (ii) a decision by you not to proceed with the Matter; (iii) our sending a final statement for services rendered in the Matter; and (iv) when a period in excess of six months

elapses during which you do not request and we do not furnish you with any billable services. The termination of a matter by either the Client or Sidley will not affect the Client's obligation to pay unpaid fees and expenses incurred as of that time, and will not be affected by the fact that Sidley (a) thereafter makes efforts to collect unpaid fees and expenses or (b) is designated in an agreement with another party or on a court service list to receive notices related to the matter.

**Governing Law and Choice of Forum.** This letter shall be governed by, and construed in accordance with, applicable rules of professional conduct and the laws of Washington, D.C., without regard to its conflict of laws rules. Any claim arising under or relating to this letter, including the attached Additional Terms and Conditions, that is not subject to arbitration shall only be brought in the state or federal courts in such State, and the Client and Sidley each agree to submit to the jurisdiction of such courts.

**Arbitration of Disputes.** We expect that any disagreement between us relating to an engagement governed by this letter or to our relationship with the Client (including any claim of malpractice or breach of contract, or relating to fees or charges for the representation) will be resolved by discussion. If, however, such discussion is not successful, we both agree that any such dispute or claim will be finally resolved by arbitration conducted in accordance with the International Institute for Conflict Prevention and Resolution ("CPR") Rules for Non-Administered Arbitration (effective November 1, 2007), except as they may be modified herein or by our mutual agreement. The arbitration shall take place in Washington, D.C. or in another location agreed to by you and us. In addition, we both consent to the jurisdiction of the federal or state courts in the location where the arbitration is conducted over any judicial proceedings relating to any aspect of the arbitration, including motions to confirm, vacate, modify, or correct an arbitration award. The arbitration shall be governed by the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*., and judgment may be entered by any court having jurisdiction over the award or the relevant party or its assets.

The arbitration shall be conducted by one arbitrator who shall be selected by our mutual agreement, or by the CPR if you and we are unable to agree on an arbitrator within 30 days after arbitration is initiated. Each of us will be responsible for paying the costs of the arbitration in accordance with CPR rules. Each of us agrees to keep the arbitration confidential, and neither the proceeding's existence nor any element of it shall be disclosed by either of us beyond the tribunal, the parties and their counsel, and any person necessary to the conduct of the proceeding. The confidentiality obligations shall not apply if disclosure is required by law or in judicial or administrative proceedings, or to the extent that disclosure is necessary to enforce the rights arising out of the award, provided that each of us agrees to use best efforts to limit the scope of any required disclosure, and, subject to court approval, to seek to submit any such disclosure to a court or agency under seal. Claimants who are not parties to this letter may not bring claims in the arbitration proceeding.

**This agreement to arbitrate shall constitute an irrevocable waiver of each party's right to a trial by jury, as well as of rights to discovery or to an appeal that would customarily be available in a judicial proceeding but that may be limited or unavailable in**

SIDLEY



**connection with such an arbitration.** You acknowledge that you have had the opportunity to consult with other counsel (in-house or otherwise) prior to agreeing to this waiver, including regarding the waiver of jury trial, discovery, and appeal rights, and have made your own decision about whether to do so.

**Opportunity to Consult with Independent Counsel.** We encourage you to seek independent counsel (in-house or otherwise) regarding the import of the waivers and provisions set forth above, if you so desire, and we emphasize that you remain completely free to seek independent counsel at any time even if you decide to sign this letter and consent as set forth below. You acknowledge that you have had an opportunity to consult with independent counsel prior to signing this letter and agreeing to such waivers and provisions, and have made your own decision about whether to do so.

* * *

Please call me if you have any questions regarding this letter. Thank you for the opportunity to serve you.

Very truly yours,

Kenneth W. Irvin

____________________________

Kenneth Irvin

Attachment: Additional Terms and Conditions

Acknowledged and Agreed

By: ______________________________

Gilbert Nathan,
On behalf of Omnis Pleasants LLC

**Privileged and Confidential**

**Additional Terms and Conditions**

This is an attachment to, and integral part of, the letter with Omnis Pleasants LLC.

**Limitations on the Scope of the Matter.** Unless otherwise agreed by Sidley in writing, our engagement in the Matter or in any other representation contemplated by this letter will not include advising you on insurance coverage issues; Sidley will not provide advice concerning notification of insurance carriers, and will not be responsible for notifying such carriers or for follow-up communications with the carriers regarding the status of the Matter. In addition, Sidley will not be representing your insurance carrier in the Matter.

