**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| Omnis Pleasants, LLC, | ) | Case No. 26-11169 (KBO) |
| Debtor.[1] | ) | **Ref. Docket Nos. 83, 84, 86, 93, 168, 169, 171, 175, 182, 188, & 211** |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER, PURSUANT TO LOCAL RULE 9006-1(d), GRANTING DEBTOR LEAVE AND PERMISSION TO FILE OMNIBUS REPLY OF THE DEBTOR IN SUPPORT OF ITS (I) BIDDING PROCEDURES MOTION AND (II) RETENTION APPLICATIONS**

Omnis Pleasants, LLC, d/b/a Pleasants Power Station, as debtor in possession (the "**Debtor**") in the above-captioned chapter 11 case, respectfully states the following in support of this motion (this "**Motion**") for the relief set forth herein:[2]

## RELIEF REQUESTED

By this Motion, the Debtor seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to Rule 9006-1(d) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), granting the Debtor leave and permission to file its omnibus reply [Docket No. 211] (the "**Reply**") in support of:

- *Debtor's Application for Entry of an Order Authorizing the Retention and Employment of Herbert Smith Freehills Kramer (US) LLP as Attorneys for the Debtor and Debtor in Possession Effective as of the Petition Date* [Docket No. 83];
- *Debtor's Application for Entry of an Order, Pursuant to 11 U.S.C. §§ 327 and 328(a), Fed. R. Bankr. P. 2014, and Local Rules 2014-1 and 2016-2, Authorizing Retention and*

[1] The last four digits of the Debtor's tax identification number are 2673. The location of the Debtor's principal place of business and the Debtor's service address is One Power Station Boulevard, Belmont, West Virginia 26134.

[2] Capitalized terms used but not otherwise defined in this Motion shall have the meanings ascribed to them in the *Declaration of David Hindman, as Chief Executive Officer of the Omnis Pleasants, LLC, d/b/a Pleasants Power Station, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 10].

*Employment of Houlihan Lokey Capital, Inc. as Investment Banker to the Debtor, Effective as of August 3, 2026* [Docket No. 84]; and

- *Debtor's Motion for Entry of an Order (I) Approving the Auction and Bidding Procedures for the Sale of the Debtor's Assets, (II) Scheduling Certain Dates and Deadlines Related Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Authorizing the Debtor to Designate a Stalking Horse Bidder and Offer Bid Protections Related Thereto, (V) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (VI) Approving the Sale of Assets, and (VII) Granting Related Relief* [Docket No. 86] (the "**Bidding Procedures Motion**").

The Reply responds to the respective objections filed by Omnis Fuel Technologies, LLC and Quantum Pleasants, LLC (together, the "**Quantum Parties**") [Docket Nos. 169 and 188], West Virginia Economic Development Authority ("**WVEDA**") [Docket No. 171], Angela Chen and certain affiliated parties (the "**Angela Chen Parties**") [Docket No. 182], Industrial Accessories Company ("**IAC**") [Docket No. 168], and the United States Trustee for the District of Delaware (the "**U.S. Trustee**") [Docket No. 175] (collectively, the "**Objections**").

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012 (the "**Standing Order**").

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Pursuant to Local Rule 9013-1(f), the Debtor consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**") and Local Rule 9006-1.

## BACKGROUND

5. On July 26, 2026, the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to operate its business and manage its financial affairs as a debtor in possession.

6. As of the date hereof, trustee, examiner, or statutory committee has been appointed or designated in the Chapter 11 Case.

7. On August 13, 2026, the Debtor filed the Bidding Procedures Motion and the retention applications identified herein (collectively, the "**Underlying Pleadings**").

8. The deadline to object to the Underlying Pleadings was August 27, 2026 at 4:00 p.m. (ET) (the "**Objection Deadline**"). Prior to the Objection Deadline (as extended in certain instances), the Quantum Parties, WVEDA, the Angela Chen Parties, IAC, and the U.S. Trustee (collectively, the "**Objecting Parties**") filed the respective Objections. The Objections raise numerous factual and legal disputes concerning the Bidding Procedures Motion and the Debtor's proposed retention of certain professionals.

