**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Omnis Pleasants, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-11169 (KBO)<br><br>**Related D.I.: 86, 168, 169, 171, 173, 182 & 213**<br><br>**Hearing Date: September 3, 2026, at 11:30 a.m. (ET)** |

**MOTION OF THE PREPETITION SECURED PARTIES FOR LEAVE TO FILE REPLY OF THE PREPETITION SECURED PARTIES TO OBJECTIONS TO THE DEBTOR'S BIDDING PROCEDURES MOTION AND RESERVATION OF RIGHTS WITH RESPECT TO CASH COLLATERAL**

TRAG LLC and RG Energy LLC (together, the "Prepetition Secured Parties"), by and through their undersigned counsel, respectfully submit this motion (the "Motion") for entry of an order, substantially in the form attached as **Exhibit A** (the "Proposed Order"), granting the Prepetition Secured Parties leave to file a reply (the "Reply")[1] in response to the Objections.[2] A copy of the Reply is attached as **Exhibit B**. The Prepetition Secured Parties respectfully state as follows in support of this Motion:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (this "Court") has jurisdiction over this chapter 11 case, the above-captioned debtor (the "Debtor"), property of the Debtor's estate and this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

[1] Capitalized terms used but not defined in this Motion have the meaning given to them in the Reply.

[2] "Objections" means, collectively, those objections and reservations of rights filed at D.I. Nos. 168, 169, 171, 173 & 182.

2. Under rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Prepetition Secured Parties consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested in this Motion are section 105(a) of 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") and Local Rule 9006-1(d).

## BACKGROUND

5. On July 26, 2026 (the "Petition Date"), the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code. Under sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to operate its business and manage its financial affairs as a debtor in possession. As of the date hereof, no trustee or examiner has been appointed, and no statutory committee has been appointed or designated, in the chapter 11 case.

## BASIS FOR RELIEF

6. Local Rule 9006-1(d) provides that "[r]eply papers by the movant, or any party that has joined the movant, may be filed by 4:00 p.m. prevailing Eastern Time the day prior to the deadline for filing the agenda." Under Local Rule 9029-3(a)(i), agendas are due "on or before 12:00 p.m. prevailing Eastern Time 2 business days before the date of the hearing."

7. Therefore, without leave, replies for matters scheduled for hearing on Thursday, September 3, 2026, were due on Monday, August 31, 2026, at 4:00 p.m. (ET). Because the deadline to object or otherwise respond to the Sale Motion was August 27, 2026, at 4:00 p.m. (ET), only two business days separated the objection deadline from the reply deadline.

8. Within the compressed period between the objection deadline and the reply deadline, the Prepetition Secured Parties undertook to analyze and respond to each of the five Objections filed by separate parties in interest, which raised distinct, complex legal and factual issues. The brief additional time to respond requested in this Motion permitted the Prepetition Secured Parties to present to the Court a consolidated reply to the Objections, rather than multiple piecemeal filings, thereby conserving the resources of the Court and the parties and promoting the efficient conduct of the hearing. The Prepetition Secured Parties respectfully submit that leave to file the Reply is appropriate in these circumstances.

9. The Prepetition Secured Parties further submit that no party in interest will be prejudiced by the filing of the Reply. The Reply will be filed on the Court's docket and available to all parties in interest in advance of the hearing, affording the Court and the parties an adequate opportunity to review it in advance of the hearing. Accordingly, the Prepetition Secured Parties respectfully request leave to file the Reply.

**NOTICE**

10. Notice of this Motion will be provided to: (i) the Office of the United States Trustee for Region 3; (ii) counsel to the Debtor; (iii) counsel to each of the parties that filed an Objection; (iv) any party that has requested notice under Bankruptcy Rule 2002; and (v) any other party that is entitled to notice under Local Rule 9013-1.

**WHEREFORE**, the Prepetition Secured Parties respectfully request that the Court enter an order, substantially in the form of the Proposed Order, granting the relief requested in this

Motion, and grant such other and further relief to the Prepetition Secured Parties as the Court deems just and proper.

Dated: September 1, 2026
Wilmington, Delaware

Respectfully submitted,

**DLA PIPER LLP (US)**

*/s/ R. Craig Martin*
R. Craig Martin (DE 5032)
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: Craig.Martin@us.dlapiper.com

- and -

Kristine Manoukian (DE 5509)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
Email: Kristine.Manoukian@us.dlapiper.com

- and -

Erik F. Stier (*pro hac vice* forthcoming)
500 Eighth Street, N.W.
Washington, DC 20004
Telephone: (202) 799-4000
Facsimile: (202) 799-5000
Email: Erik.Stier@us.dlapiper.com

*Counsel to TRAG LLC and RG Energy LLC*