Lowenstein Sandler

Michael A. Kaplan
Partner

One Lowenstein Drive
Roseland, New Jersey 07068

T: (973) 597-2302
F: (973) 597-2303
E: mkaplan@lowenstein.com

September 2, 2026

**VIA CM/ECF**

Chief Judge Karen B. Owens
824 North market Street
6th Floor, Courtroom 3
Wilmington, DE 19801

**Re: *In re Omnis Pleasants, LLC*, No. 26-11169 (KBO)**
**Schedule for Proceedings in connection with Motion to Dismiss**

Dear Chief Judge Owens,

This firm represents Omnis Fuel Technologies, LLC and Quantum Pleasants, LLC (collectively, the "Omnis Parents") in the above-captioned bankruptcy case. We write jointly with counsel for Omnis Pleasants, LLC (the "Debtor") and counsel for TRAG LLC and RG Energy LLC (collectively, "TRAG" and, with Omnis Parents and Debtor, the "Parties") to set forth the Parties' positions on an appropriate schedule in connection with the *Motion of Omnis Fuel Technologies, LLC d/b/a Omnis Energy and Quantum Pleasants, LLC for Entry of an Order (I) Dismissing the Debtor's Chapter 11 Case, or (II) In the Alternative, Directing the Appointment of A Chapter 11 Trustee, and (III) Vacating the Interim Cash Collateral Order* [Dkt. No. 93] (the "Motion to Dismiss"). The Parties have exchanged multiple proposals since at least July 30, 2026 in an attempt to reach a consensus, however, the Parties are at an impasse. Therefore, we respectfully request that the Court address the Motion to Dismiss scheduling at the hearing currently scheduled for September 3, 2026 at 11:30 a.m.

The table below sets forth the Parties' positions on the schedule, and each Parties' reasoning follows.

| Event | Omnis Parents' Position | Debtor's & TRAG's Position |
|---|---|---|
| All document requests and requests for subpoenas (the "**Requests**") | August 21, 2026 | Agreed |
| All responses/objections to the Requests | August 28, 2026 | Agreed |
| Deadline to meet and confer and to serve Data Sources & Search Terms responses/objections to the Requests | September 1, 2026 | Agreed |



© 2026 Lowenstein Sandler LLP

| Event | Omnis Parents' Position | Debtor's & TRAG's Position |
|---|---|---|
| Deadline to serve Search Terms a party intends to use | September 1, 2026 | Agreed |
| Deadline to Substantially Complete Document Production | September 17, 2026 | September 28, 2026 |
| Deadline to serve privilege logs<br>*(Note that this date is based on Deadline to Complete Document Production)* | September 22, 2026 | October 5, 2026 |
| Omnibus Hearing (includes discovery disputes) | [TBD] | [TBD] |
| Deadline to identify fact witnesses subject to supplementing upon completion of document production | September 22, 2026 | October 5, 2026 |
| Deadline to identify Expert Witnesses and serve Affirmative Expert Reports | September 25, 2026 | October 12, 2026 |
| Deadline to serve Rebuttal Expert Reports | October 2, 2026 | October 19, 2026 |
| Deadline for Completion of Depositions | October 9, 2026 | October 30, 2026 |
| Opposition to Motion to Dismiss filing deadline | October 15, 2026 | November 6, 2026 |
| Motion to Dismiss Reply filing deadline | October 22, 2026 | November 13, 2026 |
| Deposition Designation | October 26, 2026, at 12:00 p.m. | November 20, 2026 |
| Deposition Counter-Designations | October 29, 2026, at 12:00 p.m. | December 1, 2026 |
| Filing deadline for Designation & Counter-Designations | October 30, 2026 at 4:00 p.m. | December 3, 2026 at 4:00 p.m. |
| Meet & Confer | November 2, 2026 | |
| Pretrial Conference | November 3, 2026 | December 4, 2026 |
| Witness and Exhibit List submission deadline | November 3, 2026 | December 4, 2026 |
| Multi-Day Hearing Dates | Beginning November 5, 2026 | Week of December 7, 2026 |

**<u>Omnis Parents' Position</u>**

The Motion to Dismiss, while appearing complex at the surface, boils down to two key issues: (1) whether the Debtor acted in good faith and was in financial distress when it filed for bankruptcy, and (2) whether the individual who purportedly authorized the bankruptcy filing, Gilbert Nathan, had the requisite corporate authority to do so. There is no reason why the Parties—each of which is represented by sophisticated counsel from well-resourced law firms—should not be able to litigate those two issues by early November. The only apparent reason for delay is to allow the Debtor and TRAG time to push through a sale of all or substantially all of the Debtor's assets before the Motion to Dismiss can be fully heard. Debtor's revised proposed form of *Final Order (I) Authorizing Postpetition Use of Prepetition Collateral, Including Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Modifying the Automatic Stay, and (IV) Granting Related Relief* [Dkt. No. 167] could not be more transparent about Debtor (and TRAG's) strategy.

