**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| Omnis Pleasants, LLC[1] | ) | Case No. 26-11169 (KBO) |
| Debtor. | ) | |

**GLOBAL NOTES, METHODOLOGY, DISCLAIMERS, AND SPECIFIC DISCLOSURES REGARDING THE DEBTOR'S SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

The above-captioned debtor and debtor in possession (the "**Debtor**") has filed its Schedules of Assets and Liabilities (the "**Schedules**") and Statements of Financial Affairs (the "**Statements**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**"). The Debtor, with the assistance of its legal and financial advisors, prepared the Schedules and Statements in accordance with section 521 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

The Schedules and Statements were signed by the Debtor's Chief Executive Officer, Mr. David Hindman. In reviewing and signing the Schedules and Statements, Mr. Hindman relied upon the efforts, statements, and representations of the Debtor's other personnel and professionals. Mr. Hindman has not (and could not have) personally verified the accuracy of each such statement and representation, including, for example, statements and representations concerning amounts owed to creditors and their addresses.

These Global Notes, Methodology, Disclaimers, and Specific Disclosures Regarding the Debtor's Schedules of Assets and Liabilities and Statements of Financial Affairs (the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of the Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled with the financial statements of the Debtor. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment and reflect the Debtor's reasonable efforts to report the assets and liabilities of the Debtor. In preparing the Schedules and Statements, the Debtor relied upon information derived from its books and records available at the time of such preparation. Although the Debtor has made reasonable efforts to ensure the accuracy and completeness of such financial information,

[1] The last four digits of the Debtor's tax identification number are 2673. The location of the Debtor's principal place of business and the Debtor's service address is One Power Station Boulevard, Belmont, West Virginia, 26134.

inadvertent errors or omissions, as well as the discovery of conflicting, revised, or subsequent information, may cause a material change to the Schedules and Statements. As a result, inadvertent errors or omissions may exist. The Debtor reserves all of its rights to amend and supplement the Schedules and Statements as may be necessary or appropriate.

The Debtor and its officers, employees, agents, attorneys, and financial advisors: (i) do not guarantee or warrant the accuracy or completeness of the data that is provided in the Schedules and Statements and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained in the Schedules and Statements; (ii) except as expressly required by the Bankruptcy Code, do not undertake any obligation to update, modify, revise, or re-categorize the information provided in the Schedules and Statements or to notify any third party should the information be updated, modified, revised, or recategorized; and (iii) disclaim any liability to any third party arising out of or related to the information contained in the Schedules and Statements and reserve all rights with respect thereto.

## GLOBAL NOTES AND OVERVIEW OF METHODOLOGY

1. **Reservation of Rights**. The Debtor reserves all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, to amend the Schedules and Statements with respect to claim description or designation; dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any claim as "disputed," "contingent," or "unliquidated"; or object to the extent, validity, enforceability, priority, or avoidability of any claim. Any failure to designate a claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such claim or amount is not in fact "disputed," "contingent" or "unliquidated." Listing a claim does not constitute an admission of liability by the Debtor. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtor's chapter 11 case, including, without limitation, issues involving claims, defenses, equitable subordination, recharacterization, and/or causes of action arising under chapter 5 of the Bankruptcy Code, and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtor shall not be required to update the Schedules and Statements.

2. **Description of Case and "as of" Information Date**. On July 26, 2026 (the "**Petition Date**"), the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code. The Debtor is authorized to continue to operate its business and manage its financial affairs as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been appointed or designated in the chapter 11 case.

**The asset and liability information provided in the Schedules and Statements, except as otherwise noted, represents the asset and liability data of the Debtor as of the close of business on the Petition Date.**

3. **Basis of Presentation**. For financial reporting purposes, prior to the Petition Date, the Debtor historically prepared financial statements. These Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP, nor are they intended to reconcile to any financial statements previously distributed to third parties. Information contained in the Schedules and Statements has been derived from the Debtor's books and records and historical financial statements. Moreover, to the extent that the Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time before the Petition Date. Likewise, to the extent the Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time before the Petition Date.

4. **Net Book Value of Assets**. It would be prohibitively expensive and unduly burdensome for the Debtor to obtain current market valuations for all of its assets as of the Petition Date. In addition, as set forth in the *Declaration of David Hindman, as Chief Executive Officer of Omnis Pleasants, LLC, d/b/a Pleasants Power Station, in Support of Chapter 11 Petition and First Day Motions* [Docket No. 10] (the "**First Day Declaration**"),[2] the Debtor is actively engaged in a marketing and sale process for the sale of all or substantially all of its assets. Under the circumstances, it would be potentially prejudicial and an inefficient use of estate assets for the Debtor to also obtain current market valuations for all of its assets as of the Petition Date. Accordingly, unless otherwise indicated, the Schedules and Statements reflect net book values as of the Petition Date, as set forth in the Debtor's books and records. Additionally, because the book value of certain assets, such as fixed assets, intangible assets, and other assets, may materially differ from their fair market value, they may be listed as undetermined amounts as of the Petition Date. Furthermore, as applicable, assets that have fully depreciated or were expensed for accounting purposes may not appear in the Schedules and Statements if they have no net book value.

5. **Recharacterization**. Notwithstanding the Debtor's reasonable efforts to properly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtor may, nevertheless, have improperly characterized, classified, categorized, designated (including as "disputed," "contingent," "unliquidated," and "subject to set-off"), or omitted certain items or designations due to the complexity of the Debtor's business. Accordingly, the Debtor reserves all of its rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired after the Petition Date.

[2] Capitalized terms used but not defined in these Global Notes have the meanings ascribed to such terms in the First Day Declaration.

6. **Excluded Assets and Liabilities**. The Debtor has sought to allocate liabilities between the prepetition and postpetition periods, subject to the methodology identified in these Global Notes, based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change.

The Debtor may have excluded certain categories of assets, accruals, and liabilities from the Schedules and Statements. In addition, certain immaterial assets and liabilities may have been excluded.

The Debtor also has excluded any rejection damage claims of counterparties to executory contracts and unexpired leases that may be rejected after the Petition Date, to the extent such damage claims may exist.

7. **Insiders**. Entities listed as "insiders" have been included for informational purposes and their inclusion shall not constitute an admission that those entities are insiders for purposes of section 101(31) of the Bankruptcy Code. Such individuals may no longer serve in such capacities. The listing of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses are hereby expressly reserved. Information regarding the individuals listed as insiders in the Schedules and Statements have been included for informational purposes only and such information may not be used for purposes of determining control of the Debtor, the extent to which any individual exercised management responsibilities or functions, corporate decision-making authority over the Debtor, or whether such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or any other purposes.

8. **Intellectual Property Rights**. The exclusion of any intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction. The Debtor reserves all of its rights with respect to the legal status of any and all such intellectual property rights.

9. **Executory Contracts and Unexpired Leases**. The Debtor has not necessarily set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts and leases may have some value to the Debtor's estate. The Debtor's executory contracts and unexpired leases, with the exception of confidentiality and non-disclosure agreements, have been set forth in Schedule G.

10. **Causes of Action**. Despite its reasonable efforts to identify all known assets, the Debtor may not have listed all of its causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including, without limitation,

causes of actions arising under chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtor reserves all of its rights with respect to any pending litigation, cause of action (including avoidance actions), controversy, right of setoff, cross-claim, counter-claim, or recoupment, any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law, or in equity, or pursuant to any other theory of law (collectively, "**Causes of Action**") it may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

11. **Payment of Prepetition Claims Pursuant to First Day Orders**. The Debtor has authority to pay certain outstanding prepetition claims pursuant to various orders of the Court (collectively, the "**First Day Orders**"). Accordingly, liabilities reported on the Schedules may be net of payments made on prepetition claims pursuant to the First Day Orders. To the extent the Debtor later pays any amount of the claims listed in the Schedules and Statements pursuant to any orders entered by the Court, the Debtor reserves all rights to amend or supplement the Schedules and Statements or to take other action, such as filing claims objections or notices of satisfaction, as is necessary and appropriate to avoid overpayment or duplicate payments for liabilities.

12. **Summary of Significant Reporting Policies**. The following is a summary of significant reporting policies:

a Undetermined Amounts. The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

b Totals. All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

c Liens. Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

13. **Estimates and Assumptions**. Because of the timing of the filing, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities. Actual amounts could differ from those estimates, perhaps materially.

14. **Currency**. All amounts are reflected in U.S. dollars.

15. **Guarantees and Other Secondary Liability Claims**. The Debtor has exercised reasonable efforts to locate and identify guarantees in its executory contracts, unexpired leases, secured financings, and other such agreements. Where guarantees have been identified, they have been included in Schedules G and H. The Debtor may have inadvertently omitted guarantees embedded in its contractual agreements and may identify additional guarantees as it continue its review of its books and records and contractual agreements. The Debtor reserves its rights to amend the Schedules and Statements if additional guarantees are identified.

16. **Setoffs**. The Debtor incurs certain offsets and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, refunds, credits, and other disputes between the Debtor and its suppliers and/or customers. These offsets and other similar rights are consistent with the ordinary course of business in the Debtor's industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets in the ordinary course of business are not independently accounted for, and as such, may be excluded from the Schedules and Statements.

17. **Global Notes Control**. If the Schedules and Statements differ from these Global Notes, the Global Notes shall control.

