# EXHIBIT 1

## Stipulation

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| OMNIS PLEASANTS, LLC,[1] | ) | Case No. 26-11169 (KBO) |
| Debtor. | ) | |

**STIPULATION APPOINTING ALAN CARR AS A DIRECTOR OF OMNIS PLEASANTS, LLC**

This stipulation (this "Stipulation") is entered into by and among the (i) above-captioned debtor and debtor in possession (the "Debtor"), (ii) TRAG LLC and RG Energy LLC (collectively, the "Prepetition Secured Parties"), and (iii) Omnis Fuel Technologies, LLC and Quantum Pleasants, LLC (collectively, the "Omnis Parties," and each of the Debtor, the Prepetition Secured Parties, and the Omnis Parties, a "Party," and collectively, the "Parties").

In consideration of the mutual covenants and agreements set forth in this Stipulation and with the intent to be legally bound, the Parties do hereby stipulate and agree as follows:

1. Except as expressly provided herein, this Stipulation is conditioned upon the Court's entry in the Chapter 11 Case of an order (the "Approval Order") approving this Stipulation on such notice and after such hearing as the Court may require.

2. Upon entry of the Approval Order (the "Approval Date") and until the Chapter 11 Case is closed or dismissed, the board of directors of Omnis Pleasants, LLC (the "Board") is expanded to two directors.

[1] The last four digits of the Debtor's tax identification number are 2673. The location of the Debtor's principal place of business and the Debtor's service address is One Power Station Boulevard, Belmont, West Virginia, 26134.

3. Alan Carr is hereby appointed as a member of the Board to serve until the Chapter 11 Case is closed or dismissed.

4. Alan Carr shall be subject to all of the same rights, duties, and privileges as if the governing documents of the Debtor had been formally amended to appoint him as a member of the Board.

5. The undersigned are duly authorized and empowered to execute this Stipulation on behalf of the respective Parties.

6. The Parties have participated in and jointly consented to the drafting of this Stipulation and the Approval Order, and any claimed ambiguity shall not be construed for or against either of the Parties on account of such drafting.

7. This Stipulation and all of its terms shall be binding upon and shall inure to the benefit of the Parties and each of their respective successors and assigns.

8. During the pendency of the Chapter 11 Case, the Parties expressly consent and submit to the exclusive jurisdiction of the Court over any actions or proceedings relating to the enforcement or interpretation of this Stipulation and the Approval Order and any Party bringing such action or proceeding shall bring such action or proceeding in this Court. The Parties consent to this Court entering a final judgment determining any such matter and agree that a final judgment in any such action or proceeding, including all appeals, shall be conclusive and may be enforced in other jurisdictions (including any foreign jurisdictions) by suit on the judgment or in any other manner provided by applicable law.

9. This Stipulation and all claims and disputes arising out of or in connection with this Stipulation shall be governed by and construed in accordance with the laws of the State of Delaware and the Bankruptcy Code, as applicable, without regard to choice of law principles to

the extent such principles would apply a law other than that of the State of Delaware or the Bankruptcy Code, as applicable.

10. Except as otherwise provided herein, this Stipulation constitutes the entire agreement of the Parties concerning the subject matter hereof, and supersedes any and all prior or contemporaneous agreements among the Parties concerning such subject matter. The Parties acknowledge that this Stipulation is not being executed in reliance on any oral or written agreement, promise, or representation not contained herein. Any amendment to this Stipulation must be in a writing and signed by both Parties.

11. This Stipulation may be executed in counterparts, each of which constitutes an original, and all of which, collectively, constitute only one agreement. The signatures of both Parties need not appear on the same counterpart.

12. If for any reason (a) this Stipulation is not approved by the Court or (b) the Debtor's pending bankruptcy proceeding is dismissed: (i) this Stipulation shall be null and void, and the parties hereto shall not be bound under the stipulation or under any documents executed in connection herewith; (ii) the Parties shall have no liability to one another arising out of or in connection with this Stipulation or under any documents executed in connection herewith; and (iii) this Stipulation and any documents prepared in connection herewith shall have no residual or probative effect or value.

13. Except as set forth herein, nothing contained in this Stipulation is intended to be or shall be construed as a waiver of any claims or causes of action that may exist held by or against any creditor or interest holder. The Parties expressly reserve all claims, demands, and causes of action, past, present, or future, in law or equity, which they may have against all other persons, firms, corporations, entities, predecessors, or successors of the Debtor.

**IN WITNESS WHEREOF**, the undersigned have made and entered into this Stipulation as of the day and year stated below.

Dated: September 30, 2026
Wilmington, Delaware

*/s/ S. Alexander Faris*

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Andrew L. Magaziner (DE Bar No. 5426)
Robert F. Poppiti, Jr. (DE Bar No. 5052)
S. Alexander Faris (DE Bar No. 6278)
James C. Diver (DE Bar No. 7568)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Email: amagaziner@ycst.com
rpoppiti@ycst.com
afaris@ycst.com
jdiver@ycst.com

*Co-Counsel for the Debtor and Debtor in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: joshua.sussberg@kirkland.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Alexandra F. Schwarzman, P.C. (admitted *pro hac vice*)
Gabriela Z. Hensley (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: alexandra.schwarzman@kirkland.com
gabriela.hensley@kirkland.com

*Proposed Co-Counsel for the Debtor and Debtor in Possession*

Dated: September 30, 2026
Wilmington, Delaware

*/s/ Christopher A. Ward*

**LOWENSTEIN SANDLER LLP**
Christopher A. Ward (DE Bar No. 3877)
Shanti M. Katona (DE Bar No. 5352)
1000 N. West Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (973) 597-2500
Email: cward@lowenstein.com
skatona@lowenstein.com

*Counsel to Omnis Fuel Technologies, LLC and Quantum Pleasants LLC*

Dated: September 30, 2026
Wilmington, Delaware

*/s/ Kristine Manoukian*

**DLA PIPER LLP (US)**
R. Craig Martin (DE Bar No. 5032)
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: craig.martin@us.dlapiper.com

-and-

Kristine Manoukian (DE Bar No. 5509)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
Email: kristine.manoukian@us.dlapiper.com

-and-

Erik F. Stier (*pro hac vice* forthcoming)
500 Eighth Street, N.W.
Washington, D.C. 20004
Telephone: (202) 799-4000
Facsimile: (202) 799-5000
Email: erik.stier@us.dlapiper.com

*Counsel to TRAG LLC and RG Energy LLC*