**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| OMNIS PLEASANTS, LLC,[1] | ) | Case No. 26-11169 (KBO) |
| Debtor. | ) | |
| | ) | **Hearing Date: November 18, 2026 at 10:00 a.m. (ET)** |
| | ) | **Obj Deadline: October 27, 2026 at 4:00 p.m. (ET)** |

**MOTION OF DEBTOR FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO FILE UNDER SEAL THE NAMES OF CERTAIN CONFIDENTIAL PARTIES IN INTEREST RELATED TO THE KIRKLAND RETENTION APPLICATION**

The above-captioned debtor and debtor in possession (the "Debtor") states as follows in support of this motion:[2]

**Relief Requested**

1. The Debtor seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) authorizing Kirkland & Ellis LLP and Kirkland & Ellis International LLP ("Kirkland") to redact and file under seal the names of certain Confidential Parties (as defined herein) in connection with the Debtor's marketing process; and (b) granting related relief.

[1] The last four digits of the Debtor's tax identification number are 2673. The location of the Debtor's principal place of business and the Debtor's service address is One Power Station Boulevard, Belmont, West Virginia, 26134.

[2] A detailed description of the Debtor and its business, including the facts and circumstances giving rise to the Debtor's chapter 11 case, is set forth in the *Declaration of David Hindman, as Chief Executive Officer of Omnis Pleasants, LLC, d/b/a Pleasants Power Station, in Support of Chapter 11 Petition and First Day Motions* [Docket No. 10] (the "First Day Declaration"), incorporated by reference herein. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration or the Bidding Procedures Motion (as defined herein), as applicable.

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtor confirms its consent, pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 9018-1(d).

## Background

5. The Debtor owns and operates a two-unit, 1,278-megawatt coal-fired power plant, together with related buildings, facilities, electrical generation infrastructure, and transmission powerlines, situated on approximately 190 acres of real property in West Virginia (the "Pleasants Power Station"). The Pleasants Power Station operates within the PJM Interconnection, LLC market region to provide its customers with energy and power.

6. On July 26, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On August 14, 2026, Omnis Fuel Technologies, LLC d/b/a Omnis Energy and Quantum Pleasants,

LLC filed a motion to dismiss or, in the alternative, appoint a chapter 11 trustee in this chapter 11 case [Docket No. 93], which is currently set for hearing on December 8, 2026. No official committee has been appointed or designated in this chapter 11 case.

**The Kirkland Retention Application**

7. Contemporaneously herewith, the Debtor filed an application (the "Application") to retain Kirkland as counsel to the Debtor, together with an accompanying declaration from Alexandra F. Schwarzman, a partner of Kirkland (the "Kirkland Declaration").

8. As further described in the First Day Declaration and the Bidding Procedures Motion,[4] the Debtor commenced this chapter 11 case to, among other things, consummate a value-maximizing sale transaction for all or substantially all of its assets through a transparent, robust, and competitive marketing process (the "Sale Process"). In connection therewith, the Debtor, with the assistance of its investment banker Houlihan Lokey Capital, Inc., has engaged with various potential M&A counterparties interested in the Sale Process (the "Confidential Parties"). The Debtor seeks entry of an order authorizing the Debtor, on behalf of Kirkland, to file the names of the Confidential Parties under seal in the contemporaneously filed Kirkland Declaration, to protect commercially sensitive information while providing the necessary disclosures required under the Bankruptcy Code and the Bankruptcy Rules.

9. The sealing of the identities of the Confidential Parties will prevent harm to the Debtor, including by (a) preserving the Debtor's ability to pursue a superior Bid, if one is presented

---

4 "Bidding Procedures Motion" means the *Debtor's Motion for Entry of an Order (I) Approving the Auction and Bidding Procedures for the Sale of the Debtor's Assets, (II) Scheduling Certain Dates and Deadlines Related Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Authorizing the Debtor to Designate a Stalking Horse Bidder and Offer Bid Protections Related Thereto, (V) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (VI) Approving the Sale of Assets, and (VII) Granting Related Relief* [Docket No. 86].

to the Debtor, consistent with the Bidding Procedures and (b) permitting the Debtor to abide by the terms of non-disclosure agreements signed with participants in the marketing process.

10. Under the Bidding Procedures, the Debtor will evaluate Qualified Bids and, if necessary, conduct an Auction to determine the Successful Bidder for the purchase of the Assets. Until the selection of a Successful Bidder, the Debtor must keep the identities of the Confidential Parties in the strictest confidence. Such anonymity is important to preserving the ability of the Confidential Parties to participate in the Sale Process and consider whether they would tender a superior Qualified Bid while lessening the likelihood of collusion by potential purchasers.

11. Importantly, Kirkland has not represented and will not represent the Confidential Parties in connection with any matter in this chapter 11 case. Kirkland's representations of the Confidential Parties, if any, do not preclude Kirkland from meeting the disinterestedness standard under section 327(a) of the Bankruptcy Code, as disclosed in the Application.

## **Basis for Relief**

### **I. The Identities of the Confidential Parties is Confidential Commercial Information that the Court Must Protect Under Section 107(b).**

12. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. This section provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or ***commercial information*** . . . .

