**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| OMNIS PLEASANTS, LLC,[1] | ) | Case No. 26-11169 (KBO) |
| Debtor. | ) | **Sale Hearing: November 18, 2026, at 10:00 a.m. (ET)** |
| | ) | **Sale Objection Deadline: November 12, 2026, at 4:00 p.m. (ET)** |
| | ) | **Contract Objection Deadline: November 25, 2026, at 4:00 p.m. (ET)** |
| | ) | **Auction Results Objection Deadline: At the Sale Hearing** |

**AMENDED AND SUPPLEMENTAL NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On August 13, 2026, the Debtor filed the *Debtor's Motion for Entry of an Order (I) Approving the Auction and Bidding Procedures for the Sale of the Debtor's Assets, (II) Scheduling Certain Dates and Deadlines Related Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Authorizing the Debtor to Designate a Stalking Horse Bidder and Offer Bid Protections Related Thereto, (V) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (VI) Approving the Sale of Assets, and (VII) Granting Related Relief* [Docket No. 86] (the "Bidding Procedures Motion"),[2] seeking authority from the Court to, among other things, (i) market and sell the Debtor's Assets free and clear of liens, claims, encumbrances, and other interests, with all such liens, claims, encumbrances and other interests attaching with the same validity and priority to the applicable sale proceeds (the "Sale"), and (ii) in connection with the Sale, conduct an auction (if required) (the "Auction") and assume and assign certain executory contracts and unexpired leases.

On September 14, 2026, the Court entered an order [Docket No. 265] (the "Bidding Procedures Order") approving, among other things, the bidding procedures attached to the Bidding Procedures Order as Exhibit 1 (the "Bidding Procedures"), which establish certain key dates and times related to the Sale, the Auction, and the Debtor's potential assumption and assignment of certain executory contracts and unexpired leases. All interested parties should carefully read the Bidding Procedures Order and the Bidding Procedures in their entirety.[3]

---

1 The last four digits of the Debtor's tax identification number are 2673. The location of the Debtor's principal place of business and the Debtor's service address is One Power Station Boulevard, Belmont, West Virginia, 26134.

2 Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Bidding Procedures Order or the Bidding Procedures, as applicable.

3 To the extent of any inconsistencies between the Bidding Procedures Order and the Bidding Procedures and the summary descriptions of the Bidding Procedures Order and the Bidding Procedures in this notice, the terms of the Bidding Procedures Order and the Bidding Procedures shall control in all respects.

Pursuant to the Bidding Procedures and the Bidding Procedures Order, on September 29, 2026, the Debtor filed the *Notice of Potential Assumption and Assignment of Executory Contracts and Unexpired Leases* [Docket No. 292], which provided notice of an initial list of executory contracts and unexpired leases, attached thereto as Schedule 1, to be potentially assumed and assigned in connection with a Sale Transaction (the "Initial Potential Assumption List"). The Bidding Procedures Order and Bidding Procedures specify that the Debtor may amend or otherwise supplement the Initial Potential Assumption List.

Pursuant to the Bidding Procedures and the Bidding Procedures Order, the Debtor hereby amends and supplements the Initial Potential Assumption List as reflected on **Schedule 1** attached hereto (the "Amended and Supplemental Potential Assumption List"). The Amended and Supplemental Potential Assumption List (i) amends the names of certain contract counterparties listed on the Initial Potential Assumption List and (ii) supplements the Initial Potential Assumption List with an additional executory contract (the "Supplemental Contract"). For the convenience of the Court and all parties-in-interest, a blackline comparison of the Amended and Supplemental Potential Assumption List against the Initial Potential Assumption List is attached hereto as **Schedule 2** and expressly identifies the Supplemental Contract.

The Debtor has indicated on the Amended and Supplemental Potential Assumption List the cure amounts, if any, that the Debtor believes must be paid to cure any defaults and any other amounts that must be satisfied, pursuant to section 365 of the Bankruptcy Code, with respect to the Supplemental Contract that is to be potentially assumed and assigned in connection with the proposed Sale Transaction (in each instance, the "Cure Amount").

The Amended and Supplemental Potential Assumption List includes executory contracts and unexpired leases that were previously listed on the Initial Potential Assumption List. If a contract or lease was listed on the Initial Potential Assumption List, and such contract or lease and the associated Cure Amount remain unchanged in the Amended and Supplemental Potential Assumption List, the objection deadlines set forth in the Initial Potential Assumption List continue to apply, and the mere listing of such contract or lease on the Amended and Supplemental Potential Assumption List does not in any way alter or extend such deadlines for the counterparties to such contracts and leases, including the Contract Objection Deadline, which has previously passed.