After completion of the Matter, changes may occur in applicable laws or regulations or applicable transaction documentation that could have an impact on the Client's future rights and liabilities. Unless the Client actually engages us to provide additional advice after the completion of the Matter on issues arising from the Matter, and we accept such an engagement in writing, we will have no continuing obligation to advise the Client with respect to future legal developments. In addition, certain entities may have reporting obligations under applicable state or federal laws, including to the extent applicable the Corporate Transparency Act in the United States and similar anti-money laundering laws in other jurisdictions. Unless we are expressly engaged for the purpose of filing such specific reports, we will not have any responsibility to monitor any reporting deadlines or to timely file documents with respect to such reporting obligations.

**No Warranty.** Sidley will endeavor to achieve successful results for the Client, but Sidley makes no promises or warranties to the Client regarding the outcome or cost of the Matter.

**Confidentiality and Document Retention.** When a matter is concluded, we will keep our file confidential in accordance with applicable rules of professional conduct. At the Client's request at the termination of a matter, Sidley will provide the Client with Sidley's file relating to the representation, including any documents or other property that the Client provided to Sidley in connection with the representation. Such file will not include Sidley's administrative records, time and expense reports, personnel and staffing materials, credit and accounting records, and internal Sidley work product (such as drafts, notes, and internal memoranda and emails). Client consents to Sidley destroying documents after Sidley's applicable records retention periods have expired.

**Responses to Subpoenas and Similar Requests.** If Sidley is required to respond to a subpoena or other formal request for records or other information relating to a representation, or to testify by deposition or otherwise concerning the representation (a "Request"), Sidley will first, to the extent permitted by applicable law, consult with the Client to determine whether the Client wishes Sidley to comply with the Request, or to resist it if there is a basis for doing so.

SIDLEY



The Client agrees to reimburse Sidley for its reasonable time and expense incurred in responding to any Request, including time and expense incurred in reviewing documents, appearing at depositions or hearings, and otherwise addressing issues raised by the Request.

**Responses to Audit Inquiries.** We respond to a client's request to provide information to the client's auditor regarding client legal matters with the same care and professionalism used to handle other client legal work. We will, accordingly, charge for those services at the same rates. A written request by or on behalf of you that we provide information to an auditor will constitute your consent that we disclose the requested information on your behalf.

**Privacy, Data Protection and Confidentiality.** Our policies with respect to privacy, data protection, and information security can be accessed on our website at https://www.sidley.com/en/sidley-pages/privacy-policy. Subject to those policies and to applicable ethical confidentiality obligations, and unless otherwise directed by the Client, Sidley may use a variety of electronic communication systems in communicating internally, with the Client, and with others during the representation, including cellular or satellite telephone calls, emails, facsimile transmissions, video conferencing, and other evolving forms of electronic communications. Sidley uses outsourced non-lawyer personnel for a variety of support functions, including mailroom, photocopy, information technology, and word processing, and they are required by Sidley to agree to maintain the confidentiality of information relating to Sidley's clients.

You should ensure that the provision of personal information to us is lawful. Please also consider how it affects the individuals involved, and ensure where such notification is required by applicable data protection law that your employees and any individual whose personal information you or your agents provide to us are aware of the matters in this clause and our Privacy Policy.

If you ask us to establish a confidentiality wall, we will do so above consistent with the applicable rules of professional conduct so that lawyers who have information that is material to your matter and lawyers who have information that is material to the Other Client's matter will not have access to information of the other.

**Use of Non-Secure Communications.** We maintain email and other systems to keep our electronic communications with you secure and confidential, and we request that all information that you send to us electronically is sent to us through our email system. We cannot be responsible for the security or confidentiality of any information that you send to us electronically using any other methods of electronic communication, including WeChat and social media (collectively, "Non-Secure Communications"). Please note that if you choose to communicate with us using Non-Secure Communications, including by requesting us to send you any information using such methods of communication, we shall not be, and you shall not hold us, liable for any actual or potential breach of confidentiality or loss of client-attorney privilege as a result of you or us using such methods of communication.