9. A hearing to consider the Bidding Procedures Motion and the retention applications is currently scheduled for September 3, 2026 at 11:30 a.m. (ET) (the "**Hearing**").[3]

[3] The Court originally set the Hearing for 1:00 p.m. (ET) on September 3, 2026. At the Debtor's request, the Court rescheduled the Hearing to 11:30 a.m. (ET) on September 3, 2026 [Docket No. 160].

**BASIS FOR RELIEF**

10. Pursuant to Local Rule 9006-1(d), "[r]eply papers . . . may be filed and, if filed, shall be served so as to be received by 4:00 p.m. prevailing Eastern Time the day prior to the deadline for filing the agenda." The Debtor was required to file the agenda for the Hearing on or before September 1, 2026 at 12:00 p.m. (ET). Accordingly, the Debtor's deadline to file a reply to the Objections was August 31, 2026 at 4:00 p.m. (ET) (the "**Reply Deadline**"). Given the timing, volume, and complexity of the Objections, the Debtor was unable to fully evaluate and prepare responses to the numerous factual and legal issues raised in the Objections by the Reply Deadline.

11. In addition to filing the Objections, the Quantum Parties have actively litigated multiple contested matters in the Chapter 11 Case, including filing their *Motion of Omnis Fuel Technologies, LLC d/b/a Omnis Energy and Quantum Pleasants, LLC for Entry of an Order (I) Dismissing the Debtor's Chapter 11 Case, or (II) in the Alternative, Directing the Appointment of a Chapter 11 Trustee, and (III) Vacating the Interim Cash Collateral Order* [Docket No. 93], serving extensive discovery requests on the Debtor and the Prepetition Secured Parties, and seeking deposition testimony from the Debtor's Chief Executive Officer. As a result, the issues raised by the Underlying Pleadings and the Objections have become substantially more complex.

12. Accordingly, rather than filing multiple piecemeal responses, the Debtor prepared a single omnibus reply that comprehensively addresses the various factual and legal arguments asserted by the Objecting Parties and explains why the relief requested in the Underlying Pleadings should be granted.

13. By this Motion, the Debtor respectfully requests leave and permission to file the Reply after the Reply Deadline. The Debtor submits that the Reply will assist the Court in its

consideration of the Underlying Pleadings and the Objections by providing a consolidated, organized, and comprehensive response to the issues raised by the Objecting Parties.

14. The Debtor further submits that no party in interest will be prejudiced by the relief requested herein. To the contrary, permitting the filing of the Reply will promote judicial economy, facilitate the efficient resolution of the contested matters presently before the Court, and ensure that the Court has the benefit of a complete record in advance of the Hearing.

## **NOTICE**

15. Notice of the Motion will be given to the following parties or their respective counsel, as applicable: (i) the U.S. Trustee; (ii) the parties included on the Debtor's list of thirty (30) largest unsecured creditors; (iii) TRAG LLC and RG Energy LLC; (iv) the parties to the Objections; and (v) all parties requesting notice pursuant to Bankruptcy Rule 2002. Notice of this Motion and any order entered hereon will be served in accordance with Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtor submits that due and proper notice has been given under the circumstances and that no other or further notice is necessary.

[*Remainder of Page Intentionally Left Blank*]

**CONCLUSION**

WHEREFORE, the Debtor respectfully requests that the Court grant the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Date: September 1, 2026

*/s/ S. Alexander Faris*

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Andrew L. Magaziner (No. 5426)
Robert F. Poppiti, Jr. (No. 5052)
S. Alexander Faris (No. 6278)
James C. Diver (No. 7568)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Email: amagaziner@ycst.com
rpoppiti@ycst.com
afaris@ycst.com
jdiver@ycst.com

*– and –*

**HERBERT SMITH FREEHILLS KRAMER (US) LLP**
Alexander Woolverton*
Kyle J. Ortiz*
Brian F. Shaughnessy*
Andrew Pollack*
Melissa Mertz*
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
E-mail: alexander.woolverton@hsfkramer.com
kyle.ortiz@hsfkramer.com
brian.shaughnessy@hsfkramer.com
andrew.pollack@hsfkramer.com
melissa.mertz@hsfkramer.com

**Admitted Pro Hac Vice*

*Proposed Co-Counsel to the Debtor and Debtor in Possession*