The Omnis Parents have attempted to move towards resolution of the Motion to Dismiss efficiently and swiftly. Indeed, the Omnis Parents served document requests on the Debtor within one business day of filing the Motion to Dismiss. Deposition notices, document requests, and subpoenas were also served by Omnis Parents and the Debtor on or around August 21, 2026, including on TRAG and its principals. Omnis Parents have consistently expressed availability and a willingness to meet-and-confer on discovery issues and have made multiple attempts to move this matter forward, but such efforts have been met with silence by TRAG and the Debtor. TRAG and the Debtor's actions suggest what their filings have now made clear: their goal is to grind a resolution of the Motion to Dismiss hearing to a halt, so that the Debtor—for the benefit of TRAG—can sell the Power Plant out from underneath the Debtor's rightful owners and operators, Omnis Parents.

With help from the Court in keeping that pace by ordering an expeditious schedule, as outlined above, the Omnis Parents are prepared to present the Motion to Dismiss in a hearing before the Court beginning on November 5, 2026.

**<u>Debtor's Position</u>**

The Debtor believes that the Omnis Parents' proposed schedule is unrealistic, given the massive scope of their Motion to Dismiss arguments and the breadth of their 140+ document requests, not to mention the broad discovery that the Debtor must conduct to defend against the motion. This is going to be at least a 4-5 day trial. All that, combined with DLA's scheduling conflicts, merits approval of the longer schedule. The Debtor is ready to work within any schedule approved by the Court, but the Omnis Parents chose to put virtually everything in this case at issue in their Motion to Dismiss. This is going to take a lot of time.

**TRAG & RGE's Position**

On August 14, 2026, Omnis Fuel Technologies, LLC and Quantum Pleasants, LLC (collectively, the "Quantum Parties")[1] filed their sixty-seven (67) page Motion to Dismiss essentially challenging all aspects of this bankruptcy case. And while the Quantum Parties claim that the issues involved with their Motion to Dismiss are not complex, to date the parties have issued sixteen (16) deposition notices and requests for production of documents (both non-party document subpoenas and party requests for production of documents) containing, in the aggregate, in excess of five hundred (500) document requests. The discovery that has been sought in connection with this contested matter does not support the Omnis Parties' narrative of a "simple case." Given the scope of discovery sought to date and the estimated 4-5 trial days necessary to adjudicate the Quantum Parties' sixty-seven (67) page Motion to Dismiss, the Quantum Parties' proposed schedule is not realistic.

Moreover, as the Quantum Parties know, lead trial counsel for TRAG LLC and RG Energy LLC (collectively, the "Prepetition Secured Parties") already has a one-week arbitration in Chicago scheduled to start on November 9, 2026. Given that the Prepetition Secured Parties appear to be one of the main targets in the Motion to Dismiss based on numerous misleading and false allegations contained in that motion (which the Prepetition Secured Parties will address in due course),[2] consideration also must be given to the Prepetition Secured Parties' lead trial counsel's availability.

The Quantum Parties' schedule is simply not achievable and, if approved, will result in significant future disputes when the parties are unable to complete the extensive discovery that has been sought to date. The schedule proposed by the Prepetition Secured Parties, while aggressive, is achievable if the parties work cooperatively together to complete the extensive discovery that will need to be conducted in this contested matter. Moreover, the Prepetition Secured Parties' schedule is also workable with the schedules of trial counsel for *all* of the major parties-in-interest involved with the Motion to Dismiss. The Prepetition Secured Parties respectfully request that the Court adopt their proposed schedule.[3]

---

[1] This section of the letter has unique defined terms separate and apart from those included above.

[2] The Quantum Parties' filings in this case contain numerous claims and assertions that are not supported by the underlying facts (and the agreements they signed) or the applicable law. The Prepetition Secured Parties reserve all rights and remedies in connection with the Quantum Parties' filings and actions.

[3] The Quantum Parties' suggestion that the Prepetition Secured Parties (and the Debtor) have been dragging their feet in connection with the Motion to Dismiss discovery sought to date is simply not true. The Prepetition Secured Parties served responses and objections to the document subpoenas served on them in connection with the Motion to Dismiss on August 28, 2026, seven (7) after the issuance of the subpoenas (as agreed by the Debtor, Quantum Parties, and the Prepetition Secured Parties). The Prepetition Secured Parties are hopeful that the Quantum Parties will engage in good faith to resolve all future discovery disputes in this matter.

Respectfully submitted,

*/s/ Michael Kaplan*
Michael A. Kaplan

MAK:cd

50614/2
09/02/2026 319708530.2