## SPECIFIC DISCLOSURES WITH RESPECT TO THE SCHEDULES

1. **Schedule A/B**. The Debtor has not included unexpired leases and executory contracts on Schedule A/B. Unexpired leases and executory contracts are listed on Schedule G.

2. **Schedule A/B 2**. As described in the *Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing the Debtor to (A) Continue to Operate its Cash Management System and Honor Prepetition Obligations Related Thereto, (B) Maintain Existing Bank Accounts, and (C) Maintain Existing Business Forms; (II) Suspending the Time to Comply with 11 U.S.C. § 345(b); and (III) Granting Related Relief* [Docket No. 8] (the "**Cash Management Motion**"), the Debtor historically maintained three (3) bank accounts at NBT Bank, N.A. ("**NBT**"). Prior to the Petition Date, the Debtor migrated its accounts to Western Alliance Bank ("**Western Alliance**") in connection with its business stabilization efforts. Pursuant to the orders approving the Cash Management Motion [Docket Nos. 54 and 144], the Court granted the Debtor a suspension of the deadline to comply with section 345(b) of the Bankruptcy Code as it relates to the accounts held at NBT. The Debtor will conclude its transition to Western Alliance in the near term and close the NBT accounts at the appropriate time. The balances reflected in the NBT accounts reflect the balances as of the Petition Date.

*3.* **Schedule A/B 3**. Cash values held in financial accounts are listed on Schedule A/B 3 as of the close of business on the Petition Date. Details with respect to the Debtor's cash management system and bank accounts are provided in the Cash Management Motion.

4. **Schedule A/B 8**. As set forth in the retention applications for the Debtor's professionals, the Debtor provided retainers to certain professionals in connection with their respective engagements. The amounts listed on Schedule A/B 8 are the aggregate retainers provided prior to the Petition Date and are subject in all respects to the reconciliations set forth in the Debtor's application to retain each professional.

5. **Schedule A/B 11**. Accounts receivable balances are as of the Petition Date and sourced from the Debtor's accounts receivable aging data. Schedule A/B, Part 3, includes $4,425,575.06 in receivables associated with non-Debtor Quantum Pleasants, LLC.

6. **Schedules A/B 19-22.** Inventory data shown for raw materials, work in progress, and finished goods is based on available data as of July 31, 2026.

7. **Schedules A/B 39-41.** Office furniture, office fixtures, and office equipment information shown is as of July 31, 2026 based on the Company's available trial balance information.

8. **Schedule A/B 73**. The Debtor's known insurance policies are listed in Schedule A/B 73 with an undetermined value. In the event the Debtor prepaid for insurance, that amount is included in Schedule A/B 8.

9. **Schedules A/B 74 & 75**. In the ordinary course of business, the Debtor may have accrued, or may subsequently accrue, certain rights to counter-claims, setoffs, or refunds against its suppliers. Additionally, the Debtor may be a party to pending litigation in which the Debtor has asserted, or may assert, claims as a plaintiff or counter-claims as a defendant. Because such claims are unknown to the Debtor and not quantifiable as of the Petition Date, they are not listed on Schedule A/B 74 or 75. The Debtor's failure to list any contingent and/or unliquidated claim held by the Debtor in response to these questions shall not constitute a waiver, release, relinquishment, or forfeiture of such claim.

   The Debtor is party to certain commodity hedge, swap, and other derivative agreements. To the extent any such agreements may have value to the Debtor as of the Petition Date, such value may fluctuate based upon market conditions and has not been separately quantified for purposes of Schedule A/B 74 or 75. Such agreements are identified on Schedule G and the Debtor reserves all rights with respect to the characterization, valuation, and treatment of such agreements.

10. **Schedule D**.

    Reference to the applicable agreements, documents, and instruments related to the claims identified on Schedule D is necessary for a complete description of the collateral and the nature, extent, and priority of liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements, documents, and instruments. Utility companies and other parties that may hold security deposits have not been listed on Schedule D. Nothing herein shall be construed as an admission by the Debtor of the legal rights of the claimant or a waiver of the Debtor's rights to recharacterize or reclassify the agreements, documents, and instruments related to the claims identified on Schedule D.

Moreover, the Debtor has not included on Schedule D parties that may believe their claims are secured through setoff rights, letters of credit, surety bonds, or statutory lien rights.

On February 6, 2026, TRAG LLC and RG Energy LLC (together, the "**Prepetition Secured Parties**"), Omnis Global Technologies, LLC ("**OGT**"), Omnis Fuel Technologies, LLC ("**OFT**"), Quantum Pleasants, LLC ("**Quantum Pleasants**") and the Debtor executed that certain Amended and Restated Forbearance Agreement (the "**Forbearance Agreement**"). Pursuant to the Forbearance Agreement and certain other agreements, the Debtor granted to the Prepetition Secured Parties security interests in substantially all of the Debtor's assets to secure the amounts owed to, the Prepetition Secured Parties and arising under the loan agreements, documents, and instruments referenced in the Forbearance Agreement.

11. **Schedule E/F**. The Debtor has used reasonable efforts to report all general unsecured claims against the Debtor on Schedule E/F, based upon the Debtor's books and records as of the Petition Date.

Determining the date upon which each claim on Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtor does not list a date for each claim listed on Schedule E/F. Furthermore, claims listed on Schedule E/F may have been aggregated by unique creditor name and "remit to" address and may include several dates of incurrence for the aggregate balance listed.

Any information contained in Schedule E/F with respect to potential litigation shall not be a binding admission or representation of the Debtor's liability with respect to any of the potential suits and proceedings included therein. The dollar amount of potential claims associated with any such pending litigation is listed as "undetermined" and marked as contingent, unliquidated, and disputed in the Schedules and Statements.

Claims owing to various taxing authorities to which the Debtor potentially may be liable are included on the Debtor's Schedule E/F. Certain of such claims, however, may be subject to ongoing audits and/or the Debtor otherwise are unable to determine with certainty the amount of the remaining claims listed on Schedule E/F. Therefore, the Debtor has listed all such claims as unknown in amount, pending final resolution of ongoing audits or other outstanding issues. In addition, the Debtor has not performed a final accounting of potential tax claims as of the Petition Date and, accordingly, have listed all tax claims as undetermined, contingent, and unliquidated, pending such accounting.

Schedule E/F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases, if any. Such prepetition amounts, however, may be paid (subject to an order of the Court) in connection with the assumption, or assumption and assignment, of executory contracts or unexpired leases. Additionally, Schedule E/F does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected, except where a judgment has been rendered.

12. **Schedule G**. While reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, and unintended duplication or overinclusion of items may have occurred. The Debtor reserves all rights to supplement or amend Schedule G as necessary. Certain information, such as the contact information of the counter-party, may not be included where such information could not be obtained using the Debtor's reasonable efforts. Listing or omitting a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is or is not an executory contract or unexpired lease that was in effect on the Petition Date or is valid or enforceable. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth separately on Schedule G.

Confidentiality and non-disclosure agreements are not be listed on Schedule G.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters, and other documents that may not be listed on Schedule G or that may be listed as a single entry. In some cases, the same supplier or provider appears multiple times on Schedule G. Multiple listings may not reflect distinct contracts between the Debtor and such supplier or provider but, instead, a series of documents comprising a single contract. The Debtor expressly reserves its rights to challenge whether such related materials constitute an executory contract, a single contract or agreement, or multiple, severable or separate contracts.

Certain of the contracts, agreements, and leases listed on Schedule G may have expired or terminated prior to the Petition Date. The Debtor reserves its rights to argue that any of the contracts, agreements, and leases listed on Schedule G expired or terminated prior to the Petition Date. Additionally, some of the contracts, agreements, and leases listed on Schedule G may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtor's use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

In addition, the Debtor may have entered into various other types of agreements in the ordinary course of business, such as supplemental agreements, settlement agreements, amendments/letter agreements, confidentiality agreements, and non-disclosure agreements. Such documents may not be set forth on Schedule G. Certain of the executory agreements may not have been memorialized and could be subject to dispute. Executory agreements that are oral in nature have not been included on Schedule G.

The Debtor has endeavored to list all of its executory contracts and unexpired leases as of the Petition Date on Schedule G.

13. **Schedule H**. In the ordinary course of business, the Debtor may be involved in pending or threatened litigation. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because the Debtor has treated all such claims as contingent, disputed, or unliquidated, such claims may not have been set forth individually on Schedule H. Litigation matters can be found on the Debtor's Schedule E/F and Statement 7, as applicable.

**SPECIFIC DISCLOSURES WITH RESPECT TO THE STATEMENTS**

1. **Statement 3**. Any values listed in Statement 3 are separate and not repeated in Statement 4 (payments or other transfers of property made within one year before filing this case that benefited any insider) or Statement 11 (payments related to bankruptcy within one year of filing). Please refer to those sections for payments related to those parties.

2. **Statements 3 and 11**: On July 24, 2026, the Debtor inadvertently double paid the following parties the following amounts: (1) Sidley Austin LLP, $238,489.75; and (2) AP Services, LLC ("**AlixPartners**"), $1,100,000.00. As these transfers have been returned to the Debtor in full, they are not listed in Statement 3 or Statement 11, respectively.