11 U.S.C. § 107(b) (emphasis added).

13. Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code, providing that:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018. Further, Local Rule 9018-1(d)(i) additionally provides, in relevant part, that "[a]ny filer seeking to file a document . . . under seal must file a motion requesting such relief . . . ." Del. Bankr. L.R. 9018-1(d)(i).

14. If the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is *required* to protect a requesting party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original); *see also In re Altegrity, Inc.*, No. 15–10226 (LSS), 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015) ("if it is established that the documents sought to be sealed fall within the enumerated statutory exception, the Court must grant the requested relief (or such other relief that protects the moving party)."); *In re 50-Off Stores, Inc.*, 213 B.R. 646, 655–56 (Bankr. W.D. Tex. 1997) ("The statute, on its face, states that the bankruptcy court is ***required*** to protect such an entity on request of a party in interest . . . .") (emphasis in original). Stated differently, section 107(b) of the Bankruptcy Code does not require a party seeking its protections to demonstrate "good cause." *Orion Pictures*, 21 F.3d at 28. "Courts have supervisory power over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005). Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *See In re Glob. Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y 2003).

15. Confidential commercial information "is information which would result in "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (quoting *Orion Pictures Corp.*, 21 F.3d at 27-28). Commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *See In re Altegrity, Inc.*, 2015 WL 10963572, at *3 ("Such information, however, need not rise to the level of a 'trade secret.'"); *see also Orion Pictures*, 21 F.3d at 27–28 (holding that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party must show only that the information it wishes to seal is "confidential" and "commercial" in nature).

16. Here, the Confidential Parties are participants in the Debtor's efforts to solicit and negotiate a sale for the benefit of all of its stakeholders. The Debtor entered into non-disclosure agreements with the Confidential Parties and engaged with such Confidential Parties as part of the marketing process. Due to the inherently competitive nature of such transactions, it is imperative that the identities of the Confidential Parties remain confidential, or parties will be discouraged from participating in the Sale Process and future transactions (if any) with the Debtor.

17. Kirkland will not represent any of the Confidential Parties in connection with any matter in this chapter 11 case. Accordingly, the Debtor and Kirkland do not believe that Kirkland's representations of the Confidential Parties in matters unrelated to the Debtor precludes Kirkland from meeting the disinterestedness standard under the Bankruptcy Code.

18. Kirkland has recognized (and has been responsive to) its disclosure obligations under the Bankruptcy Code and narrowly tailored the request set forth in this motion to protect only the kind of commercially sensitive information that is entitled to be protected under

section 107 of the Bankruptcy Code. Indeed, Kirkland disclosed numerous connections to Potential Parties in Interest and requests authority to maintain the confidentiality of a limited number of Confidential Parties at this time.

19. As a result, the Debtor believes that, in addition to all that has been disclosed in the Kirkland Declaration, authorizing the names of the Confidential Parties to be filed under seal is the best method to ensure transparency with respect to information disclosure while still preventing the negative implications of public disclosure.

20. The Debtor requests authority for the Debtor and Kirkland to file redacted versions of the names of the Confidential Parties in the Kirkland Declaration. The Debtor will provide the Court and the United States Trustee for the District of Delaware (the "U.S. Trustee") with unredacted versions of the Kirkland Declaration.

21. This proposed format for disclosure is carefully tailored to provide appropriate levels of information in these chapter 11 cases while still maintaining confidentiality of "commercial information" where truly necessary.

22. Accordingly, the Court should permit the Debtor and Kirkland to file redacted versions of the names of the Confidential Parties in the Kirkland Declaration.

**Certification Pursuant to Local Rule 9018-1(d)**

23. To the best of the knowledge, information, and belief of the undersigned co-counsel and proposed co-counsel to the Debtor, this motion does not contain information subject to the Confidentiality Rights of another Holder of Confidentiality Rights (each as defined in Local Rule 9018-1(d)(iiii)).

**Notice**

24. The Debtor will provide notice of this motion to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the parties included on the Debtor's list of thirty (30)

largest unsecured creditors; (c) the office of the attorney general for each of the states in which the Debtor operates; (d) the United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) counsel to TRAG, LLC and RG Energy, LLC; (g) counsel to Omnis Fuel Technologies, LLC d/b/a Omnis Energy and Quantum Pleasants, LLC; and (h) any party that is entitled to notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtor submits that no other or further notice is required.

**No Prior Request**

25. No prior request for relief sought in this motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtor requests entry of the Order, substantially in the forms attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated: October 12, 2026
Wilmington, Delaware


*/s/ S. Alexander Faris*
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Andrew L. Magaziner (DE Bar No. 5426)
Robert F. Poppiti, Jr. (DE Bar No. 5052)
S. Alexander Faris (DE Bar No. 6278)
James C. Diver (DE Bar No. 7568)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Email: amagaziner@ycst.com
rpoppiti@ycst.com
afaris@ycst.com
jdiver@ycst.com

*Co-Counsel for the Debtor*
*and Debtor in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: joshua.sussberg@kirkland.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Alexandra F. Schwarzman, P.C. (admitted *pro hac vice*)
Gabriela Z. Hensley (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: alexandra.schwarzman@kirkland.com
gabriela.hensley@kirkland.com

*Proposed Co-Counsel for the Debtor*
*and Debtor in Possession*