Any objection to (i) the proposed Cure Amount or (ii) the potential assumption and assignment of the Supplemental Contract (a "Contract Objection") must (a) be in writing, (b) set forth the specific monetary amount the objector asserts to be due, and the specific types of the alleged defaults, pecuniary losses, and other amounts and conditions to the Debtor's potential assumption and assignment of such Supplemental Contract and the support therefor (to the extent such amounts differ from the Cure Amount), (c) attach any applicable documentation in support of such Contract Objection, (d) be filed with the Court, and (e) be served on the following (collectively, the "Notice Parties") by no later than **November 25, 2026, at 4:00 p.m. (prevailing Eastern Time)** (the "Contract Objection Deadline"): (a) the Debtor, Omnis Pleasants d/b/a Pleasants Power Station, One Power Station Boulevard, Belmont, West Virginia, 26134, Attn: David Hindman (david.hindman@pleasantspower.com); (b) proposed co-counsel to the Debtor, Kirkland & Ellis LLP, Attn: Joshua A. Sussberg, P.C. (joshua.sussberg@kirkland.com), Alexandra F. Schwarzman, P.C. (alexandra.schwarzman@kirkland.com), Gabriela Z. Hensley (gabriela.hensley@kirkland.com), and Megan C. Feeney (megan.feeney@kirkland.com);

(c) co-counsel to the Debtor, Young Conaway Stargatt & Taylor, LLP, Attn: Andrew L. Magaziner (amagaziner@ycst.com), Robert F. Poppiti, Jr. (rpoppiti@ycst.com), and S. Alexander Faris (afaris@ycst.com); and (d) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Benjamin Hackman (benjamin.a.hackman@usdoj.gov).

The Auction is scheduled for **Thursday, November 12, 2026, at 10:00 a.m. (prevailing Eastern Time)**. The Debtor shall file a notice identifying the Successful Bidder and any Backup Bidder with the Court and serve such notice upon parties as soon as reasonably practicable after closing the Auction but no later than two (2) calendar days after the Debtor selects a Successful Bidder. Any Contract Objection to (i) the identity of the Successful Bidder or (ii) the ability of the Successful Bidder to provide adequate assurance of future performance with respect to the Supplemental Contract that is to be potentially assumed and assigned in connection with the proposed Sale Transaction (an "Auction Results Objection") shall be made no later than at the Sale Hearing (the "Auction Results Objection Deadline").

Unless a Contract Objection is timely and properly filed and served before the Contract Objection Deadline, or an Auction Results Objection is timely and properly made by the Auction Results Objection Deadline, the Contract Counterparty to the Supplemental Contract on the Amended and Supplemental Potential Assumption List shall be: (i) forever barred from objecting to the Cure Amount and from asserting any other amounts, defaults, conditions, or pecuniary losses that must be cured or otherwise satisfied in order for such Contract to be assumed and assigned pursuant to section 365 of the Bankruptcy Code, or that there is any objection or defense to the assumption and assignment of such Contract, and the Debtor, the Successful Bidder(s), and any Backup Bidder shall be entitled to rely solely upon the Cure Amount; and (ii) deemed to have consented to any assumption and assignment to the Successful Bidder(s) or the Backup Bidder, as applicable, of such Contract.

Where a Contract Counterparty for the Supplemental Contract timely and properly files a Contract Objection asserting a cure amount higher or different than the proposed Cure Amount (the "Disputed Cure Amount"), then (y) the cure amount shall be as agreed between the parties or (z) to the extent the parties are unable to consensually resolve the dispute, then the amount to be paid under section 365 of the Bankruptcy Code with respect to such Disputed Cure Amount will be determined at a hearing date as fixed by the Court.

***If you agree with the Cure Amount indicated on Schedule 1 and otherwise do not object to the Debtor's assignment of such Contract, you need not take any further action.***

**Inclusion of any document on the Amended and Supplemental Potential Assumption List shall not constitute or be deemed to be a determination or admission that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code, and all rights with respect thereto are being expressly reserved.**

The Sale Hearing to consider the proposed Sale Transaction will be held before the Honorable Karen B. Owens on **November 18, 2026, at 10:00 a.m. (Prevailing Eastern Time)**, or such other date as determined by the Court, at the Court, 824 N. Market Street, 6th Floor, Courtroom No. 3, Wilmington, Delaware 19801. The Sale Hearing may be adjourned by the

Debtor from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing or by including such adjournment on any agenda filed with the Court or by the filing of a notice with the Court.

Copies of the Bidding Procedures Order, and other documents related thereto, are available upon visiting the Debtor's restructuring website at https://cases.stretto.com/pleasantspowerstation.

Dated: November 11, 2026
Wilmington, Delaware

*_/s/ Andrew L. Magaziner_*
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Andrew L. Magaziner (DE Bar No. 5426)
Robert F. Poppiti, Jr. (DE Bar No. 5052)
S. Alexander Faris (DE Bar No. 6278)
James C. Diver (DE Bar No. 7568)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Email: amagaziner@ycst.com
rpoppiti@ycst.com
afaris@ycst.com
jdiver@ycst.com

*Co-Counsel for the Debtor*
*and Debtor in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: joshua.sussberg@kirkland.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Alexandra F. Schwarzman, P.C. (admitted *pro hac vice*)
Gabriela Z. Hensley (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: alexandra.schwarzman@kirkland.com
gabriela.hensley@kirkland.com

*Co-Counsel for the Debtor*
*and Debtor in Possession*