SIDLEY



**Limitation of Liability for Consumer-Grade Cloud-Based Storage Providers or Third-Party Filing Services.** We provide, and make available to our clients as part of our engagement our own secure, encrypted file transfer system as well as a secure Extranet to facilitate the storage and sharing of information between you and us. We cannot be held responsible for the security or confidentiality of any information when you require us to use a specific consumer-grade cloud storage provider (e.g., the free, non-enterprise versions available for download on the internet) for the storage, sharing or exchange of documents or information generated or used in the course of a specific engagement (collectively, "communication"). Please note that if you require us to use a specific consumer-grade cloud storage provider, including by requesting us to send you any information using such methods of communication, we shall not be, and you shall not hold us, liable for any actual or potential breach of confidentiality or loss of client-attorney privilege as a result of you or us using such methods of communication. Furthermore, if you ask us to make any filings on your behalf that require using services provided by a third party, such as governmental, tax, financial, SEC, or regulatory filings, we are not responsible for those third-party services.

**Laws Covered.** Except as may be otherwise agreed to by Sidley in writing, our representation of the Client hereunder will be limited to matters of United States federal law, state law in states in which we have offices, and, as applicable, the Delaware Revised Uniform Partnership and Limited Partnership Acts, the Delaware Limited Liability Company Act, and the Delaware General Corporation Law.

**Publicity.** Except as permitted by the applicable rules of professional conduct, Sidley will not disclose that it represents or has represented the Client in a particular matter without Client consent unless the matter has been publicly disclosed, such as by a filing with a court or regulatory authority or by the Client's issuance of a press release. Unless the Client consents to the inclusion of additional information, Sidley's disclosure of information about a matter will be limited to the Client's name, the name of the other party or parties, and a short description of the matter which contains only publicly-available information.

**Consent Regarding Privileged Sidley Communications.** When issues arise concerning Sidley's professional duties and rights, including under applicable professional conduct rules, Sidley may seek confidential counsel from internal Sidley lawyers with responsibility or expertise in the areas in question, and in some instances from outside counsel as well. Sidley believes that it is in the mutual interest of Sidley and its clients that Sidley receive expert and confidential legal advice regarding its professional duties and rights in such circumstances. Accordingly, the Client consents to such consultation, waives any claim of conflict of interest that could result from such consultation, and agrees that such consultation will not be a basis for a waiver of any attorney/client privilege that would otherwise be available to Sidley. However, Sidley will continue to comply with its professional obligation to provide the Client with sufficient information regarding a matter to permit the Client to make informed decisions regarding the representation.

**<u>Severability</u>.** If any provision of this letter (including these Additional Terms and Conditions) is held to be unenforceable or invalid for any reason, the remaining provisions will continue in full force and effect.

**<u>Limitation of Liability Regarding Money Transfers</u>.** We will not be responsible to you or any other person for the failure or any disruption of any payment or communications systems required for any money transfer, nor will we be responsible for the credit failure or other acts or omissions of any banking institution, which is involved in the transfer of money.

# EXHIBIT B

**Blackline**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| Omnis Pleasants, LLC[1] | ) | Case No. 26-11169 (KBO) |
| Debtor. | ) | |

**ORDER (I) PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE AUTHORIZING THE RETENTION AND EMPLOYMENT OF SIDLEY AUSTIN LLP AS SPECIAL REGULATORY COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION EFFECTIVE AS OF THE PETITION DATE AND (II) GRANTING RELATED RELIEF**

Upon the application (this "**Application**")[2] of the above-captioned debtor and debtor in possession (the "**Debtor**") for entry of an order (this "**Order**") authorizing the Debtor to retain and employ Sidley Austin LLP ("**Sidley**") as its special regulatory counsel effective as of July 26, 2026 (the "**Petition Date**"), pursuant to sections 327(e) and 330 of title 11 of the United States Code (the "**Bankruptcy Code**"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"); and the Court having reviewed the Application and the Irvin Declaration and the Hindman Declaration filed in support of the Application; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having authority to enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue

[1] The last four digits of the Debtor's tax identification number are 2673. The location of the Debtor's principal place of business and the Debtor's service address is One Power Station Boulevard, Belmont, West Virginia, 26134.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found based on the representations made in the Application and in the Irvin Declaration that Sidley does not represent or hold an interest adverse to the Debtor's estate on the matters on which Sidley seeks to be retained; and the Court having found that the relief requested in the Application is in the best interest of the Debtor's estate, its creditors, and other parties in interest; and the Court having found that the Debtor provided adequate and appropriate notice of the Application under the circumstances and that no other or further notice is required; and the Court having reviewed the Application and having heard statements in support of the Application at a hearing (if any) held before the Court (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Application is **GRANTED**, as set forth herein.