   Additionally, before the Petition Date, the Debtor retained AlixPartners to provide certain operational and financial support services. The Debtor also retained Herbert Smith Freehills Kramer (US) LLP ("**HSF Kramer**") to provide certain legal services, including investigating the prepetition conduct of and potential claims against the Debtor's prior management. As the Debtor's investigation and restructuring strategy developed, AlixPartners and HSF Kramer also began providing services related to the Debtor's preparation for a potential chapter 11 filing. To the extent amounts paid to AlixPartners and HSF Kramer were on account of the Debtor's restructuring efforts, those amounts are reported in SOFA 11 (and are not reported in SOFA 3). As noted in the *Supplemental Declaration of Alexander Woolverton in Support of Debtor's Application for Entry of an Order Authorizing the Retention and Employment of Herbert Smith Freehills Kramer (US) LLP as Attorneys for the Debtor and Debtor in Possession Effective as of the Petition Date* [Docket No. 211, Ex. D], HSF Kramer estimates that it accrued approximately $4.0 million in fees related to its investigation in the months leading up to the Petition Date. The payments made to HSF Kramer on account of its investigatory work are included in the amounts reported on SOFA 11. There are no additional amounts paid to HSF Kramer that are reported on SOFA 3 (or elsewhere). To the extent amounts paid to AlixPartners were on account of services related to the Debtor's operational, financial, or other legal needs, those amounts are reported in SOFA 4 and are not reported on SOFA 11.

3. **Statement 4**. The Debtor reserves all rights to dispute whether someone identified in response to Statement 4 is in fact an "insider" as defined in section 101(31) of the Bankruptcy Code. With respect to individuals, the amounts listed reflects the universe of payments and transfers made specifically to or for the benefit of such individuals, including their regular compensation, as well as any bonuses, expense reimbursements and/or

severance payments. However, amounts paid on behalf of such individuals for generally applicable employee benefit programs have not been included.

Certain of the payments described as expense reimbursements in Statement 4 consist of reimbursement for corporate expenses incurred on such individual's personal credit card when a specific vendor required a credit card payments or as part of ordinary course business travel and normal course business expenses.

The Debtor has listed all payments made to director and officers in the year preceding the Petition Date in Statement 4.

Additionally, any values listed in Statement 4 are separate and not repeated in Statement 3 or Statement 11. Please refer to those sections for payments related to those parties.

4. **Statement 7**. The actions described in response to Statement 7 are the responsive proceedings or pending proceedings of which the Debtor is actually aware. Any information contained in Statement 7 shall not be a binding representation of the Debtor's liabilities with respect to any of the suits and proceedings identified therein.

5. **Statement 10**. The Debtor may occasionally incur losses for a variety of reasons. The Debtor, however, may not have records of all such losses if such losses do not have a material impact on the Debtor's businesses or are not reported for insurance purposes.

6. **Statement 21**. The West Virginia Economic Development Authority has a lien on all properties identified in response to Statement 21 to secure debt owed to it by non-Debtor Quantum Pleasants, LLC.

7. **Statement 24**. In the ordinary course of its business operations, the Debtor is subject to various federal, state, and local environmental laws and regulations, including the Emergency Planning and Community Right-to-Know Act ("**EPCRA**"), 42 U.S.C. § 11001 et seq. Pursuant to Section 313 of EPCRA, the Debtor regularly prepares and files a Toxics Release Inventory ("**TRI**") report with the United States Environmental Protection Agency and applicable state agencies. The TRI report is a mandatory, annual compliance filing that discloses information regarding releases, if any, of certain listed toxic chemicals to the air, water, and land in the ordinary course of the Debtor's operational activities.

8. **Statement 26d**. The Debtor provides certain parties, such as secured parties, potential investors, and vendors, with financial statements. The Debtor does not maintain complete lists or other records tracking such disclosures. Therefore, the Debtor has not provided full lists of these parties in Part 13, Question 26 of the Statements.

9. **Statement 27**. The Debtor's inventory consists principally of coal, lime, and spare parts. Coal and lime, which represent the largest components of inventory, are accounted for on a perpetual inventory basis. The Debtor maintains continuous accountability over coal and lime through physical measurement at the point of consumption. Coal quantities are verified through weighing at the coal load feeder, and lime quantities are tracked through perpetual string tests. These perpetual measurement methods allow the Debtor to systematically track inventory consumption and reconcile physical quantities to their books

and records on an ongoing basis. Spare parts inventory is subject to a monthly physical count cycle. Following each count, variances between recorded and actual quantities are researched and adjusted in the Debtor's books and records. A detailed listing of inventory amounts by specific date or item would be overly burdensome and impractical given the nature of the perpetual coal and lime measurement processes and the frequency of spare parts counts.

10. **Statement 30**. All known disbursements to "insiders" of the Debtor, as discussed above, have been listed in the response to Statement 4.

# IN THE UNITED STATES BANKRUPTCY COURT FOR DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| OMNIS PLEASANTS, LLC | § § | Case No. 26-11169 (KBO) |
| Debtor | § § | |

**SCHEDULES OF ASSETS AND LIABILITIES FOR**
**Omnis Pleasants, LLC**

**CASE NO. 26-11169 (KBO)**

**Fill in this information to identify the case and this filing:**

| | |
|---|---|
| Debtor Name: | Omnis Pleasants, LLC |
| United States Bankruptcy Court: | District of Delaware |
| Case Number (if known): | 26-11169 (KBO) |

Form 206A/B

# Schedule A/B: Assets - Real and Personal Property

**Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.**

**For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.**

**Part 1: Cash and cash equivalents**

1. **Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
☑ Yes. Fill in the information below.

| General Description | Type of Account (if applicable) | Last 4 digits of account # (if applicable) | Current value of debtor's interest |
|---|---|---|---|
| **2. Cash on hand** | | | |
| **3. Checking, savings, money market, or financial brokerage accounts (Identify all)** | | | |
| 3.1 NBT BANK | COMMERCIAL SAVINGS | 0960 | $0.01 |
| 3.2 NBT BANK | COMMERICAL MONEY MARKET | 2712 | $50,000.00 |
| 3.3 NBT BANK | COMMERCIAL CHECKING | 3897 | $10,880,601.98 |
| 3.4 WESTERN ALLIANCE BANK | COMMERCIAL CHECKING | 7831 | $1,736,434.01 |
| 3.5 WESTERN ALLIANCE BANK | COMMERCIAL CHECKING | 5197 | $0.00 |
| 3.6 WESTERN ALLIANCE BANK | COMMERCIAL CHECKING | 6549 | $0.00 |
| **4. Other cash equivalents (Identify all)** | | | |

5. **Total of Part 1.**
Add lines 2 through 4. Copy the total to line 80. **$12,667,036.00**

# Schedule A/B: Assets - Real and Personal Property

## Part 2: Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**

☐ No. Go to Part 3.
☑ Yes. Fill in the information below.

| General Description | Current value of debtor's interest |
|---|---|

7. **Deposits, including security deposits and utility deposits**
Description, including name of holder of deposit

| | | |
|---|---|---|
| 7.1 | HOPE GAS | $43,987.73 |
| 7.2 | PJM INTERCONNECTION COLLATERAL | $1,142,456.23 |
| 7.3 | PJM 52 WEEK COLLATERAL CALL TYR ENERGY | $195,935.04 |
| 7.4 | TYR ENERGY | $1,775,752.95 |
| 7.5 | POWER SWAP COUNTERPARTY | $6,018,049.79 |

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
Description, including name of holder of prepayment

| | | |
|---|---|---|
| 8.1 | PREPAID COAL - ALLIANCE COAL, LLC | $6,728,856.75 |
| 8.2 | PREPAID LIME - CARMEUSE AMERICAS | $500,000.00 |
| 8.3 | PREPAID INSURANCE | $1,010,639.15 |
| 8.4 | RETAINER - AP SERVICES | $1,500,000.00 |
| 8.5 | RETAINER - HERRICK | $250,000.00 |
| 8.6 | RETAINER - HSF KRAMER | $1,750,000.00 |
| 8.7 | RETAINER - JACKSON KELLY | $15,000.00 |
| 8.8 | PREPAID COAL - WYOMING EAGLE | $3,963,700.00 |
| 8.9 | RETAINER - YOUNG CONAWAY | $350,000.00 |
| 8.10 | RETAINER - STRETTO | $25,000.00 |
| 8.11 | RETAINER - DAVIS PICKERING & CO | $50,000.00 |
| 8.12 | PREPAID - INGRAM BARGE COMPANY | $275,000.00 |
| 8.13 | PREPAID - SIEMENS ENERGY INCORPORATED | $2,170.00 |

9. **Total of Part 2.**
Add lines 7 through 8. Copy the total to line 81.

**$25,596,547.64**

# Schedule A/B: Assets - Real and Personal Property

## Part 3: Accounts receivable

10. **Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.
☑ Yes. Fill in the information below.

| General Description | Face or requested amount | | Doubtful or uncollectable | | Current value of debtor's interest |
|---|---|---|---|---|---|
| 11. **Accounts receivable** | | | | | |
| 11.1 A. 90 DAYS OLD OR LESS: | $10,648,498.02 | - | $0.00 | = | $10,648,498.02 |
| 11.2 B. OVER 90 DAYS OLD: | $4,686,114.30 | - | $4,425,575.06 | = | $260,539.24 |

12. **Total of Part 3.**
Current value on lines 11a + 11b = line 12. Copy the total to line 82.