2. The Debtor is authorized to retain and employ Sidley as special regulatory counsel for the Special Counsel Matters, effective as of the Petition Date, pursuant to section 327(e) of the Bankruptcy Code in accordance with the terms and conditions set forth in the Application, except as provided by this Order.

3. Sidley is authorized to provide the Debtor and the Witness Parties with the professional services as described in the Application and the Engagement Letter. To the extent their interests diverge in the future, the Witness Parties shall obtain separate counsel to ensure that they are adequately represented under such circumstances.

4. Sidley shall be compensated for its services and reimbursed for any related expenses (including for its representation of the Witness Parties and/or for any fees and expenses of TRC) in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines and any other applicable orders or procedures of this Court.

5. Sidley shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's Chapter 11 Case in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. Sidley will also make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with the Application and the interim and final fee applications to be filed by Sidley in the Chapter 11 Case~~; *provided* that as a professional retained under § 327(e) of the Bankruptcy Code, Sidley will not be required to submit a budget and staffing plan with its fee applications~~.

6. The relief granted herein shall be binding upon any chapter 11 trustee appointed in the Chapter 11 Case, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of the Chapter 11 Case to cases under chapter 7.

7. Notwithstanding anything to the contrary in the Application, the Engagement Letter, the Irvin Declaration, or the Hindman Declaration, the reimbursement provisions allowing the reimbursement of fees and expenses incurred in connection with participating in, preparing for, or responding to any action, claim, suit, or proceeding brought by or against any party that relates to the legal services provided under the Engagement Letter and fees for defending any objection

to Sidley's fee applications under the Bankruptcy Code are not approved ~~pending further order of the Court~~.

8. Notwithstanding anything contained in the Application, its exhibits, and/or any supporting filings, including the Engagement Letter, the Debtor's rights to object to interim and/or final allowance of Sidley's fees are fully reserved under the applicable bankruptcy law and the procedures set forth in any order of the Court permitting interim compensation and reimbursement of expenses of retained professionals in this Chapter 11 Case, and Sidley shall not seek reimbursement of any fees or costs incurred in defending any of Sidley's fee applications in the Chapter 11 Case.

9. To the extent Sidley uses the services of independent contractors (the "**Contractors**"), Sidley shall: (a) pass through the cost of such Contractors to the Debtor at the same rate that Sidley pays the Contractors; (b) seek reimbursement for actual costs incurred; (c) ensure that the Contractors are subject to the same conflict checks as required for Sidley; and (d) file with the Court such disclosures required by Bankruptcy Rule 2014; *provided*, *however*, that TRC is not a Contractor and the requirements under the foregoing clauses (c) and (d) shall not apply with respect to TRC. For the avoidance of doubt, Sidley may continue to pass through at cost and seek reimbursement from the Debtor's estate for expenses incurred by Sidley in connection with TRC for the Special Counsel Matters in accordance with the Engagement Letter.

10. To the extent the Debtor wishes to expand the scope of Sidley's services beyond the Special Counsel Services, the Debtor shall be required to seek further approval from this Court. The Debtor shall file notice of any proposed additional services (the "**Proposed Additional Services**") and any underlying engagement agreement with the Court and serve such notice on the U.S. Trustee, any statutory committee appointed in the Chapter 11 Case, and any party requesting

notice in the Chapter 11 Case under Bankruptcy Rule 2002. If no such party files an objection within fourteen (14) days of the Debtor filing such notice, the Proposed Additional Services and any underlying engagement agreement may be approved by the Court by further order without further notice or hearing.

11. Sidley shall provide ten (10) business days' notice to the Debtor, the U.S. Trustee, and any statutory committee appointed in the Chapter 11 Case before any increases in the rates set forth in the Application or the Engagement Letter are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

12. Sidley may first apply the remaining Retainer balance to any unpaid prepetition fees and expenses, with the remainder of the Retainer paid to Sidley and not expended for any such unpaid prepetition fees and expenses to be treated as an evergreen retainer to be held by Sidley as security for the payment of fees and expenses incurred under the Engagement Letter throughout the Chapter 11 Case until Sidley's fees and expenses are awarded by an order of the Court approving Sidley's fees and expenses during the Chapter 11 Case on a final basis.

13. The Debtor and Sidley are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

14. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

15. To the extent the Application, the Irvin Declaration, the Hindman Declaration, or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

16. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

17. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# EXHIBIT 1

## Engagement Letter