**$10,909,037.26**

# Schedule A/B: Assets - Real and Personal Property

## Part 4: Investments

13. **Does the debtor own any investments?**

☑ No. Go to Part 5.
☐ Yes. Fill in the information below.

| General Description | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**
Name of fund or stock:

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**
Name of entity:

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**
Describe:

17. **Total of Part 4.**
Add lines 14 through 16. Copy the total to line 83.

# Schedule A/B: Assets - Real and Personal Property

## Part 5: Inventory, excluding agriculture assets - detail

18. **Does the debtor own any inventory (excluding agriculture assets)?**

- ☐ No. Go to Part 6.
- ☑ Yes. Fill in the information below.

| General Description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| 19.1 COAL | | | NET BOOK VALUE | $13,296,693.66 |
| 19.2 LIME | | | NET BOOK VALUE | $4,026,238.26 |
| **20. Work in progress** | | | | |
| **21. Finished goods, including goods held for resale** | | | | |
| **22. Other Inventory or supplies** | | | | |
| 22.1 PLANT MATERIALS & OPERATING SUPPLIES | | | NET BOOK VALUE | $303,269.00 |
| 22.2 SPARE PARTS | | | NET BOOK VALUE | $3,224,238.20 |

23. **Total of Part 5.** **$20,850,439.12**
Add lines 19 through 22. Copy the total to line 84.

24. **Is any of the property listed in Part 5 perishable?**

- ☑ No.
- ☐ Yes.

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

- ☐ No.
- ☑ Yes.

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

- ☑ No.
- ☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

## Part 6: Farming and fishing-related assets (other than titled motor vehicles and land)

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

- [x] No. Go to Part 7.
- [ ] Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

28. **Crops-either planted or harvested**

29. **Farm animals**

30. **Farm machinery and equipment**

31. **Farm and fishing supplies, chemicals, and feed**

32. **Other farming and fishing-related property not already listed in Part 6**

33. **Total of Part 6.**
Add lines 28 through 32. Copy the total to line 84.

34. **Is the debtor a member of an agricultural cooperative?**

- [ ] No.
- [ ] Yes.

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

- [ ] No.
- [ ] Yes.

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

- [ ] No.
- [ ] Yes.

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

- [ ] No.
- [ ] Yes.

# Schedule A/B: Assets - Real and Personal Property

## Part 7: Office furniture, fixtures, and equipment; and collectibles - detail

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No. Go to Part 8.
☑ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | | | |
| 40. **Office fixtures** | | | |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| 41.1 COMPUTER SOFTWARE | $6,139.04 | NET BOOK VALUE | $6,139.04 |
| 42. **Collectibles** | | | |

43. **Total of Part 7.**
Add lines 39 through 42. Copy the total to line 84.
**$6,139.04**

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No.
☑ Yes.

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☑ No.
☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

## Part 8: Machinery, equipment, and vehicles

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

- ☐ No. Go to Part 9.
- ☑ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 48. **Watercraft, trailers, motors, and related accessories** | | | |
| 49. **Aircraft and accessories** | | | |
| 50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| 50.1 PROPERTY, PLANT, & EQUIPMENT | $16,836,607.82 | NET BOOK VALUE | $16,836,607.82 |

51. **Total of Part 8.** **$16,836,607.82**
Add lines 47 through 50. Copy the total to line 84.

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

- ☐ No.
- ☑ Yes.

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

- ☑ No.
- ☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

## Part 9: Real property - detail

54. **Does the debtor own or lease any real property?**

☐ No. Go to Part 9.
☑ Yes. Fill in the information below.

| Description and location of property | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest** | | | | |
| 55.1 LAND - PLEASANTS COUNTY, WV - 165.94 ACRES | OWNED | | UNKNOWN | UNDETERMINED |

56. **Total of Part 9.**
Add the current value on all Question 55 lines and entries from any additional sheets. Copy the total to line 88. **UNDETERMINED**

57. **Is a depreciation schedule available for any of the property listed in Part 9?**

☑ No.
☐ Yes.

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☑ No.
☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

## Part 10: Intangibles and intellectual property - detail

59. **Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.
☑ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** | | | |
| 61. **Internet domain names and websites** | | | |
| 61.1 PLEASANTSPOWER.COM | | UNKNOWN | UNDETERMINED |
| 61.2 PLEASANTSPOWERSTATION.COM | | UNKNOWN | UNDETERMINED |
| 62. **Licenses, franchises, and royalties** | | | |
| 63. **Customer lists, mailing lists, or other compilations** | | | |
| 64. **Other intangibles, or intellectual property** | | | |
| 65. **Goodwill** | | | |

66. **Total of Part 10.**
Add lines 60 through 65. Copy the total to line 89. **UNDETERMINED**

67. **Do your lists or records include personally identifiable information of customers (as defined in 11 U.S.C. §§ 101(41A) and 107)?**

☑ No.
☐ Yes.

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☑ No.
☐ Yes.

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☑ No.
☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

## Part 11: All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form? Include all interests in executory contracts and unexpired leases not previously reported on this form.**

- ☐ No. Go to Part 12.
- ☑ Yes. Fill in the information below.

| General Description | Current value of debtor's interest |
|---|---|

71. **Notes receivable**

72. **Tax refunds and unused net operating losses (NOLs)**

73. **Interests in insurance policies or annuities**

| | | |
|---|---|---|
| 73.1 | INSURANCE POLICY EN4CA00858251 - EVEREST INDEMNITY INSURANCE CO - AUTO LIABILITY | UNDETERMINED |
| 73.2 | INSURANCE POLICY AMB07376 - AMBRIDGE PARTNERS LLC - D&O | UNDETERMINED |
| 73.3 | INSURANCE POLICY ADL30109083100 - ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY - D&O | UNDETERMINED |
| 73.4 | INSURANCE POLICY EN4GL00565251 - EVEREST INDEMNITY INSURANCE CO - GENERAL LIABILITY | UNDETERMINED |
| 73.5 | INSURANCE POLICY XL6140102P - ASSOCIATED ELECTRIC & GAS INS SVC(AEGIS) - UMBRELLA | UNDETERMINED |
| 73.6 | INSURANCE POLICY - AMERICAN LONGSHORE MUTUAL ASSOCIATION, LTD - USL&H | UNDETERMINED |
| 73.7 | INSURANCE POLICY 6JUB-A386399-2-26 - TRAVELERS PROPERTY CASUALTY CO OF AMERICA - WORKERS' COMPENSATION | UNDETERMINED |
| 73.8 | INSURANCE POLICY - TANGO SPECIALTY - WHARFINGERS - PRIMARY | UNDETERMINED |
| 73.9 | INSURANCE POLICY - TANGO SPECIALTY - WHARFINGERS - EXCESS | UNDETERMINED |
| 73.10 | INSURANCE POLICY D3C9F6260101 - BEAZLEY EXCESS AND SURPLUS INSURANCE, INC. - POLLUTION | UNDETERMINED |
| 73.11 | INSURANCE POLICY 25SSLDOBS340071 - STARR SURPLUS LINES INSURANCE CO - PROPERTY | UNDETERMINED |
| 73.12 | INSURANCE POLICY 311910-25GP - ENERGY INSURANCE MUTUAL - PROPERTY | UNDETERMINED |
| 73.13 | INSURANCE POLICY 42-PRP-344368-01 - NATIONAL FIRE & MARINE INS CO - PROPERTY | UNDETERMINED |
| 73.14 | INSURANCE POLICY EA0320925 - LLOYDS OF LONDON - PROPERTY | UNDETERMINED |
| 73.15 | INSURANCE POLICY EA0321025 - LLOYDS OF LONDON - PROPERTY | UNDETERMINED |
| 73.16 | INSURANCE POLICY EA0321224 - LLOYDS OF LONDON - PROPERTY | UNDETERMINED |
| 73.17 | INSURANCE POLICY EA0321225 - CONVEX INSURANCE UK LTD. - PROPERTY | UNDETERMINED |
| 73.18 | INSURANCE POLICY EA0321425 - UNITED SPECIALTY INSURANCE CO - PROPERTY | UNDETERMINED |
| 73.19 | INSURANCE POLICY EA0321725 - LLOYDS OF LONDON - PROPERTY | UNDETERMINED |
| 73.20 | INSURANCE POLICY EA0321925 - LLOYDS OF LONDON - PROPERTY | UNDETERMINED |
| 73.21 | INSURANCE POLICY EA0322125 - QBE UK LIMITED - PROPERTY | UNDETERMINED |
| 73.22 | INSURANCE POLICY EA0323225 - ASPEN INSURANCE - UNITED KINGDOM - PROPERTY | UNDETERMINED |

# Schedule A/B: Assets - Real and Personal Property

## Part 11: All other assets

| General Description | Current value of debtor's interest |
|---|---|
| 73.23 INSURANCE POLICY EA0323425 - LLOYDS OF LONDON - PROPERTY | UNDETERMINED |
| 73.24 INSURANCE POLICY EA0323525 - LLOYDS OF LONDON - PROPERTY | UNDETERMINED |
| 73.25 INSURANCE POLICY EA0323925 - ENDURANCE WORLDWIDE INSURANCE LTD - PROPERTY | UNDETERMINED |
| 73.26 INSURANCE POLICY EA0325125 - LLOYDS OF LONDON - PROPERTY | UNDETERMINED |
| 73.27 INSURANCE POLICY EA0383325 - LLOYDS OF LONDON - PROPERTY | UNDETERMINED |
| 73.28 INSURANCE POLICY PO6075003P - ASSOCIATED ELECTRIC & GAS INS SVC(AEGIS) - PROPERTY | UNDETERMINED |

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

| | |
|---|---|
| 74.1 POTENTIAL CLAIMS AND CAUSES OF ACTION AGAINST PRIOR MANAGEMENT, AFFILIATED ENTITIES, AND OTHER RELATED PARTIES | UNDETERMINED |

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

| | |
|---|---|
| 75.1 AGREEMENT - POWER SWAP | UNDETERMINED |

76. **Trusts, equitable or future interests in property**

77. **Other property of any kind not already listed Examples: Season tickets, country club membership**

78. **Total of Part 11.** **UNDETERMINED**
Add lines 71 through 77. Copy the total to line 90.

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

- ☑ No.
- ☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

**Part 12:** **Summary**

| Type of property | Current value of personal property | Current value of real property | Total of all property |
|---|---|---|---|
| 80. Cash, cash equivalents, and financial assets. Copy line 5, Part 1. | $12,667,036.00 | | |
| 81. Deposits and prepayments. Copy line 9, Part 2. | $25,596,547.64 | | |
| 82. Accounts receivable. Copy line 12, Part 3. | $10,909,037.26 | | |
| 83. Investments. Copy line 17, Part 4. | $0.00 | | |
| 84. Inventory. Copy line 23, Part 5. | $20,850,439.12 | | |
| 85. Farming and fishing-related assets. Copy line 33, Part 6. | $0.00 | | |
| 86. Office furniture, fixtures, and equipment; and collectibles. Copy line 43, Part 7. | $6,139.04 | | |
| 87. Machinery, equipment, and vehicles. Copy line 51, Part 8. | $16,836,607.82 | | |
| 88. Real property. Copy line 56, Part 9. | | **UNDETERMINED** | |
| 89. Intangibles and intellectual property. Copy line 66, Part 10. | **UNDETERMINED** | | |
| 90. All other assets. Copy line 78, Part 11. | **UNDETERMINED** | | |
| 91. Total. Add lines 80 through 90 for each column. | $86,865,806.88 **+ UNDETERMINED** | **UNDETERMINED** | |

92. **Total of all property on Schedule A/B. Lines 91a + 91b = 92.** **$86,865,806.88** + UNDETERMINED

**Fill in this information to identify the case and this filing:**

Debtor Name: Omnis Pleasants, LLC
United States Bankruptcy Court: District of Delaware
Case Number (if known): 26-11169 (KBO)

Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

**Be as complete and accurate as possible.**

**Part 1: List Creditors Who Have Secured Claims**

1. **Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
☑ Yes. Fill in the information below.

2. **List in alphabetical order all creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.**

| | Creditor's Name and Mailing Address, E-mail Address & An Account Number | Co-Interest | Insider | Co-Debtor | Date Claim was Incurred, Property Description, Lien & Co-Interest Creditor | C - U - D | Amount of Claim | Value of Collateral |
|---|---|---|---|---|---|---|---|---|
| 2.1 | RG ENERGY LLC<br>9051 MIRA MESA BLVD<br>#261229<br>SAN DIEGO, CA 92126 | ☐ | ☐ | ☑ | REFER TO GLOBAL NOTES | ☑ ☐ ☐ | $35,388,962.13 | |
| 2.2 | TRAG LLC<br>9051 MIRA MESA BLVD<br>#261229<br>SAN DIEGO, CA 92126 | ☐ | ☐ | ☑ | REFER TO GLOBAL NOTES | ☑ ☐ ☐ | $41,282,472.94 | |
| 2.3 | TRAG LLC<br>9051 MIRA MESA BLVD<br>#261229<br>SAN DIEGO, CA 92126 | ☐ | ☐ | ☑ | REFER TO GLOBAL NOTES | ☑ ☐ ☐ | $5,873,447.74 | |
| 2.4 | TRAG LLC | ☐ | ☐ | ☑ | REFER TO GLOBAL NOTES | ☑ ☐ ☐ | $1,601,562.85 | |

# Schedule D: Creditors Who Have Claims Secured by Property

**Part 1:** List Creditors Who Have Secured Claims

| Creditor's Name and Mailing Address, E-mail Address & An Account Number | Co-Interest | Insider | Co-Debtor | Date Claim was Incurred, Property Description, Lien & Co-Interest Creditor | C - U - D | Amount of Claim | Value of Collateral |
|---|---|---|---|---|---|---|---|
| 9051 MIRA MESA BLVD<br>#261229<br>SAN DIEGO, CA 92126 | | | | | | | |

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.** **$84,146,445.66**

# Schedule D: Creditors Who Have Claims Secured by Property

## Part 2: List Others to Be Notified for a Debt Already Listed in Part 1

4. **List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors**

| Name and Mailing Address | Part 1 Line on which the Related Creditor was Listed | Last 4 Digits of Account Number for this Entity |
|---|---|---|
| 4.1 RG ENERGY LLC<br>DLA PIPER LLP (US)<br>1251 6TH AVENUE<br>ATTN: KRISTINE MANOUKIAN<br>NEW YORK, NY 10020 | | |
| 4.2 TRAG LLC<br>DLA PIPER LLP (US)<br>1251 6TH AVENUE<br>ATTN: KRISTINE MANOUKIAN<br>NEW YORK, NY 10020 | | |

**Fill in this information to identify the case and this filing:**

Debtor Name: Omnis Pleasants, LLC

United States Bankruptcy Court: District of Delaware

Case Number (if known): 26-11169 (KBO)

Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

**Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.**

**Part 1:** **List All Creditors with PRIORITY Unsecured Claims**

1. **Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).**
   - ☐ No. Go to Part 2.
   - ☑ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part. If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.**

| | Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|
| 2.1 | DELAWARE DIVISION OF CORPORATIONS<br>PO BOX 898<br>DOVER, DE 19903 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.2 | INTERNAL REVENUE SERVICE<br>1111 CONSTITUTION AVE., NW<br>WASHINGTON, DC 20224 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.3 | PLEASANTS COUNTY SHERIFF<br>301 COURT LANE ROOM 102<br>ST MARY'S, WV 26170-1317 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.4 | WEST VIRGINIA DEPARTMENT OF ENVIRONMENTAL PROTECTION<br>601 57TH STREET SE<br>CHARLESTON, WV 25304 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.5 | WEST VIRGINIA DEPARTMENT OF ENVIRONMENTAL PROTECTION<br>DIVISION OF AIR QUALITY<br>PO BOX 40420<br>CHARLESTON, WV 25364 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.6 | WEST VIRGINIA DEPARTMENT OF ENVIRONMENTAL PROTECTION<br>DIVISION OF WATER AND WASTE MANAGEMENT<br>PO BOX 364<br>CHARLESTON, WV 25322 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.7 | WEST VIRGINIA STATE TAX DEPARTMENT | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |

# Schedule E/F: Creditors Who Have Unsecured Claims

## Part 1: List All Creditors with PRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|
| 1001 LEE ST E<br>CHARLESTON, WV 25301 | | | | | |

2. **Total: All Creditors with PRIORITY Unsecured Claims** **$0.00** **$0.00**

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 2:** **List All Creditors with NONPRIORITY Unsecured Claims**

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Basis for Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|
| 3.1 AIR COMPRESSOR PARTS INCORPORATED<br>PO BOX 583<br>ASSINIPPI, MA 02339 | | ☐ ☐ ☐ | | ☐ | $4,023.17 |
| 3.2 AIRGAS<br>P.O.BOX 734672<br>DALLAS, TX 75373-4672 | | ☐ ☐ ☐ | | ☐ | $15,160.32 |
| 3.3 AP SERVICES LLC DBA CURTIS WRIGHT<br>DIVISION, AP SERVICES<br>P.O.BOX 772498<br>DETROIT, MI 48277-2498 | | ☐ ☐ ☐ | | ☐ | $2,741.76 |
| 3.4 ASHBY & GEDDES<br>500 DELAWARE AVENUE<br>WILMINGTON, DE 19899 | | ☐ ☐ ☐ | | ☐ | $16,732.87 |
| 3.5 BLACK, MCCUSKEY, SOUERS & ARBAUGH<br>4505 STEPHEN CIRCLE NW<br>SUITE 200<br>CANTON, OH 44718 | | ☐ ☐ ☑ | | ☐ | $38,621.00 |
| 3.6 BLUETERRA INNOVATIONS, LLC<br>425 BAY HILL CIRCLE<br>RICHMOND, KY 40475 | | ☑ ☑ ☑ | | ☐ | $600,000.00 |
| 3.7 BOWLES RICE<br>600 QUARRIER STREET<br>CHARLESTON, WV 25301 | | ☐ ☐ ☑ | | ☐ | $21,904.00 |
| 3.8 BOYLES SUPPLY LLC<br>PO BOX 1361<br>PARKERSBURG, WV 26102 | | ☐ ☐ ☐ | | ☐ | $664.92 |
| 3.9 CEI<br>76 S MAIN ST<br>AKRON, OH 44308-1812 | | ☐ ☐ ☐ | | ☐ | $1,875.00 |
| 3.10 CHEMAC COMPANY<br>PO BOX 8675<br>SOUTH CHARLESTON, WV 25303 | | ☐ ☐ ☐ | | ☐ | $4,168.26 |
| 3.11 COMMERCIAL GROUP LIFTING PRODUCTS<br>5192 RELIABLE PARKWAY<br>CHICAGO, IL 60686-0051 | | ☐ ☐ ☐ | | ☐ | $12,578.28 |

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 2:** **List All Creditors with NONPRIORITY Unsecured Claims**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Basis for Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|
| 3.12 CONTROL SYSTEMS<br>10100 WELLMAN RD<br>STREETSBORO, OH 44241 | | ☐ ☐ ☐ | | ☐ | $16,935.63 |
| 3.13 CORBETT MECHANICAL SERVICES, LLC<br>306 VIRGINIA ST.<br>WAVERLY, WV 26184 | | ☐ ☐ ☐ | | ☐ | $1,298.45 |
| 3.14 CRANE 1<br>PO BOX 952045<br>CLEVELAND, OH 44193 | | ☐ ☐ ☐ | | ☐ | $2,970.17 |
| 3.15 CRYSTAL BEVERAGE<br>PO BOX 48<br>MARIETTA, OH 45750 | | ☐ ☐ ☐ | | ☐ | $185.50 |
| 3.16 ENERGY PIPING<br>1218 RIDGE AVE SUITE 101<br>NEW CUMBERLAND, WV 26047 | | ☐ ☐ ☐ | | ☐ | $739.26 |
| 3.17 ESTABROOK<br>700 W. BAGLEY RD.<br>PO BOX 804<br>BEREA, OH 44017 | | ☐ ☐ ☐ | | ☐ | $6,983.90 |
| 3.18 FASTENAL COMPANY<br>PO BOX 1286<br>WINONA, MN 55987-1286 | | ☐ ☐ ☐ | | ☐ | $681.28 |
| 3.19 FASTENERS & SUPPLY INC<br>PO BOX 145 387 ELIZABETH PIKE<br>MINERAL WELLS, WV 26150-0145 | | ☐ ☐ ☐ | | ☐ | $383.00 |
| 3.20 FORNEY CORPORATION<br>16479 NORTH DALLAS PARKWAY<br>SUITE 213<br>ADDISON, TX 75001 | | ☐ ☐ ☐ | | ☐ | $6,640.00 |
| 3.21 FOUNDATION BUILDING MATERIALS, INC<br>2520 RED HILL AVENUE<br>SANTA ANA, CA 92705 | | ☐ ☐ ☐ | | ☐ | $5,256.48 |
| 3.22 FRENZELIT<br>4165 OLD SALISBURY RD<br>LEXINGTON, NC 27295 | | ☐ ☐ ☐ | | ☐ | $23,385.25 |
| 3.23 FRONTIER<br>P.O. BOX 211579<br>EAGAN, MN 55121-2879 | | ☐ ☐ ☐ | | ☐ | $288.94 |
| 3.24 GAI CONSULTANTS<br>385 EAST WATERFRONT DRIVE<br>HOMESTEAD, PA 15120-5005 | | ☐ ☐ ☐ | | ☐ | $49,347.17 |
| 3.25 GENERAL SUPPLY REXEL<br>P.O.BOX 840638<br>DALLAS, TX 75284-0638 | | ☐ ☐ ☐ | | ☐ | $932.26 |
| 3.26 GIBBONS P.C. | | ☐ ☐ ☑ | | ☐ | $1,680.00 |

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 2:** List All Creditors with NONPRIORITY Unsecured Claims

| | Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Basis for Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|---|
| | ONE GATEWAY CENTER<br>NEWARK, NJ 07102-5310 | | | | | |
| 3.27 | GRAINGER<br>DEPT 888234960<br>PALATINE, IL 60038-0001 | | ☐ ☐ ☐ | | ☐ | $3,094.74 |
| 3.28 | HY-TECH<br>3170 LEECHBURG ROAD<br>PITTSBURGH, PA 15239 | | ☐ ☐ ☐ | | ☐ | $32.44 |
| 3.29 | INDUSTRIAL ACCESSORIES COMPANY<br>5200 METCALF<br>SUITE 100<br>OVERLAND PARK, KS 66202 | | ☐ ☑ ☑ | | ☐ | UNDETERMINED |
| 3.30 | J&J EQUIPMENT<br>PO BOX 156<br>BELMONT, WV 26134-0156 | | ☐ ☐ ☐ | | ☐ | $3,787.97 |
| 3.31 | JABO<br>209 BRALEY RD<br>HUNTINGTON, WV 25705 | | ☐ ☐ ☐ | | ☐ | $1,307.98 |
| 3.32 | JABO SUPPLY CORPORATION<br>209 BRALEY RD<br>HUNTINGTON, WV 25705 | | ☐ ☐ ☐ | | ☐ | $225.81 |
| 3.33 | JIMMIE HARPER<br>PO BOX 5367<br>VIENNA, WV 26105 | | ☐ ☐ ☐ | | ☐ | $5,955.00 |
| 3.34 | KURO INFRASTRUCTURE DELAWARE, INC., AS SUCCESSOR BY MERGER WITH BILT TECHNOLOGY, LLC<br>C/O JEFFREY K. GARFINKLE, ESQUIRE<br>BUCHALTER LLP<br>18400 VONKARMAN AVENUE SUITE 800<br>IRVINE, CA 92612 | | ☐ ☐ ☑ | | ☐ | $20,000,000.00 |
| 3.35 | LITMAN EXCAVATING, INC.<br>836 FIRST ST.<br>NEW MARTINSVILLE, WV 26155 | | ☑ ☑ ☑ | | ☐ | $287,145.00 |
| 3.36 | LUBRICATION ENGINEERS<br>PO BOX 16025<br>WICHITA, KS 67216 | | ☐ ☐ ☐ | | ☐ | $720.58 |
| 3.37 | METALTECH<br>113 INDUSTRY ROAD<br>MARIETTA, OH 457509355 | | ☐ ☐ ☐ | | ☐ | $270.20 |
| 3.38 | MIDWAY MACHINE<br>1060 GRAVEL BANK ROAD<br>MARIETTA, OH 45750 | | ☐ ☐ ☐ | | ☐ | $650.00 |
| 3.39 | OMNIS FUEL TECHNOLOGIES, LLC | | ☑ ☑ ☑ | | ☐ | $32,025,263.77 |

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 2:** **List All Creditors with NONPRIORITY Unsecured Claims**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Basis for Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|
| 3710 COLLINS FERRY ROAD<br>MORGANTOWN, WV 26505 | | | | | |
| 3.40 PEAK NDT<br>1461 STATE ROUTE 30<br>CLINTON, PA 15026 | | ☐ ☐ ☐ | | ☐ | $825.60 |
| 3.41 PLEASANTS, LLC<br>RICHARDS, LAYTON & FINGER, P.A.<br>920 NORTH KING STREET<br>ATTN: BLAKE ROHRBACHER,<br>ELIZABETH J FREUD<br>WILMINGTON, DE 19801 | | ☑ ☑ ☑ | PLEASANTS, LLC V. QUANTUM PLEASANTS, LLC AND OMNIS PLEASANTS, LLC F/K/A ETEM REMEDIATION TWO LLC (2025-1472-CDW) | ☐ | UNDETERMINED |
| 3.42 PRECISION PUMP & VALVE<br>SERVICE, INC.<br>517 OLD GOFF MOUNTAIN RD<br>CROSS LANES, WV 25313 | | ☐ ☐ ☐ | | ☐ | $50,759.41 |
| 3.43 QUANTUM PLEASANTS, LLC<br>3710 COLLINS FERRY ROAD<br>MORGANTOWN, WV 26505 | | ☑ ☑ ☑ | | ☐ | $22,799,697.56 |
| 3.44 RITTERTECH<br>100 WILLIAMS DRIVE<br>ZELIENOPLE, PA 16063-2602 | | ☐ ☐ ☐ | | ☐ | $7,539.38 |
| 3.45 ST MARYS HARDWARE<br>423 SECOND STREET<br>ST MARYS, WV 26170 | | ☐ ☐ ☐ | | ☐ | $1,267.55 |
| 3.46 STATE ELECTRIC SUPPLY<br>COMPANY<br>PO BOX 890889<br>CHARLOTTE, NC 28289-0889 | | ☐ ☐ ☐ | | ☐ | $1,473.28 |
| 3.47 STUDER<br>4500A NEW TEXAS ROAD<br>PITTSBURGH, PA 15239 | | ☐ ☐ ☐ | | ☐ | $269.71 |
| 3.48 TC REPAIR<br>4183 GLENDALE RD.<br>CAIRO, WV 26337 | | ☐ ☐ ☐ | | ☐ | $502.35 |
| 3.49 TEIKOKU USA INCORPORATED<br>DBA CHEMPUMP A DIV OF T<br>959 MEARNS ROAD<br>WARMINSTER, PA 18974-2811 | | ☐ ☐ ☐ | | ☐ | $6,102.00 |
| 3.50 THOMAS & ASSOCIATES<br>INTERNATIONAL<br>1509 CAPRI DRIVE<br>PACIFIC PALISADES, CA 90272 | | ☐ ☐ ☑ | | ☐ | $12,188.00 |
| 3.51 TRI-STATE INDUS SOLUTIONS<br>2701 BEALE AVENUE<br>ALTOONA, PA 16601 | | ☐ ☐ ☐ | | ☐ | $18.00 |

# Schedule E/F: Creditors Who Have Unsecured Claims

## Part 2: List All Creditors with NONPRIORITY Unsecured Claims

| | Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Basis for Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|---|---|---|
| 3.52 | TRI-STATE VALVE & INSTRUMENT<br>37 PENNWOOD PLACE<br>WARRENDALE, PA 15086 | | ☐ | ☐ | ☐ | | ☐ | $3,606.88 |
| 3.53 | UNITED CONVEYOR<br>2100 NORMAN DRIVE W<br>WAUKEGAN, IL 60085 | | ☐ | ☐ | ☐ | | ☐ | $4,359.18 |
| 3.54 | VINSON & ELKINS LLP<br>2001 ROSS AVE<br>#3900<br>DALLAS, TX 75201 | | ☐ | ☐ | ☑ | | ☐ | $344,581.00 |
| 3.55 | WB WELLS<br>1840 MAYVIEW ROAD SUITE 100<br>BRIDGEVILLE, PA 15017 | | ☐ | ☐ | ☐ | | ☐ | $876.84 |
| 3.56 | WESCO<br>PO BOX 641447<br>PITTSBURGH, PA 15264-1447 | | ☐ | ☐ | ☐ | | ☐ | $149.40 |
| 3.57 | WEST VIRGINIA ECONOMIC<br>DEVELOPMENT AUTHORITY<br>180 ASSOCIATION DR<br>CHARLESTON, WV 19801 | | ☐ | ☑ | ☐ | | ☐ | $50,893,000.00 |

3. **Total: All Creditors with NONPRIORITY Unsecured Claims** **$127,291,846.50** + UNDETERMINED

# Schedule E/F: Creditors Who Have Unsecured Claims

## Part 3: List Others to Be Notified About Unsecured Claims

4. **List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.**

| Creditor's Name, Mailing Address Including Zip Code | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number for this entity |
|---|---|---|

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 4:** **Total Amounts of the Priority and Nonpriority Unsecured Claims**

5. **Add the amounts of priority and nonpriority unsecured claims.**

| | |
|---|---|
| 5a. **Total claims from Part 1** | **$0.00** |
| 5b. **Total claims from Part 2** | **$127,291,846.50** + UNDETERMINED |
| 5c. **Total of Parts 1 and 2** Lines 5a + 5b = 5c. | **$127,291,846.50** + UNDETERMINED |

**Fill in this information to identify the case and this filing:**

Debtor Name: Omnis Pleasants, LLC

United States Bankruptcy Court: District of Delaware

Case Number (if known): 26-11169 (KBO)

Form 206G

# Schedule G: Executory Contracts and Unexpired Leases

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

**Part 1:**

1. **Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor’s other schedules. There is nothing else to report on this form.
☑ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

2. **List all contracts and unexpired leases**

| | Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|---|
| 2.1 | INTERCONNECTION AND OPERATING AGREEMENT, BY AND BETWEEN ALLEGHENY ENERGY SUPPLY COMPANY, LLC, AND WEST PENN POWER COMPANY, MONONGAHELA POWER COMPANY, AND THE POTOMAC EDISON COMPANY, NOW ALL DOING BUSINESS AS ALLEGHENY POWER DATED 03/06/2002 | | 9000001 | ☐ | ALLEGHENY ENERGY SUPPLY COMPANY | 4350 NORTHERN PIKE MONROEVILLE, PA 15146-2886 |
| 2.2 | COAL SUPPLY AGREEMENT, BY AND BETWEEN ALLIANCE COAL, LLC AND OMNIS PLEASANTS, LLC DATED 4/1/2026 | | 9000022 | ☐ | ALLIANCE COAL, LLC | 1717 SOUTH BOULDER AVENUE TULSA, OK 74119-4886 |
| 2.3 | FIRST AMENDMENT TO COAL SUPPLY AGREEMENT, BY AND BETWEEN ALLIANCE COAL, LLC AND OMNIS PLEASANTS, LLC DATED 7/6/2026 | | 9000023 | ☐ | ALLIANCE COAL, LLC | 1717 SOUTH BOULDER AVENUE TULSA, OK 74119-4886 |

# Schedule G: Executory Contracts and Unexpired Leases

**Part 1:**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2.4 MANAGEMENT CONSULTING SERVICES AGREEMENT, BY AND BETWEEN OMNIS PLEASANTS, LLC AND BLACK & VEATCH MANAGEMENT CONSULTING, LLC DATED 6/17/2026 | | 9000030 | ☐ | BLACK & VEATCH MANAGEMENT CONSULTING, LLC | 11401 LAMAR AVENUE<br>OVERLAND PARK, KS 66211 |
| 2.5 TRANSPORTATION AGREEMENT, BY AND BETWEEN OMNIS PLEASANTS, LLC AND HINES FURLONG LINE, INC. | | 9000026 | ☐ | HINES FURLONG LINE, INC. | 4600 J BARRY COURT<br>SUITE 400<br>CANONSBURG, PA 15317 |
| 2.6 SERVICE AGREEMENT APPLICABLE TO TRANSPORTATION OF NATURAL GAS, BY AND BETWEEN HOPE GAS, INC. AND QUANTUM PLEASANTS, LLC DATED 8/1/2023 | | 9000019 | ☐ | HOPE GAS, INC. | 781 CHESTNUT RIDGE ROAD<br>MORGANTOWN, WV 26505 |
| 2.7 AMENDATORY AGREEMENT TO SERVICE AGREEMENT APPLICABLE TO TRANSPORTATION OF NATURAL GAS, BY AND BETWEEN HOPE GAS, INC. AND OMNIS PLEASANTS, LLC DATED 6/10/2026 | | 9000020 | ☐ | HOPE GAS, INC. | 781 CHESTNUT RIDGE ROAD<br>MORGANTOWN, WV 26505 |
| 2.8 DRY CARGO TRANSPORTATION AGREEMENT, BY AND BETWEEN INGRAM BARGE COMPANY LLC AND OMNIS PLEASANTS LLC DATED 4/7/2026 | | 9000018 | ☐ | INGRAM BARGE COMPANY LLC | 4400 HARDING PIKE<br>NASHVILLE, TN 37205 |
| 2.9 INDEPENDENT MANAGER AGREEMENT, BY AND AMONG JACKSON SQUARE ADVISORS, LLC, AND QUANTUM PLEASANTS, LLC AND OMNIS PLEASANTS, LLC DATED 02/13/2026 | | 9000015 | ☐ | JACKSON SQUARE ADVISORS, LLC | 606 POST ROAD E #624<br>WESTPORT, CT 06880 |
| 2.10 CONSULTING SERVICES AGREEMENT, BY AND BETWEEN OMNIS PLEASANTS, LLC AND JILL LEASURE DATED 5/17/2026 | | 9000027 | ☐ | JILL LEASURE | [REDACTED ADDRESS] |
| 2.11 MARINE HARBOR OPERATION AGREEMENT, BY AND BETWEEN OHIO RIVER MARINE LLC AND OMNIS PLEASANTS, LLC DATED 4/1/2024 | | 9000028 | ☐ | OHIO RIVER MARINE LLC | 1095 IRISH RIDGE ROAD<br>PHILO, OH 43771 |
| 2.12 FIRST AMENDMENT TO THE MARINE HARBOR OPERATION AGREEMENT, BY AND BETWEEN OHIO | | 9000029 | ☐ | OHIO RIVER MARINE LLC | 1095 IRISH RIDGE ROAD<br>PHILO, OH 43771 |

# Schedule G: Executory Contracts and Unexpired Leases

**Part 1:**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| RIVER MARINE LLC AND OMNIS PLEASANTS, LLC DATED 4/29/2025 | | | | | |
| 2.13 WASTE DISPOSAL AGREEMENT, BY AND BETWEEN PLEASANTS ACQUISTION COMPANY, LLC AND OMNIS PLEASANTS, LLC DATED 4/27/2026 | | 9000024 | ☐ | PLEASANTS ACQUISITION COMPANY, LLC | 1128 N 2000 W<br>SUITE 100<br>FARR WEST, UT 84404 |
| 2.14 FIRST AMENDMENT TO WASTE DISPOSAL AGREEMENT, BY AND BETWEEN PLEASANTS ACQUISTION COMPANY, LLC AND OMNIS PLEASANTS, LLC | | 9000025 | ☐ | PLEASANTS ACQUISITION COMPANY, LLC | 1128 N 2000 W<br>SUITE 100<br>FARR WEST, UT 84404 |
| 2.15 ASSIGNMENT, ASSUMPTION, AND NOVATION AGREEMENT, BY AND AMONG PURENERGY MANAGEMENT SERVICES, LLC, QUANTUM PLEASANTS, LLC, AND OMNIS PLEASANTS, LLC DATED 02/26/2026 | | 9000012 | ☐ | PURENERGY MANAGEMENT SERVICES, LLC | 4488 ONONDAGA BLVD.<br>ATTN: SENIOR VICE PRESIDENT<br>SYRACUSE, NY 13219 |
| 2.16 ASSET MANAGEMENT AGREEMENT, BY AND BETWEEN PURENERGY MANAGEMENT SERVICES, LLC AND QUANTUM PLEASANTS, LLC DATED 08/01/2023 | | 9000011 | ☐ | PURENERGY MANAGEMENT SERVICES, LLC | 4488 ONONDAGA BLVD.<br>ATTN: SENIOR VICE PRESIDENT<br>SYRACUSE, NY 13219 |
| 2.17 FIRST AMENDMENT TO THE ASSET MANAGEMENT AGREEMENT, BY AND BETWEEN PURENERGY MANAGEMENT SERVICES, LLC AND QUANTUM PLEASANTS, LLC DATED 09/27/2023 | | 9000013 | ☐ | PURENERGY MANAGEMENT SERVICES, LLC | 4488 ONONDAGA BLVD.<br>ATTN: SENIOR VICE PRESIDENT<br>SYRACUSE, NY 13219 |
| 2.18 MASTER SERVICE AGREEMENT, BY AND BETWEEN SPECTRUM PENSION CONSULTANTS, INC. AND OMNIS PLEASANTS, LLC DATED 3/26/2025 | | 9000032 | ☐ | SPECTRUM PENSION CONSULTANTS, INC. | 6402 19TH ST W<br>TACOMA, WA 98466 |
| 2.19 ENERGY MANAGEMENT AGREEMENT, BY AND BETWEEN TENASKA POWER SERVICES CO. AND OMNIS PLEASANTS LLC, DATED 6/17/2026 | | 9000016 | ☐ | TENASKA POWER SERVICES CO. | 300 E. JOHN CARPENTER FREEWAY<br>SUITE 1100<br>IRVING, TX 75062 |

# Schedule G: Executory Contracts and Unexpired Leases

**Part 1:**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2.20 INTERIM SEARCH FEE AGREEMENT, BY AND BETWEEN THOMAS CHRISTOPHER GROUP, LLC AND OMNIS PLEASANTS, LLC DATED 3/11/2026 | | 9000031 | ☐ | THOMAS CONSULTING GROUP, LLC | 34194 AURORA ROAD<br>#235<br>SOLON, OH 44139 |
| 2.21 ADDENDUM NO. 5 TO MASTER POWER PURCHASE AND SALE AGREEMENT, BY AND BETWEEN TYR ENERGY, LLC, AND OMNIS PLEASANTS, LLC DATED 01/28/2026 | | 9000007 | ☐ | TYR ENERGY, LLC | 7500 COLLEGE BOULEVARD<br>SUITE 400<br>OVERLAND PARK, KS 66210 |
| 2.22 ADDENDUM NO. 4 TO MASTER POWER PURCHASE AND SALE AGREEMENT, BY AND BETWEEN TYR ENERGY, LLC, AND OMNIS PLEASANTS, LLC DATED 01/14/2026 | | 9000006 | ☐ | TYR ENERGY, LLC | 7500 COLLEGE BOULEVARD<br>SUITE 400<br>OVERLAND PARK, KS 66210 |
| 2.23 ADDENDUM NO. 3 TO MASTER POWER PURCHASE AND SALE AGREEMENT, BY AND BETWEEN TYR ENERGY, LLC, AND OMNIS PLEASANTS, LLC DATED 11/13/2025 | | 9000005 | ☐ | TYR ENERGY, LLC | 7500 COLLEGE BOULEVARD<br>SUITE 400<br>OVERLAND PARK, KS 66210 |
| 2.24 ADDENDUM NO. 2 TO MASTER POWER PURCHASE AND SALE AGREEMENT, BY AND BETWEEN TYR ENERGY, LLC, AND QUANTUM PLEASANTS, LLC AND OMNIS PLEASANTS, LLC DATED 02/13/2025 | | 9000004 | ☐ | TYR ENERGY, LLC | 7500 COLLEGE BOULEVARD<br>SUITE 400<br>OVERLAND PARK, KS 66210 |
| 2.25 ADDENDUM NO. 1 TO MASTER POWER PURCHASE AND SALE AGREEMENT, BY AND BETWEEN TYR ENERGY, LLC, AND QUANTUM PLEASANTS, LLC DATED 08/03/2023 | | 9000003 | ☐ | TYR ENERGY, LLC | 7500 COLLEGE BOULEVARD<br>SUITE 400<br>OVERLAND PARK, KS 66210 |
| 2.26 MASTER POWER PURCHASE AND SALE AGREEMENT, BY AND BETWEEN TYR ENERGY, LLC, AND QUANTUM PLEASANTS, LLC DATED 08/03/2023 | | 9000002 | ☐ | TYR ENERGY, LLC | 7500 COLLEGE BOULEVARD<br>SUITE 400<br>OVERLAND PARK, KS 66210 |
| 2.27 COAL SUPPLY AGREEMENT, BY AND BETWEEN WYOMING EAGLE, LLC AND OMNIS PLEASANTS, LLC DATED 3/26/2026 | | 9000021 | ☐ | WYOMING EAGLE, LLC | 520 FORSYTHE ROAD<br>STE. 102<br>BRISTOL, VA 24202 |

# Schedule G: Executory Contracts and Unexpired Leases

**Part 1:**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|

**Total number of contracts** **27**

**Fill in this information to identify the case and this filing:**

Debtor Name: Omnis Pleasants, LLC

United States Bankruptcy Court: District of Delaware

Case Number (if known): 26-11169 (KBO)

Form 206H

# Schedule H: Codebtors

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

**Part 1:**

1. **Does the debtor have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.
☑ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | Codebtor Name and Mailing Address | Creditor Name | D | E/F | G |
|---|---|---|---|---|---|
| 2.1 | OMNIS FUEL TECHNOLOGIES<br>3710 COLLINS FERRY ROAD<br>MORGANTOWN, WV 26505 | RG ENERGY LLC | ☑ | ☐ | ☐ |
| 2.2 | OMNIS FUEL TECHNOLOGIES<br>3710 COLLINS FERRY ROAD<br>MORGANTOWN, WV 26505 | TRAG LLC | ☑ | ☐ | ☐ |
| 2.3 | OMNIS GLOBAL TECHNOLOGIES, LLC<br>3757 STATE ST<br>STE 2A<br>SANTA BARBARA, CA 93105 | TRAG LLC | ☑ | ☐ | ☐ |
| 2.4 | OMNIS GLOBAL TECHNOLOGIES, LLC<br>3757 STATE ST<br>STE 2A<br>SANTA BARBARA, CA 93105 | RG ENERGY LLC | ☑ | ☐ | ☐ |
| 2.5 | QUANTUM PLEASANTS, LLC<br>3710 COLLINS FERRY ROAD<br>MORGANTOWN, WV 26505 | WEST VIRGINIA ECONOMIC DEVELOPMENT AUTHORITY | ☐ | ☑ | ☐ |
| 2.6 | QUANTUM PLEASANTS, LLC<br>3710 COLLINS FERRY ROAD<br>MORGANTOWN, WV 26505 | INDUSTRIAL ACCESSORIES COMPANY | ☐ | ☑ | ☐ |
| 2.7 | QUANTUM PLEASANTS, LLC<br>3710 COLLINS FERRY ROAD<br>MORGANTOWN, WV 26505 | RG ENERGY LLC | ☑ | ☐ | ☐ |
| 2.8 | QUANTUM PLEASANTS, LLC<br>3710 COLLINS FERRY ROAD<br>MORGANTOWN, WV 26505 | TRAG LLC | ☑ | ☐ | ☐ |

# Schedule H: Codebtors

**Part 1:**

| | Codebtor Name and Mailing Address | Creditor Name | D | E/F | G |
|---|---|---|---|---|---|
| 2.9 | QUANTUM PLEASANTS, LLC<br>3710 COLLINS FERRY ROAD<br>MORGANTOWN, WV 26505 | PURENERGY MANAGEMENT SERVICES, LLC | ☐ | ☐ | ☑ |

**Total Number of Co-Debtor / Creditor Rows** **9**

**Fill in this information to identify the case and this filing:**

| | |
|---|---|
| Debtor Name: | Omnis Pleasants, LLC |
| United States Bankruptcy Court: | District of Delaware |
| Case Number (if known): | 26-11169 (KBO) |

Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

**Part 1:** **Summary of Assets**

1. **Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)**

1a. **Real Property:**
Copy line 88 from Schedule A/B — **UNDETERMINED**

1b. **Total personal property:**
Copy line 91A from Schedule A/B — **$86,865,806.88** + UNDETERMINED

1c. **Total of all property:**
Copy line 92 from Schedule A/B — **$86,865,806.88** + UNDETERMINED

**Part 2:** **Summary of Liabilities**

2. **Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)**
Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D — **$84,146,445.66**

3. **Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)**

3a. **Total claim amounts of priority unsecured claims:**
Copy the total claims from Part 1 from line 6a of Schedule E/F — **$0.00**

3b. **Total amount of claims of nonpriority amount of unsecured claims:**
Copy the total of the amount of claims from Part 2 from line 6b of Schedule E/F — **$127,291,846.50** + UNDETERMINED

4. **Total liabilities**
Lines 2 + 3a + 3b — **$211,438,292.16** + UNDETERMINED

**Fill in this information to identify the case and this filing:**

Debtor Name: Omnis Pleasants, LLC

United States Bankruptcy Court: DISTRICT OF DELAWARE

Case Number (if known): 26-11169 (KBO)

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**Warning -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571**

## Declaration and Signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☑ Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)
- ☑ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☑ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☑ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☑ Schedule H: Codebtors (Official Form (206H)
- ☑ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule
- ☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

**Executed on:** 09/08/2026

**Signature:** /s/ David Hindman

David Hindman, Chief Executive Officer
**Name and Title**